IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Blockquarry Corp. f/k/a ISW Holdings, Inc.,<br><br>    Plaintiff,<br><br>v.<br><br>Litchain Corp. and Gaffney Board of Public Works,<br><br>    Defendants. | C/A No.: 7:23-cv-01427-TMC<br><br>**PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>**(expedited hearing requested)** |

Plaintiff Blockquarry Corp. f/k/a ISW Holdings, Inc. ("Plaintiff" or "Blockquarry"), by and through its undersigned counsel, hereby moves on an emergency basis pursuant to F ED. R. C IV. P. 65 for a temporary restraining order (TRO) and preliminary injunction against Defendant Litchain Corp. ("Defendant Litchain") and/or Defendant Gaffney Board of Public Works (the "Utility") as follows:

A. Ordering the immediate return to Blockquarry of the Deposit, or the deposit of the same with the Court for safeguarding during the pendency of this action, as described in Blockquarry's Complaint in the case at bar;

B. enjoining the Utility from returning the Deposit to Litchain;

C. requiring Defendant Litchain and/or the Utility to immediately return to Blockquarry or deposit at a safe storage facility the personal property on the Premises, including the Bitcoin mining pods, the distribution transformers, and other personal property not affixed to the Premises, as further described in Blockquarry's Complaint;

D. enjoining the Utility from returning the personal property on the Premises to Defendant Litchain; and

 E. awarding any other relief the Court deems appropriate.

Plaintiff respectfully requests an expedited hearing, if the Court deems a hearing necessary, given the exigencies of the situation. Per Local Civ. Rule 7.02, Plaintiff's undersigned counsel affirms that he has conferred with counsel for Defendants and/or Defendants themselves in a good-faith attempt to resolve the matter contained in this Motion, but has been unable to do so. Plaintiff has contemporaneously filed a supporting Memorandum of Law in accordance with Local Civ. Rule 7.04 (D.S.C.).

 In support of this Motion, Plaintiff avers as follows:

1. Plaintiff filed a Summons and Complaint in this Court against Defendant Litchain and the Utility, seeking *inter alia* the issuance of an Order for injunctive relief to enjoin the unlawful restraint, conversion, and dissipation of funds and personal property to which Plaintiff is entitled. The allegations of the Complaint are incorporated herein by reference.

2. In connection with the filing of this Motion, Plaintiff is serving notice thereof on Defendant Litchain by providing copies of the Summons, Complaint, this Motion, and all supporting exhibits via hand delivery and by mail to Defendant Litchain's registered agent in South Carolina.

3. In connection with the filing of this Motion, Plaintiff is serving notice thereof on the Utility by providing copies of the Summons, Complaint, this Motion, and all supporting exhibits via hand delivery and by mail to the Utility's headquarters in Gaffney, South Carolina.

4. Should either or both Defendants not respond, Plaintiff requests that the Court grant *ex parte* injunctive relief under FED. R. CIV. P. 65(b)(1) for the reasons explained herein, in the Complaint, and in all other supporting documentation.

5. Plaintiff has shown a likelihood of success on the merits. As shown in Plaintiff's Complaint, Plaintiff is legally entitled to the Deposit funds and personal property that Defendants have unlawfully retained without justification. Moreover, Defendant Litchain can provide no rational and legally sufficient justification for its demands for additional payment.

6. Plaintiff is without an adequate remedy at law in this matter, as the imminent dissipation of the Deposit may render the funds practically unrecoverable, and the personal property consists primarily of sensitive electronics which are subject to irreparable damage if not properly maintained. Further, Plaintiff and its clients use that property in the course of business to mine cryptocurrency and thereby generate profit; damages are presently accruing because Plaintiff and its clients are unable to use the property.

7. Greater harm will result from the denial of the injunction than from the grant of the injunction.

8. Plaintiff will suffer immediate and irreparable harm if injunctive relief is not soon granted, both in the form of lost business profits and the likely dissipation of Plaintiff's funds if the Deposit funds are transmitted to Defendant Litchain.

9. Neither Defendant will suffer harm from *ex parte* relief in that (i) neither Defendant has a legitimate claim to the Deposit or property sought to be preserved herein, and (ii) the Deposit and property can be preserved during the pendency of these proceedings. Therefore, the balance of equities weighs in favor of granting this temporary restraining order and preliminary injunctive relief.

10. Granting the preliminary relief requested is in the public interest, as neither Defendant has a right to benefit from the unlawfully retained Deposit and property at the expense of Plaintiff's lawful entitlement thereto, and such conduct should properly be prohibited.

11. In support of this Motion, Plaintiff relies upon the authorities and arguments set forth in its accompanying memorandum in support, the allegations set forth in its Complaint, and the accompanying Declaration of Alonzo Pierce.

WHEREFORE, Plaintiff respectfully requests that this Court grant this Motion and issue a temporary restraining order and preliminary injunction against Defendant Litchain and/or the Utility as follows:

A. Ordering the immediate return to Blockquarry of the Deposit, or the deposit of the same with the Court for safeguarding during the pendency of this action, as described in Blockquarry's Complaint in the case at bar;

B. enjoining the Utility from returning the Deposit to Litchain;

C. requiring Defendant Litchain and/or the Utility to immediately return to Blockquarry or deposit at a safe storage facility the personal property on the Premises, including the Bitcoin mining pods, the distribution transformers, and other personal property not affixed to the Premises, as further described in Blockquarry's Complaint;

D. enjoining the Utility from returning the personal property on the Premises to Defendant Litchain; and

E. awarding any other relief the Court deems appropriate.

*~ Signature Page to Follow ~*

|  |  |
|---|---|
|  | Respectfully submitted, |
| April 10, 2023 | FOX ROTHSCHILD LLP |
|  | 2 W. Washington Street<br>Suite 1100<br>Greenville, SC 29601<br>Tel:  864.751.7600 |
| Greenville, South Carolina | */s/William A. Neinast*<br>R. Taylor Speer<br>Federal ID# 12267<br>tspeer@foxrothschild.com |
|  | William A. Neinast<br>Federal ID# 13172<br>wneinast@foxrothschild.com |
|  | *Attorneys for Plaintiff Blockquarry Corp. f/k/a ISW Holdings, Inc.* |

5