# LITCHAIN CORP
*a Florida Profit Corporation*
## NON-DISCLOSURE CONFIDENTIALITY AND
## NON-CIRCUMVENTION AGREEMENT

THIS CONFIDENTIALITY AND NON-CIRCUMVENTION AGREEMENT (this "Agreement") is made as of this 21st day of July, 2021 (the "Effective Date") by and between LITCHAIN CORP a Florida Profit Corporation with a principal place of business at 3415 W. Lake Mary Blvd, Suite 950702, Lake Mary, FL 32795, (the "Disclosing Party") and Gaffney Board Of Public Works, a South Carolina Power, Water, and Wastewater Utility, with a principal address of 210 E Frederick Street, Gaffney SC 29340 (the "Recipient"). The Disclosing Party and Recipient are sometimes collectively referred to herein as the "Parties" and individually as a "Party".

**WHEREAS**, the Parties wish to discuss the potential business transaction described in Exhibit "A" attached hereto and incorporated herein by this reference (the "Purpose"); and

**WHEREAS**, in connection with the Purpose, the Disclosing Party will or may (1) provide Recipient with access to the Disclosing Party's Confidential Information (as defined in Section 1. below); and (2) introduce Recipient to certain business contacts and relationships of the Disclosing Party's (each a "Disclosing Party Contact").

**NOW, THEREFORE**, in consideration of the mutual promises set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto agree as follows:

1. **Confidential Information.** For the purposes of this Agreement, "Confidential Information" shall include all nonpublic information of any type or character that is either disclosed, directly or indirectly, before or after the Effective Date, to the Recipient or with which the Recipient comes into contact or is provided access to in connection with the Purpose. Confidential Information may include, but shall not be limited to, (i) all information relating to the Disclosing Party's business and operations including, but not limited to, business plans, financial records, customers, suppliers, vendors, products, product samples, costs, sources, strategies, inventions, procedures, sales aids or literature, sales data, technical advice or knowledge, contractual agreements, pricing, price lists, product specifications, trade secrets, procedures, distribution methods, inventories, marketing strategies and interests, advertising, algorithms, data, designs, drawings, work sheets, blueprints, concepts, manufacturing processes, computer programs and systems and know-how or other intellectual property of the Disclosing Party and its affiliates that may be at any time furnished, communicated, delivered to or accessed by the Recipient, whether in oral, tangible, electronic or other form; (ii) the terms of any agreement, including this Agreement, and the discussions, negotiations and proposals related to any agreement; (iii) information acquired during any tours of the Disclosing Party's facilities; and (iv) all other non-public information provided by the Disclosing Party to the Recipient including, but not limited, to financial, technical and business information. This Agreement shall not require the Disclosing Party to disclose any of its Confidential Information.

2. **Use and Disclosure of Confidential Information.** Recipient shall use the Confidential Information solely in connection with the Purpose and for no other reason. Recipient may not disclose or permit access to the Confidential Information to any third party, nor use such information for the benefit of Recipient or any other party other than for the Purpose. Recipient shall only disclose the Confidential information to its employees and agents who need to know such Confidential Information in connection with the Purpose. Prior to any such disclosure or access, each such employee or agent shall be informed of the confidential nature of the

1

**Nondisclosure and Non-Circumvention Agreement - Ex. 1**

Confidential Information and shall agree in writing to be bound by the terms of this Agreement. Recipient shall hold the Confidential Information in strict confidence and safeguard the information from unauthorized access or dissemination using the same degree of care it uses to protect its most sensitive information, but in no event less than a reasonable degree of care. Recipient shall remain responsible for breaches of this Agreement arising from the acts of its employees and agents. Recipient shall promptly notify the Disclosing Party in writing of any unauthorized access, use, or dissemination of Confidential Information; and take all commercially reasonable steps to minimize the impact thereof and to prevent any further unauthorized access, use, or distribution.

3. **Term.** This Agreement shall commence as of the Effective Date and continue for a minimum period of three (3) years thereafter, and for a period of two (2) years following the later of (i) the completion of Disclosing Party's dissemination of confidential information to Recipient, (ii) the completion of the transactions contemplated by the Purpose, or (iii) the termination of discussions regarding the Purpose. Notwithstanding the foregoing, to the extent that any Confidential Information can be considered a trade secret, this Agreement shall continue to remain in full force and effect with respect thereto until such time, if ever, that the information loses its trade secret status other than due to an act or omission by or on behalf of Recipient.

