IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Blockquarry Corp. f/k/a ISW Holdings, Inc., | Civil Action No. 7:23-cv-01427-TMC |
| Plaintiff, | |
| v. | **AFFIDAVIT OF VIRGINIA P. BOZEMAN** |
| Litchain Corp. and Gaffney Board of Public Works, | |
| Defendants. | |
| Gaffney Board of Public Works, | |
| Defendant/Counter and Cross Claimant, | |
| v. | |
| Blockquarry Corp. f/k/a ISW Holdings, Inc., | |
| Counterclaim Defendant, | |
| and | |
| Litchain Corp., | |
| Crossclaim Defendant. | |

**PERSONALLY APPEARED BEFORE ME**, the undersigned, who after being duly sworn, deposes and says:

1. My name is Virginia P. Bozeman, and along with Lawrence E. Flynn III, I am counsel of record for Gaffney Board of Public Works, South Carolina ("Gaffney BPW") and have been at all times relevant to the facts stated in this affidavit.

2. Plaintiff, Blockquarry Corp. f/k/a ISW Holdings, Inc. ("Blockquarry"), filed its Complaint for Declaratory Judgment, Injunction, and Damages (the "Complaint") on April 7,

2023, alleging in part that it was entitled to the return of a utility deposit held by Gaffney BPW and to cryptocurrency mining equipment and other personal property padlocked onsite at 150 Hyatt Place, Gaffney, South Carolina (the "Premises"), property owned by Gaffney BPW.

3. Blockquarry filed Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction ("Plaintiff's Motion for Preliminary Injunction") the same date, in which it sought the immediate return of the above-referenced utility deposit, cryptocurrency mining equipment, and other personal property.

4. Gaffney BPW was served with the Complaint and Plaintiff's Motion for Preliminary Injunction on April 11, 2023, making the deadline for filing a responsive pleading May 2, 2023. The deadline for filing a response to Plaintiff's Motion for Preliminary Injunction was presumably April 25, 2023.

5. On April 12, 2023, the Court entered a text order denying Blockquarry's *ex parte* Emergency Motion for Temporary Restraining Order because it found Blockquarry had not demonstrated immediate and irreparable harm in the absence of a court order mandating the immediate release of the utility deposit, cryptocurrency mining equipment, and other personal property. (ECF No. 9).

6. The text order additionally admonished that "any party that engages in spoliation of evidence or waste of personal property at issue in this action, or otherwise dissipates such personal property, tangible or intangible, pending an order of this court does so at its own peril and the court reserves the right to sanction any such conduct." (ECF No. 9).

7. At the time it was served with the Complaint and Plaintiff's Motion for Preliminary Injunction, Gaffney BPW intended to file a counterclaim and crossclaim for interpleader of the

remaining utility deposit, cryptocurrency mining equipment, and any additional personal property padlocked on the Premises.

8. As intended, Gaffney BPW timely filed its Answer to Plaintiff's Complaint and Counterclaim and Crossclaim for Interpleader, Declaratory Judgment, and Breach of Contract (the "Answer, Counterclaim, and Crossclaim") on May 1, 2023.

9. Due to Gaffney BPW's intent to file a counterclaim and crossclaim for interpleader relating to the utility deposit, cryptocurrency mining equipment, and other personal property padlocked on the Premises, which would obviate any claim of irreparable harm due to Gaffney BPW's alleged retention of the property, and the Court's findings in its text order relating to Blockquarry's failure to demonstrate irreparable harm for purposes of an *ex parte* ruling, I determined filing a formal response to Plaintiff's Motion for Preliminary Injunction was unnecessary and not the best use of Gaffney BPW's resources.

10. Following the filing of the Complaint but prior to Gaffney BPW's submission of its Answer, Counterclaim, and Crossclaim, attorneys for Bitmain and BEEQB LLC, third parties claiming to own cryptocurrency mining equipment padlocked on the Premises, began reaching out to Gaffney BPW regarding the return of the equipment.

11. Due to the continued demands of Bitmain and BEEQB LLC for the return of their equipment, on May 9, 2023, counsel for Blockquarry and I agreed that addressing these claims in a response to Plaintiff's Motion for Preliminary Injunction would be the quickest manner in which to potentially obtain a court order addressing the disposition of the cryptocurrency mining equipment pending the resolution of the remaining claims.

12. Since that date, I have worked with counsel for Blockquarry, Bitmain, and BEEQB LLC regarding the specific equipment padlocked on the Premises to which each claimant asserts an ownership interest.

13. I have also reached out to Tony Tate with Litchain Corp. for a list of cryptocurrency mining equipment and other personal property locked on the Premises to which the company claims an ownership interest. Mr. Tate claims to own forty-one of the machines locked in the Premises but has not provided an inventory identifying these machines by type and serial number.

14. Defendant/Counterclaimant/Crossclaimant Gaffney Board of Public Works' Motion to Alter Time for Responding to Plaintiff's Motion for Preliminary Injunction has been filed in a good faith effort to expedite the distribution of the cryptocurrency mining equipment and other personal property padlocked on the Premises in a manner that is court sanctioned and ensures the prompt return of the property to the rightful owner.

15. The deadline extension at issue has not been requested in an effort to delay the proceedings or otherwise prejudice the parties, and the acceptance of a late-filed response by this Court will not cause such a delay in the proceedings or prejudice to any party.

FURTHER THE AFFIANT SAYETH NOT.

*Virginia P. Bozeman*
Virginia P. Bozeman
Fed Bar No. 13479
Pope Flynn, LLC
Attorney for Gaffney BPW

SWORN to before me this 23 day of May, 2023

Notary Public of South Carolina
My Commission Expires: 7-26-31