IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Blockquarry Corp. f/k/a ISW Holdings, Inc., ) | Civil Action No. 7:23-cv-01427-TMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **DEFENDANT/COUNTERCLAIMANT/** |
| Litchain Corp. and Gaffney Board of Public ) | **CROSSCLAIMANT GAFFNEY** |
| Works, ) | **BOARD OF PUBLIC WORKS'** |
| ) | **MEMORANDUM OF LAW IN** |
| Defendants. ) | **SUPPORT OF ITS MOTION TO** |
| ) | **ALTER TIME FOR RESPONDING TO** |
| ) | **PLAINTIFF'S MOTION FOR** |
| Gaffney Board of Public Works, ) | **PRELIMINARY INJUNCTION** |
| ) | |
| Defendant/Counter and ) | |
| Cross Claimant, ) | |
| v. ) | |
| ) | |
| Blockquarry Corp. f/k/a ISW Holdings, Inc., ) | |
| ) | |
| Counterclaim Defendant, ) | |
| and ) | |
| ) | |
| Litchain Corp., ) | |
| ) | |
| Crossclaim Defendant. ) | |
| ) | |

Comes now Defendant/Counterclaimant/Crossclaimant, Gaffney Board of Public Works, South Carolina ("Gaffney BPW"), and submits this Memorandum of Law in Support of its Motion to Alter Time for Responding to Plaintiff's Motion for Preliminary Injunction:

## **INTRODUCTION**

Gaffney BPW seeks an approximate twenty-nine day extension of the deadline for responding to Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction ("Plaintiff's Motion for Preliminary Injunction"). Gaffney BPW seeks this extension

so that it can provide the Court with true and correct copies of cryptocurrency mining equipment inventories submitted by Plaintiff/Counterclaim Defendant Blockquarry Corp. f/k/a ISW Holdings, Inc. ("Blockquarry") and third parties Bitmain and BEEQB LLC for review. A similar inventory has been requested from Litchain Corp. ("Litchain") and will be submitted to the Court if provided. To the extent there are no conflicting claims for the return of the cryptocurrency mining equipment currently padlocked on property owned by Gaffney BPW located at 150 Hyatt Street,[1] Gaffney, South Carolina (the "Premises"), Gaffney BPW consents to an order partially granting Plaintiff's Motion for Preliminary Injunction that directs the distribution of the equipment in a manner that is consistent with these inventories.

Blockquarry consents to the requested deadline extension. For the reasons stated in the accompanying Affidavit of Virginia P. Bozeman, the deadline for responding to Plaintiff's Motion for Preliminary Injunction passed without the filing of a response because based on the information known at the time, a response was deemed unnecessary. (Affidavit of Virginia P. Bozeman ¶ 9). However, due to the ongoing claims of third parties for the return of the cryptocurrency mining equipment currently padlocked on the Premises, counsel for Blockquarry and Gaffney BPW agreed the most efficient manner to present these competing claims to the Court would be through the submission of the above-referenced inventories to the Court for review with a response to Plaintiff's Motion for Preliminary Injunction consenting to a court order distributing *unopposed* claims for the property in a manner that is consistent with those inventories.  (Affidavit of Virginia P. Bozeman ¶ 11).

Gaffney BPW seeks the requested extension in good faith. There are no deadlines currently in place, so none will be prejudiced by the late filing. None of the parties to this lawsuit

---

[1] Blockquarry's court filings misstate the address of the Premises as 154 Hyatt Street, Gaffney, South Carolina.

will be prejudiced either. Blockquarry has consented to the extension and would benefit from the entry of the consent order proposed by Gaffney BPW. Further, upon information and belief, Litchain has not been served. Once it has been served, it will have the opportunity to respond to the outstanding request for preliminary injunction and Gaffney BPW's response. Moreover, via its text order entered April 12, 2023, this Court indicated it would not decide how to proceed on Plaintiff's Motion for Preliminary Injunction until all parties had been served and had the opportunity to respond.

For the reasons stated herein, the actions of Gaffney BPW in delaying to file a response to Plaintiff's Motion for Preliminary Injunction amount to no more than excusable neglect, and its Motion to Alter Time for Responding to Plaintiff's Motion for Preliminary Injunction should be granted.

## STATEMENT OF FACTS

This lawsuit arises as the result of the operation of a cryptocurrency mining facility on the Premises. (ECF Nos. 1, 15). In September 2021, Gaffney BPW entered into a ground lease with Litchain for the use of the Premises as a cryptocurrency mining operation and entered into a separate "Special Agreement for Electric Utility Service to Litchain Corporation between Litchain and Gaffney BPW" (the "Utility Agreement") pursuant to which Litchain was to receive electrical utility services and certain economic incentives. *Id*. The Utility Agreement required Litchain to pay a deposit equal to the average of the anticipated two highest month's utility bills, so an electric utility deposit of $1,387,895.20 was paid to Gaffney BPW on behalf of Litchain. *Id*.