4. **Ownership and Return or Destruction of Confidential Information.** All Confidential Information furnished to Recipient by or on behalf of the Disclosing Party shall be and remain the exclusive property of the Disclosing Party. Recipient shall promptly return or, at Disclosing Party's option, certify destruction of all copies of Confidential Information in its possession or control at any time upon the written request of the Disclosing Party or within thirty (30) days following the expiration or termination of this Agreement.

5. **No Representations or Warranties.** The Confidential Information provided by or on behalf of the Disclosing Party hereunder is provided without any representation or warranty of any kind, expressed or implied, including without limitation as to its accuracy or completeness. The Disclosing Party shall have no liability to Recipient and/or any of Recipient's employees, affiliates, agents, or assigns, regarding Recipient's receipt and/or use of any of the Confidential Information, or any errors contained therein or omissions therefrom.

6. **Non-Circumvention.** Recipient is prohibited from doing any of the following, either directly or indirectly through an affiliate, employee, third-party agent, or otherwise, without the Disclosing Party's prior written consent (which consent shall be at Disclosing Party's sole discretion) in each instance:
    (a) Enter into any deal or other transaction with a Disclosing Party Contact that (i) is the same as, substantially similar to, or in competition with the potential transaction(s) contemplated by the Purpose or being discussed hereunder; or (ii) is otherwise reasonably capable of having the effect of preventing the Disclosing Party from deriving the full benefit of any such transaction(s) (each, a "Prohibited Transaction");
    (b) Solicit or otherwise encourage any Disclosing Party Contact to enter into any Prohibited Transaction; or
    (c) Solicit, procure, induce, or otherwise encourage any of its employees, affiliates, or agents, and/or any third party, to enter into any Prohibited Transaction or to respond to any solicitation to enter into any Prohibited Transaction.

7. **Equitable Relief.** Recipient acknowledges and agrees that in the event of a breach or threatened breach of any provision of this Agreement, the Disclosing Party will suffer irreparable harm for which it will not have an adequate remedy at law. Therefore, the Disclosing Party shall be entitled to seek to enforce any provision of this Agreement by temporary or permanent injunctive or mandatory relief obtained in any court without

the necessity of posting any bond or other security or proving damages, and without prejudice or diminution of any other rights or remedies which may be available at law or in equity.

8. **No License.** The Receiving Party acknowledges and agrees that no right or license is granted to the Receiving Party in relation to any part of the Disclosing Party's Confidential Information. This Agreement does not grant any intellectual property rights or licenses (express or implied), including without limitation rights to patents, patent applications, trademarks, copyright, or trade secrets to the Receiving Party.

9. **No Obligation or Partnership.** Each Party agrees that neither the holding of discussions between the Parties nor the Disclosing Party's furnishing of Confidential Information hereunder shall be construed as an obligation to enter into any other business arrangement or agreement with the other Party, and no such obligation shall exist until such time that a separate, written agreement has been executed by authorized representatives of both Parties. This Agreement does not create any agency, partnership or joint venture relationship between the Parties.

10. **Severability.** In the event that any term of this Agreement is deemed to be invalid, illegal, or otherwise unenforceable (1) the Parties shall use all reasonable efforts to negotiate in good faith to amend the term to eliminate any such invalidity, illegality, or unenforceability to the extent practically possible, taking into full account their original intent when entering into this Agreement in the first instance, and (2) the remaining provisions hereof shall continue in full force and effect.

11. **Governing Law and Venue.** Any and all matters of dispute between the Parties to this Agreement and all questions relating to its validity, interpretation, remediation and enforcement, whether arising from the Agreement itself or from alleged extra-contractual dealings, interactions, or facts prior to or subsequent to the formation of the Agreement, shall be governed by, and the rights and responsibilities of the parties construed and enforced in accordance with, the laws of the State of Florida, regardless of the legal theory upon which such matter is asserted and without regard to its conflict of laws principles. The parties hereby agree that any action arising out of this Agreement will be brought solely in any state or federal court located in Seminole County, Florida. Both Parties hereby submit to the exclusive jurisdiction and venue of any such court.

12. **Attorney's Fees.** The Disclosing Party shall be entitled to recover reasonable attorney's fees and costs in conjunction with any successful action brought to enforce or interpret this Agreement.