The ground lease required Gaffney BPW to approve all subleases in writing. *Id*. At some point after entering into the ground lease with Gaffney BPW, Litchain purported to sublease the

Premises to Blockquarry. *Id*. Litchain did not request Gaffney BPW's approval prior to entering into this sublease, and Gaffney BPW did not approve it. *Id*.

In January 2023, Gaffney BPW suspended electrical services to the Premises due to nonpayment of the utility bill. *Id*. Around the same time, Gaffney BPW provided written notice to Litchain that it was in default of the ground lease because without electrical services, Litchain could not operate a cryptocurrency mining facility as required by the lease, and because it had entered into a sublease with Blockquarry without Gaffney BPW's consent in violation of the ground lease. *Id*. Litchain was given sixty days to cure the default, and when it failed to do so, Gaffney BPW terminated the ground lease, padlocked the Premises, and closed Litchain's utility account. *Id*.

Following the termination of the ground lease and closure of the utility account, Gaffney BPW received claims from Blockquarry and Litchain for the return of the utility deposit and multiple claims for equipment left on the Premises, including requests from Blockquarry and Litchain. *Id*. Blockquarry eventually filed its Complaint for Declaratory Judgment, Injunction, and Damages (the "Complaint") on April 7, 2023, seeking the return of the utility deposit, the return of the equipment padlocked on the Premises, and other monetary damages arising out of the actions of Litchain. (ECF No. 1). Blockquarry served Gaffney BPW with this Complaint on April 11, 2023, and Gaffney BPW's answer was due May 2, 2023. (ECF No. 10). Gaffney BPW timely filed Defendant Gaffney Board of Public Works' Answer to Plaintiff's Complaint and Counterclaim and Crossclaim for Interpleader, Declaratory Judgment, and Breach of Contract on May 1, 2023. (ECF No. 15).

On April 10, 2023, Blockquarry filed Plaintiff's Motion for Preliminary Injunction. (ECF No. 7). The text entry included with the docket entry documenting the filing of the motion

indicated the response was due April 24, 2023. (ECF No. 7). Blockquarry served Gaffney BPW with this motion on April 11, 2023, at the same time it served it with its Complaint. (ECF No. 10). On April 12, 2023, the Court denied Blockquarry's *ex parte* request for a temporary restraining order and emergency hearing and held Blockquarry's request for a preliminary injunction in abeyance until Gaffney BPW and Litchain received notice and filed responses to the motion. (ECF No. 9). The Court then directed Blockquarry to file proof of service of its text order and the motion, after which it would determine how to address the request for preliminary injunction. *Id*.

On April 28, 2023, Blockquarry filed a certificate of service confirming counsel served counsel for Gaffney BPW with the text order via email on April 12, 2023. (ECF No. 14). Upon information and belief, to date, Litchain has not been served with the Complaint or Plaintiff's Motion for Preliminary Injunction. Neither Gaffney BPW nor Litchain have filed responses to the motion.

On May 23, 2023, Gaffney BPW filed an Amended Answer to Plaintiff's Complaint and Amended Counterclaim and Amended Crossclaim for Interpleader, Declaratory Judgment, and Breach of Contract. (ECF No. 23). In this amended pleading, Gaffney BPW reasserts its claims for interpleader and clarifies its request to interplead the cryptocurrency mining equipment at issue in the Complaint. (ECF No. 23). The relief sought by Gaffney BPW via interpleader in its amended counterclaim and amended crossclaim is consistent with the relief sought in the response to Plaintiff's Motion for Preliminary Injunction that it now wishes to file with the Court.

## LAW AND ARGUMENT

Pursuant to Rule 6 of the Federal Rules of Civil Procedure, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect." Under Fed R. Civ. P. 6(b)(1)(B). "'Excusable neglect' is not easily demonstrated nor was it intended to be." *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996). "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). "Rather, it may encompass delays caused by inadvertence, mistake or carelessness, at least when the delay was not long, there is no bad faith, there is no prejudice to the opposing party, and movant's excuse has some merit." *LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) (citing *Pioneer Inv. Servs. Co.*, 507 U.S. at 395) (in the context of bill of costs). "[T]he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co.*, 507 U.S. at 395 (in the context of Bankruptcy Rule 9006(b)(1), which was "patterned after Rule 6(b)"). These circumstances include "the danger of prejudice to the other side, the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* (citation and footnote omitted). The reason for the delay is the most important factor. *Colony Apartments v. Abacus Project Mgmt.*, 197 Fed. Appx. 217, 223 (4th Cir. 2006).