13. **Waiver.** No waiver of any term or right in this Agreement shall be effective unless in writing, signed by an authorized representative of the Disclosing Party. The failure of the Disclosing Party to enforce any provision of this Agreement shall not be construed as a waiver or modification of such provision, or impairment of its right to enforce such provision thereafter.

14. **Entire Agreement; Modification.** This Agreement, and any Exhibits or attachments hereto, is the entire agreement between the Parties with respect to its subject matter and supersedes any prior agreements or communications between the parties, whether written, oral, electronic, or otherwise. No representation, inducement, or promise has been made or relied upon by either Party in entering into this arrangement other than as specifically set forth herein. This Agreement may be modified only by a written amendment signed by an authorized representative of each Party.

**Nondisclosure and Non-Circumvention Agreement - Ex. 1**

[GAFFNEY BOARD OF PUBLIC WORKS]

Print: Cory Cox

By: *Cory Cox* (Cory Cox (Aug 25, 2021 09:44 EDT))
Title: Operations Engineer
Date: Aug 25, 2021

[GAFFNEY BOARD OF PUBLIC WORKS]

Print: Brad Wright

By: *bradford wright* (bradford wright (Aug 25, 2021 10:31 EDT))
Title: Electrical Supt
Date: Aug 25, 2021

LITCHAIN CORP

Print: Tony Tate

By: (Tony Tate (Aug 25, 2021 10:33 EDT))
Title: President
Date: Aug 25, 2021

4

**Nondisclosure and Non-Circumvention Agreement - Ex. 1**

## Exhibit A.

## PURPOSE

To explore the viability of a Blockchain Mining Operation within the service Area of Gaffney Board of Public Works Gaffney Board Of Public Works, a South Carolina Power, Water, and Wastewater Utility, with a principal address of 210 E Frederick Street, Gaffney SC 29340 for Litchain Corp a Florida For Profit Corporation with a principal place of business at 3415 W. Lake Mary Blvd, Suite 950702, Lake Mary, FL 32795; and/or it's service providers; including but not limited to it it's Contractors and Service Providers, TBD.

# GBPW-Confidentiality and Non-Circumvention Agreement-B2B-08-2021

Final Audit Report                                                    2021-08-25

| | |
|---|---|
| Created: | 2021-08-25 |
| By: | Tony Tate (Secretary@LitchainCorp.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAA4dFc0UC6NFtQiZ8zMR9SV14GYtzNdayB |

## "GBPW-Confidentiality and Non-Circumvention Agreement-B2B-08-2021" History

- Document created by Tony Tate (Secretary@LitchainCorp.com)
  2021-08-25 - 11:04:44 AM GMT- IP address: 194.5.215.90

- Document emailed to Cory Cox (ccox@gbpw.com) for signature
  2021-08-25 - 11:06:43 AM GMT

- Email viewed by Cory Cox (ccox@gbpw.com)
  2021-08-25 - 11:07:08 AM GMT- IP address: 24.241.145.194

- Document e-signed by Cory Cox (ccox@gbpw.com)
  Signature Date: 2021-08-25 - 1:44:18 PM GMT - Time Source: server- IP address: 24.241.145.194

- Document emailed to bradford wright (bwright@gbpw.com) for signature
  2021-08-25 - 1:44:19 PM GMT

- Email viewed by bradford wright (bwright@gbpw.com)
  2021-08-25 - 2:30:58 PM GMT- IP address: 24.241.145.194

- Document e-signed by bradford wright (bwright@gbpw.com)
  Signature Date: 2021-08-25 - 2:31:54 PM GMT - Time Source: server- IP address: 24.241.145.194

- Document emailed to Tony Tate (ttate@litchaincorp.com) for signature
  2021-08-25 - 2:31:56 PM GMT

- Email viewed by Tony Tate (ttate@litchaincorp.com)
  2021-08-25 - 2:32:21 PM GMT- IP address: 194.5.215.106

- Document e-signed by Tony Tate (ttate@litchaincorp.com)
  Signature Date: 2021-08-25 - 2:33:17 PM GMT - Time Source: server- IP address: 194.5.215.106

 Adobe Sign

Nondisclosure and Non-Circumvention Agreement - Ex. 1

✓ Agreement completed.
2021-08-25 - 2:33:17 PM GMT

Adobe Sign

**Nondisclosure and Non-Circumvention Agreement - Ex. 1**