In addition, Local Civil Rule 6.01 requires all motions for an extension of time to be accompanied by an affidavit or other statement giving the reasons for the request. Local Civ. Rule 6.01 (D.S.C.). Said motions must also include: "(1) the date of the current deadline; (2) whether the deadline has previously been extended; (3) the number of additional days requested, as well as the proposed date of the new deadline; and (4) whether the extension requested would affect other deadlines." *Id*.

Pursuant to Local Civil Rule 7.06, Gaffney BPW's response to Plaintiff's Motion for Preliminary Injunction was due April 25, 2023, fourteen days after service. Local Civ. Rule 7.06 (D.S.C.). This deadline passed prior to May 1, 2023, the date Gaffney BPW timely filed its initial answer and counsel first entered an appearance on its behalf. Due to the assertions made by Gaffney BPW in its initial answer, counterclaim, and crossclaim, and this Court's denial of the *ex parte* request for an emergency temporary restraining order, counsel for Gaffney BPW did not deem a written response to Plaintiff's Motion for Preliminary Injunction necessary. (Affidavit of Virginia P. Bozeman, ¶ 9). However, due to the ongoing claims of third parties for the return of the servers currently locked on the Premises that continued to occur after the passage of the deadline for Gaffney BPW to respond to Plaintiff's Motion for Preliminary Injunction and after it filed its initial answer, counterclaim, and crossclaim, counsel for Blockquarry and Gaffney BPW determined that addressing the consensual release of that equipment to the uncontested owners through the submission of a response to Plaintiff's Motion for Preliminary Injunction would be the fastest and most efficient manner to bring the issue to the Court attention for potential resolution. (Affidavit of Virginia P. Bozeman, ¶ 11). The parties first agreed to this strategy on May 9, 2023, and since that time have been gathering the inventories and additional information

needed to ensure the servers and other equipment currently locked on the Premises are distributed to the proper parties. (Affidavit of Virginia P. Bozeman, ¶¶ 11-13).

This matter is in the very early stages of litigation. All parties have not yet been served. The Court has not entered a scheduling order. The delay in filing the response to Plaintiff's Motion for Preliminary Injunction has been less than a month, and the delay was the result of decisions that have not and will not prejudice the other parties or any outstanding deadlines. No prior requests for the extension of this deadline have been made. Finally, the delay and request for an extension of time has not been made in bad faith. Instead, allowing Gaffney BPW to proceed with filing its Response to Plaintiff's Motion for Preliminary Injunction will potentially facilitate the resolution of this matter and reduce the risk of unintended damage to the servers and other personal property currently locked on the Premises.

## CONCLUSION

For the reasons stated herein, Gaffney BPW's delay in responding to Plaintiff's Motion for Preliminary Injunction amounted to no more than excusable neglect. As such, an extension of the deadline for filing the response is appropriate. Gaffney BPW asks this Court for an order granting its Motion to Alter Time for Responding to Plaintiff's Motion for Preliminary Injunction and extending the deadline for responding to Plaintiff's Motion for Preliminary Injunction such that the Response of Defendant/Counterclaimant/Crossclaimant, Gaffney Board of Public Works, to Plaintiff's Motion for Preliminary Injunction, including the supporting Affidavit of Donnie L. Hardin, are accepted for filing as of the date of this request or can be formally filed within twenty-four hours of the entrance of the order granting Gaffney BPW's motion.

                        Respectfully submitted,

                        POPE FLYNN, LLC

May 23, 2023           By:   /s/ Virginia P. Bozeman
                                        Virginia P. Bozeman (Fed. Bar No. 13476)
                                        Lawrence E. Flynn III (Fed. Bar No. 14000)
                                        1411 Gervais Street, Suite 300
                                        Columbia, SC 29201
                                        Phone: (803) 354-4900
                                        Fax: (803) 354-4899
                                        gbozeman@popeflynn.com
                                        lflynn@popeflynn.com

                                        **ATTORNEYS FOR GAFFNEY BPW**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies this Memorandum was served on Plaintiff, Blockquarry Corp. f/k/a ISW Holdings, Inc., on May 23, 2023, via the Court's electronic filing system and on Defendant, Litchain Corp., electronically at litchaincorp@gmail.com and via U.S. Mail, postage prepaid, the same date, at the below last known address:

>Litchain Corp.
>Attn: Tony Tate
>118 1/2 Willis Plaza
>Gaffney, SC 29340

/s/ Virginia P. Bozeman