IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Blockquarry Corp. f/k/a ISW Holdings, Inc., | C/A No.: 7:23-cv-01427-TMC |
| Plaintiff, | |
| v. | |
| Litchain Corp. and Gaffney Board of Public Works, | |
| Defendants. | **PLAINTIFF'S ANSWER TO DEFENDANT GAFFNEY BOARD OF PUBLIC WORKS' AMENDED COUNTERCLAIM** |
| Gaffney Board of Public Works, | *(Jury Trial Demanded)* |
| Counter-/Cross-Claimant, | |
| v. | |
| Blockquarry Corp. f/k/a ISW Holdings, Inc., Counterclaim Defendant, and Litchain Corp., Crossclaim Defendant. | |

Plaintiff Blockquarry Corp. f/k/a ISW Holdings, Inc., by and through undersigned counsel, timely answers and interposes defenses to the allegations of the First Amended Counterclaim of Defendant Gaffney Board of Public Works (the "Utility") filed on May 22, 2023 (ECF No. 23) as follows:[1]

---

[1] Plaintiff reserves the right to interplead its claims to the disputed property and monies (to the extent any dispute exists) if and when the Court finds interpleader is proper. *See Protective Life Ins. Co. v. LeClaire*, No. 7:17-CV-00628-AMQ, 2018 WL 3222796, at *3 (D.S.C. July 2, 2018) (explaining that interpleader litigation proceeds in two stages: 1) "the Court must determine if interpleader is proper and will direct that funds plus interest be deposited with the Clerk" and 2) "[t]he court determines the respective rights of the claimants to the fund or property at stake via normal litigation processes" (quotation omitted)); *Sims v. Sims*, No. 4:15-CV-01649-RBH, 2019 WL 5719436, at *2 (D.S.C. Nov. 5, 2019) (same).

## **FIRST DEFENSE**
(Response to Specific Allegations)

Unless otherwise expressly admitted, Plaintiff denies each and every allegation of the First Amended Counterclaim and demands strict proof thereof, including but not limited to express and implied allegations in numbered paragraphs and subparagraphs contained in the First Amended Counterclaim. Plaintiff herein responds sequentially to the specifically enumerated allegations contained in the Utility's First Amended Counterclaim and, without waiving any defenses, Plaintiff alleges and says as follows:

1.     Plaintiff admits the allegations of Paragraph 1 of the First Amended Counterclaim alleging that Plaintiff claims an interest in the deposit made with the Utility. Except as expressly admitted herein, Plaintiff denies the allegations of Paragraph 1 of the First Amended Counterclaim and does not respond to the legal statements and conclusions of Paragraph 1 of the First Amended Counterclaim to which no response is required.

2.     Plaintiff admits the allegations of Paragraph 2 of the First Amended Counterclaim to the extent they are consonant with Plaintiff's allegations in Paragraph 64 of its Complaint. Plaintiff further admits that personal property related to cryptocurrency mining (referred to in the First Amended Counterclaim as "Cryptocurrency Mining Equipment") is on the property located at 150 Hyatt Street, Gaffney, South Carolina (the "Premises"), that Plaintiff claims entitlement to and ownership of a portion of that personal property, and that the Utility has restricted access to that personal property and the Premises. Except as expressly admitted herein, Plaintiff lacks sufficient information to admit or deny the allegations of Paragraph 2 of the First Amended Counterclaim and does not respond to the legal statements and conclusions of Paragraph 2 of the First Amended Counterclaim to which no response is required.

3.     Paragraph 3 of the First Amended Counterclaim contains legal statements and conclusions to which no response is required. Except as specifically admitted to herein, the allegations contained in Paragraph 3 of the First Amended Counterclaim are denied.

4.     Paragraph 4 of the First Amended Counterclaim contains legal statements and conclusions to which no response is required. Except as specifically admitted to herein, the allegations contained in Paragraph 4 of the First Amended Counterclaim are denied.

5.     Plaintiff admits that the Utility is a municipal corporation organized under South Carolina law. As to the remaining allegations of Paragraph 5 of the First Amended Counterclaim, Plaintiff lacks sufficient information to admit or deny the allegations of Paragraph 5 of the First Amended Counterclaim and thus denies those allegations.

6.     Plaintiff admits the allegations of Paragraph 6 of the First Amended Counterclaim.

7.     Plaintiff admits the allegations of Paragraph 7 of the First Amended Counterclaim.

8.     Paragraph 8 of the First Amended Counterclaim contains legal statements and conclusions to which no response is required. Except as specifically admitted to herein, the allegations contained in Paragraph 8 of the First Amended Counterclaim are denied.

9.     Paragraph 9 of the First Amended Counterclaim contains legal statements and conclusions to which no response is required. Except as specifically admitted to herein, the allegations contained in Paragraph 9 of the First Amended Counterclaim are denied.

10.     Plaintiff lacks sufficient information to admit or deny the allegations of Paragraph 10 of the First Amended Counterclaim and thus denies those allegations.

11.     Plaintiff lacks sufficient information to admit or deny the allegations of Paragraph 11 of the First Amended Counterclaim and thus denies those allegations.

12.     Plaintiff lacks sufficient information to admit or deny the allegations of Paragraph 12 of the First Amended Counterclaim and thus denies those allegations.

13.     Plaintiff admits the allegations of Paragraph 13 of the First Amended Counterclaim alleging that Defendant Litchain Corp. ("Litchain") entered an electrical service agreement with the Utility for electrical services for the Premises. To the extent the allegations of Paragraph 13 of the First Amended Counterclaim relate to the appended PMPA Economic Development Rider Application and "Utility Agreement," those documents and their contents speak for themselves. As to the remaining allegations of Paragraph 13 of the First Amended Counterclaim, Plaintiff lacks sufficient information to admit or deny the allegations of Paragraph 13 of the First Amended Counterclaim and thus denies those allegations. Except as specifically admitted to herein, the allegations contained in Paragraph 13 of the First Amended Counterclaim are denied.

14.     To the extent the allegations of Paragraph 14 of the First Amended Counterclaim relate to the appended PMPA Economic Development Rider Application, that document and its contents speak for themselves. Except as specifically admitted to herein, the allegations contained in Paragraph 14 of the First Amended Counterclaim are denied.

15.     To the extent the allegations of Paragraph 15 of the First Amended Counterclaim relate to the appended "Utility Agreement," that document and its contents speak for themselves. Except as specifically admitted to herein, the allegations contained in Paragraph 15 of the First Amended Counterclaim are denied.

16.     Plaintiff admits the allegations of Paragraph 16 of the First Amended Counterclaim alleging that the deposit totaled $1,387,895.20 and that ISW Holdings, Inc., Alonzo Pierce, and Bit5ive, and its affiliates, contributed payments for that deposit. Plaintiff denies the allegations of Paragraph 16 of the First Amended Counterclaim alleging that the deposit or any payments thereto

4

were made on behalf of Litchain. As to the remaining allegations of Paragraph 16 of the First Amended Counterclaim, Plaintiff lacks sufficient information to admit or deny the allegations of Paragraph 16 of the First Amended Counterclaim and thus denies those allegations. Except as specifically admitted to herein, the allegations contained in Paragraph 16 of the First Amended Counterclaim are denied.

17.     Plaintiff admits the allegations of Paragraph 17 of the First Amended Counterclaim alleging that payments were made by ISW Holdings, Inc., Alonzo Pierce, and Bit5ive, and its affiliates for electrical utility payments through January 5, 2023. Plaintiff denies the allegations in Paragraph 17 of the First Amended Counterclaim alleging that these were on behalf of Litchain. Except as specifically admitted to herein, the allegations contained in Paragraph 17 of the First Amended Counterclaim are denied.

18.     Plaintiff admits the allegations of Paragraph 18 of the First Amended Counterclaim alleging that Alonzo Pierce made a payment of $301,000.00 by overnighted cashier's check dated January 4, 2023 to the Utility. As to the remaining allegations of Paragraph 18 of the First Amended Counterclaim, Plaintiff lacks sufficient information to admit or deny the allegations of Paragraph 18 of the First Amended Counterclaim and thus denies those allegations. Except as specifically admitted to herein, the allegations contained in Paragraph 18 of the First Amended Counterclaim are denied.

19.     To the extent the allegations of Paragraph 19 of the First Amended Counterclaim relate to the appended "Notice of Breach Letter," that document and its contents speak for themselves. As to the remaining allegations, they are admitted.

20.     To the extent the allegations of Paragraph 20 of the First Amended Counterclaim relate to the appended "Ground Lease" or "Notice of Breach Letter," those documents and their

contents speak for themselves.  Except as specifically admitted to herein, the allegations contained in Paragraph 20 of the First Amended Counterclaim are denied.

21.     To the extent the allegations of Paragraph 21 of the First Amended Counterclaim relate to the appended "Notice of Breach Letter," that document and its contents speak for themselves.  Except as specifically admitted to herein, the allegations contained in Paragraph 21 of the First Amended Counterclaim are denied.

22.     Plaintiff admits the allegations of Paragraph 22 of the First Amended Counterclaim.

23.     To the extent the allegations of Paragraph 23 of the First Amended Counterclaim relate to the appended "Ground Lease Termination Letter," that document and its contents speak for themselves.  Except as specifically admitted to herein, the allegations contained in Paragraph 23 of the First Amended Counterclaim are denied.

24.     Plaintiff lacks sufficient information to admit or deny the allegations of Paragraph 24 of the First Amended Counterclaim and thus denies those allegations.

25.     Plaintiff denies the allegations of Paragraph 25 of the First Amended Counterclaim to the extent they allege that lease payments by Plaintiff were not made for the months of November and December 2022. Insofar as the allegations of Paragraph 25 of the First Amended Counterclaim relate to Litchain's obligations to the Utility, Plaintiff lacks sufficient information to admit or deny those allegations of Paragraph 25 of the First Amended Counterclaim and thus denies them.

26.     Plaintiff admits the allegations of Paragraph 26 of the First Amended Counterclaim alleging that the "Ground Lease" has been terminated, that Litchain has taken no further action to restore power or reinstate that lease, that the Utility has closed the electric utility account tied to the Premises, and that return of the utility deposit is due.  Plaintiff lacks sufficient information to

admit or deny the remaining allegations of Paragraph 26 of the First Amended Counterclaim and thus denies those allegations.

27.     Plaintiff lacks sufficient information to admit or deny the allegations of Paragraph 27 of the First Amended Counterclaim and thus denies those allegations.

28.     Plaintiff denies the allegations of Paragraph 28 of the First Amended Counterclaim as stated—specifically, those alleging that the November 1, 2021 letter constitutes an enforceable agreement or gives rise to any reimbursement obligations.  Moreover, the "Deposit Payment Schedule Letter" and its contents speak for themselves.  Except as specifically admitted to herein, the allegations contained in Paragraph 28 of the First Amended Counterclaim are denied.

29.     Plaintiff lacks sufficient information to admit or deny the allegations of Paragraph 29 of the First Amended Counterclaim and thus denies those allegations.

30.     Plaintiff denies the allegations of Paragraph 30 of the First Amended Counterclaim.

31.     Plaintiff denies the allegation of Paragraph 31 of First Amended Counterclaim alleging that the electric utility account was opened by Litchain only.  Plaintiff lacks sufficient information to admit or deny the remaining allegations of Paragraph 31 of the First Amended Counterclaim and thus denies those allegations.

32.     Plaintiff admits the allegations of Paragraph 32 of the First Amended Counterclaim alleging that Plaintiff demanded return of its electrical utility deposit and that the Utility has not returned such. Except as specifically admitted to herein, the allegations contained in Paragraph 32 of the First Amended Counterclaim are denied.

33.     Plaintiff admits the allegations of Paragraph 33 of the First Amended Counterclaim alleging that "Cryptocurrency Mining Equipment" remains on the Premises, that the Utility has restricted access to the Premises, and that Plaintiff has demanded the return of its personal property

and the personal property for which it serves as bailee. Except as specifically admitted to herein, the allegations contained in Paragraph 33 of the First Amended Counterclaim are denied.

34.     Plaintiff lacks sufficient information to admit or deny the allegations of Paragraph 34 of the First Amended Counterclaim and thus denies those allegations.

35.     Plaintiff admits the allegations of Paragraph 35 of the First Amended Counterclaim alleging that the Utility has restricted access to the Premises so that the "Cryptocurrency Mining Equipment" cannot be accessed or removed.  Plaintiff lacks sufficient information to admit or deny the remaining allegations of Paragraph 35 of the First Amended Counterclaim and thus denies those allegations. Except as specifically admitted to herein, the allegations contained in Paragraph 35 of the First Amended Counterclaim are denied.

36.     In response to Paragraph 36 of the First Amended Counterclaim, Plaintiff incorporates its responses to Paragraphs 1 through 35 of the First Amended Counterclaim above by reference as if stated herein verbatim.

37.     Paragraph 37 of the First Amended Counterclaim contains legal statements and conclusions to which no response is required. Except as specifically admitted to herein, the allegations contained in Paragraph 37 of the First Amended Counterclaim are denied.

38.     Plaintiff denies the allegations of Paragraph 38 of the First Amended Counterclaim.

39.     Plaintiff denies the allegations of Paragraph 39 of the First Amended Counterclaim.

40.     Plaintiff lacks sufficient information to admit or deny the allegations of Paragraph 40 of the First Amended Counterclaim and thus denies those allegations.

41.     Paragraph 41 of the First Amended Counterclaim contains legal statements and conclusions to which no response is required. Except as specifically admitted to herein, the allegations contained in Paragraph 41 of the First Amended Counterclaim are denied.

42.     Paragraph 42 of the First Amended Counterclaim contains legal statements and conclusions to which no response is required. Except as specifically admitted to herein, the allegations contained in Paragraph 42 of the First Amended Counterclaim are denied.

43.     In response to Paragraph 43 of the First Amended Counterclaim, Plaintiff incorporates its responses to Paragraphs 1 through 42 of the First Amended Counterclaim above by reference as if stated herein verbatim.

44.     Plaintiff admits the allegations of Paragraph 44 of the First Amended Counterclaim alleging that the entirety of the disputed deposit amount should be interpled as recognized by the Utility's claim in the nature of interpleader. Except as specifically admitted to herein, the allegations contained in Paragraph 44 of the First Amended Counterclaim are denied.

45.     In response to Paragraph 45 of the First Amended Counterclaim, Plaintiff incorporates its responses to Paragraphs 1 through 44 of the First Amended Counterclaim above by reference as if stated herein verbatim.

46.     Paragraph 46 of the First Amended Counterclaim contains legal statements and conclusions to which no response is required. Except as specifically admitted to herein, the allegations contained in Paragraph 46 of the First Amended Counterclaim are denied.

47.     Plaintiff admits the allegations of Paragraph 47 of the First Amended Counterclaim alleging that the "Cryptocurrency Mining Equipment" remains on the Premises.  Except as specifically admitted to herein, the allegations contained in Paragraph 47 of the First Amended Counterclaim are denied.

48.     Plaintiff admits the allegations of Paragraph 48 of the First Amended Counterclaim alleging that the "Cryptocurrency Mining Equipment" on the premises is worth in excess of ten million dollars.  As to the remaining allegations, Plaintiff lacks sufficient information to admit or

deny the allegations of Paragraph 48 of the First Amended Counterclaim and thus denies those allegations.

49.     Plaintiff lacks sufficient information to admit or deny the allegations of Paragraph 49 of the First Amended Counterclaim and thus denies those allegations.

50.     Plaintiff denies the allegations of Paragraph 50 of the First Amended Counterclaim.

51.     Plaintiff admits the allegations of Paragraph 51 of the First Amended Counterclaim alleging that the Utility has restricted access to the Premises so that the "Cryptocurrency Mining Equipment" cannot be accessed or removed.  Plaintiff lacks sufficient information to admit or deny the remaining allegations of Paragraph 51 of the First Amended Counterclaim and thus denies those allegations. Except as specifically admitted to herein, the allegations contained in Paragraph 51 of the First Amended Counterclaim are denied.

52.     Plaintiff lacks sufficient information to admit or deny the allegations of Paragraph 52 of the First Amended Counterclaim and thus denies those allegations.

53.     Paragraph 53 of the First Amended Counterclaim contains legal statements and conclusions to which no response is required. Except as specifically admitted to herein, the allegations contained in Paragraph 53 of the First Amended Counterclaim are denied.

54.     Paragraph 54 of the First Amended Counterclaim contains legal statements and conclusions to which no response is required. Except as specifically admitted to herein, the allegations contained in Paragraph 54 of the First Amended Counterclaim are denied.

55.     The allegations of Paragraph 55 of the First Amended Counterclaim do not require a response.  To the extent they are deemed to, Plaintiff lacks sufficient information to admit or deny the allegations of Paragraph 55 of the First Amended Counterclaim and thus denies those allegations.

56.     Paragraph 56 of the First Amended Counterclaim contains legal statements and conclusions to which no response is required. Except as specifically admitted to herein, the allegations contained in Paragraph 56 of the First Amended Counterclaim are denied.

57.     Plaintiff lacks sufficient information to admit or deny the allegations of Paragraph 57 of the First Amended Counterclaim and thus denies those allegations.

58.     Plaintiff denies the allegations of Paragraph 58 of the First Amended Counterclaim alleging that it is impractical or unduly burdensome for the Utility to post a bond or comparable monetary deposit related to its claim of interpleader for the "Cryptocurrency Mining Equipment." The Utility impounded that equipment and therefore should bear the risk of loss, in the form of a bond or monetary deposit, which the law recognizes may be necessary even where an uninterested stakeholder makes no claim to the disputed property.  Except as specifically admitted to herein, the allegations contained in Paragraph 58 of the First Amended Counterclaim are denied.

59.     Plaintiff denies the allegations of Paragraph 59 of the First Amended Counterclaim alleging that the Utility has acted in good faith.  As to the remaining allegations, Plaintiff lacks sufficient information to admit or deny them and thus denies those allegations.

60.     Plaintiff denies the allegations of Paragraph 60 of the First Amended Counterclaim and incorporates its response to Paragraph 58 of the First Amended Counterclaim above by reference as if stated herein verbatim.

61.     Paragraph 61 of the First Amended Counterclaim contains legal statements and conclusions to which no response is required. Except as specifically admitted to herein, the allegations contained in Paragraph 61 of the First Amended Counterclaim are denied.

62.     Plaintiff denies the allegations of Paragraph 62 of the First Amended Counterclaim that the Utility is in any way justified in requesting the Court order acquisition of insurance by

claimants to the "Cryptocurrency Mining Equipment," which include nonparties, and provision of certificates of insurance to the Utility that also must name it as an additional insured.   Except as specifically admitted to herein, the allegations contained in Paragraph 62 of the First Amended Counterclaim are denied.

63.     Plaintiff admits the allegations of Paragraph 63 of the First Amended Counterclaim alleging that the "Cryptocurrency Mining Equipment" includes sensitive equipment that must be regularly maintained, or it will be damaged.  Plaintiff denies the allegations of Paragraph 63 of the First Amended Counterclaim alleging that Plaintiff should be required to pay the electricity costs for the "Cryptocurrency Mining Equipment" that the Utility has unilaterally impounded. Plaintiff lacks sufficient information to admit or deny the remaining allegations of Paragraph 63 of the First Amended Counterclaim and thus denies those allegations.

64.     Plaintiff denies the allegations of Paragraph 64 of the First Amended Counterclaim and incorporates its response to Paragraphs 58 and 62 of the First Amended Counterclaim above by reference as if stated herein verbatim. Except as specifically admitted to herein, the allegations contained in Paragraph 64 of the First Amended Counterclaim are denied.

65.     In response to Paragraph 65 of the First Amended Counterclaim, Plaintiff incorporates its responses to Paragraphs 1 through 64 of the First Amended Counterclaim above by reference as if stated herein verbatim.

66.     Paragraph 66 of the First Amended Counterclaim contains legal statements and conclusions to which no response is required. Except as specifically admitted to herein, the allegations contained in Paragraph 66 of the First Amended Counterclaim are denied.

67.     Paragraph 67 of the First Amended Counterclaim contains legal statements and conclusions to which no response is required. Except as specifically admitted to herein, the allegations contained in Paragraph 67 of the First Amended Counterclaim are denied.

68.     In response to Paragraph 68 of the First Amended Counterclaim, Plaintiff incorporates its responses to Paragraphs 1 through 67 of the First Amended Counterclaim above by reference as if stated herein verbatim.

69.     Paragraph 69 of the First Amended Counterclaim contains legal statements and conclusions to which no response is required. Except as specifically admitted to herein, the allegations contained in Paragraph 69 of the First Amended Counterclaim are denied.

70.     Paragraph 70 of the First Amended Counterclaim does not appear to be directed toward Plaintiff and therefore no response is required. Further, Paragraph 70 of the First Amended Counterclaim contains legal statements and conclusions to which no response is required.  To the extent one is, Plaintiff lacks sufficient information to admit or deny the allegations of Paragraph 70 of the First Amended Counterclaim and thus denies those allegations.

71.     Paragraph 71 of the First Amended Counterclaim does not appear to be directed toward Plaintiff and therefore no response is required. Further, Paragraph 71 of the First Amended Counterclaim contains legal statements and conclusions to which no response is required.  To the extent one is, Plaintiff lacks sufficient information to admit or deny the allegations of Paragraph 71 of the First Amended Counterclaim and thus denies those allegations.

72.     Paragraph 72 of the First Amended Counterclaim does not appear to be directed toward Plaintiff and therefore no response is required. Further, Paragraph 72 of the First Amended Counterclaim contains legal statements and conclusions to which no response is required.  To the

extent one is, Plaintiff lacks sufficient information to admit or deny the allegations of Paragraph 72 of the First Amended Counterclaim and thus denies those allegations.

73.     Paragraph 73 of the First Amended Counterclaim does not appear to be directed toward Plaintiff and therefore no response is required. Further, Paragraph 73 of the First Amended Counterclaim contains legal statements and conclusions to which no response is required.  To the extent one is, Plaintiff lacks sufficient information to admit or deny the allegations of Paragraph 73 of the First Amended Counterclaim and thus denies those allegations.

74.     Paragraph 74 of the First Amended Counterclaim does not appear to be directed toward Plaintiff and therefore no response is required. Further, Paragraph 74 of the First Amended Counterclaim contains legal statements and conclusions to which no response is required.  To the extent one is, Plaintiff lacks sufficient information to admit or deny the allegations of Paragraph 74 of the First Amended Counterclaim and thus denies those allegations.

75.     Paragraph 75 of the First Amended Counterclaim does not appear to be directed toward Plaintiff and therefore no response is required. Further, Paragraph 75 of the First Amended Counterclaim contains legal statements and conclusions to which no response is required.  To the extent one is, Plaintiff lacks sufficient information to admit or deny the allegations of Paragraph 75 of the First Amended Counterclaim and thus denies those allegations.

76.     Paragraph 76 of the First Amended Counterclaim does not appear to be directed toward Plaintiff and therefore no response is required. Further, Paragraph 76 of the First Amended Counterclaim contains legal statements and conclusions to which no response is required.  To the extent one is, Plaintiff lacks sufficient information to admit or deny the allegations of Paragraph 76 of the First Amended Counterclaim and thus denies those allegations.

77.     Paragraph 77 of the First Amended Counterclaim does not appear to be directed toward Plaintiff and therefore no response is required. Further, Paragraph 77 of the First Amended Counterclaim contains legal statements and conclusions to which no response is required.  To the extent one is, Plaintiff lacks sufficient information to admit or deny the allegations of Paragraph 77 of the First Amended Counterclaim and thus denies those allegations.

78.     Paragraph 78 of the First Amended Counterclaim does not appear to be directed toward Plaintiff and therefore no response is required. Further, Paragraph 78 of the First Amended Counterclaim contains legal statements and conclusions to which no response is required.  To the extent one is, Plaintiff lacks sufficient information to admit or deny the allegations of Paragraph 78 of the First Amended Counterclaim and thus denies those allegations.

79.     Paragraph 79 of the First Amended Counterclaim does not appear to be directed toward Plaintiff and therefore no response is required. Further, Paragraph 79 of the First Amended Counterclaim contains legal statements and conclusions to which no response is required.  To the extent one is, Plaintiff lacks sufficient information to admit or deny the allegations of Paragraph 79 of the First Amended Counterclaim and thus denies those allegations.

80.     Paragraph 80 of the First Amended Counterclaim does not appear to be directed toward Plaintiff and therefore no response is required. Further, Paragraph 80 of the First Amended Counterclaim contains legal statements and conclusions to which no response is required.  To the extent one is, Plaintiff lacks sufficient information to admit or deny the allegations of Paragraph 80 of the First Amended Counterclaim and thus denies those allegations.

81.     Paragraph 81 of the First Amended Counterclaim does not appear to be directed toward Plaintiff and therefore no response is required. Further, Paragraph 81 of the First Amended Counterclaim contains legal statements and conclusions to which no response is required.  To the

extent one is, Plaintiff lacks sufficient information to admit or deny the allegations of Paragraph 81 of the First Amended Counterclaim and thus denies those allegations.

82.     Paragraph 82 of the First Amended Counterclaim does not appear to be directed toward Plaintiff and therefore no response is required. Further, Paragraph 82 of the First Amended Counterclaim contains legal statements and conclusions to which no response is required.  To the extent one is, Plaintiff lacks sufficient information to admit or deny the allegations of Paragraph 82 of the First Amended Counterclaim and thus denies those allegations.

83.     Paragraph 83 of the First Amended Counterclaim does not appear to be directed toward Plaintiff and therefore no response is required. Further, Paragraph 83 of the First Amended Counterclaim contains legal statements and conclusions to which no response is required.  To the extent one is, Plaintiff lacks sufficient information to admit or deny the allegations of Paragraph 83 of the First Amended Counterclaim and thus denies those allegations.

84.     Paragraph 84 of the First Amended Counterclaim does not appear to be directed toward Plaintiff and therefore no response is required. Further, Paragraph 84 of the First Amended Counterclaim contains legal statements and conclusions to which no response is required.  To the extent one is, Plaintiff lacks sufficient information to admit or deny the allegations of Paragraph 84 of the First Amended Counterclaim and thus denies those allegations.

85.     Paragraph 85 of the First Amended Counterclaim contains legal statements and conclusions to which no response is required. Except as specifically admitted to herein, the allegations contained in Paragraph 85 of the First Amended Counterclaim are denied.

86.     In response to Paragraph 86 of the First Amended Counterclaim, Plaintiff incorporates its responses to Paragraphs 1 through 85 of the First Amended Counterclaim above by reference as if stated herein verbatim.

87.     Paragraph 87 of the First Amended Counterclaim does not appear to be directed toward Plaintiff and therefore no response is required. Further, the "Ground Lease" and its contents speak for themselves.  Except as specifically admitted to herein, the allegations contained in Paragraph 87 of the First Amended Counterclaim are denied.

88.     Paragraph 88 of the First Amended Counterclaim does not appear to be directed toward Plaintiff and therefore no response is required. Further, Paragraph 88 of the First Amended Counterclaim contains legal statements and conclusions to which no response is required.  To the extent one is, Plaintiff lacks sufficient information to admit or deny the allegations of Paragraph 88 of the First Amended Counterclaim and thus denies those allegations.

89.     Paragraph 89 of the First Amended Counterclaim does not appear to be directed toward Plaintiff and therefore no response is required. Further, Paragraph 89 of the First Amended Counterclaim contains legal statements and conclusions to which no response is required.  To the extent one is, Plaintiff lacks sufficient information to admit or deny the allegations of Paragraph 89 of the First Amended Counterclaim and thus denies those allegations.

90.     Paragraph 90 of the First Amended Counterclaim does not appear to be directed toward Plaintiff and therefore no response is required. Further, Paragraph 90 of the First Amended Counterclaim contains legal statements and conclusions to which no response is required.  To the extent one is, Plaintiff lacks sufficient information to admit or deny the allegations of Paragraph 90 of the First Amended Counterclaim and thus denies those allegations.

91.     Paragraph 91 of the First Amended Counterclaim does not appear to be directed toward Plaintiff and therefore no response is required. Further, Paragraph 91 of the First Amended Counterclaim contains legal statements and conclusions to which no response is required.  To the

extent one is, Plaintiff lacks sufficient information to admit or deny the allegations of Paragraph 91 of the First Amended Counterclaim and thus denies those allegations.

92.     Paragraph 92 of the First Amended Counterclaim does not appear to be directed toward Plaintiff and therefore no response is required. Further, Paragraph 92 of the First Amended Counterclaim contains legal statements and conclusions to which no response is required.  To the extent one is, except as specifically admitted to herein, the allegations contained in Paragraph 92 of the First Amended Counterclaim are denied.

93.     In response to Paragraph 93 of the First Amended Counterclaim, Plaintiff incorporates its responses to Paragraphs 1 through 92 of the First Amended Counterclaim above by reference as if stated herein verbatim.

94.     Paragraph 94 of the First Amended Counterclaim does not appear to be directed toward Plaintiff and therefore no response is required. Further, Paragraph 94 of the First Amended Counterclaim contains legal statements and conclusions to which no response is required.  To the extent one is, Plaintiff lacks sufficient information to admit or deny the allegations of Paragraph 94 of the First Amended Counterclaim and thus denies those allegations.

95.     Paragraph 95 of the First Amended Counterclaim does not appear to be directed toward Plaintiff and therefore no response is required.  To the extent one is, except as specifically admitted to herein, the allegations contained in Paragraph 95 of the First Amended Counterclaim are denied.

96.     Paragraph 96 of the First Amended Counterclaim does not appear to be directed toward Plaintiff and therefore no response is required.  To the extent one is, except as specifically admitted to herein, the allegations contained in Paragraph 96 of the First Amended Counterclaim are denied.

97.     Paragraph 97 of the First Amended Counterclaim does not appear to be directed toward Plaintiff and therefore no response is required.  To the extent one is, except as specifically admitted to herein, the allegations contained in Paragraph 97 of the First Amended Counterclaim are denied.

98.     Paragraph 98 of the First Amended Counterclaim does not appear to be directed toward Plaintiff and therefore no response is required. Further, Paragraph 98 of the First Amended Counterclaim contains legal statements and conclusions to which no response is required.  To the extent one is, except as specifically admitted to herein, the allegations contained in Paragraph 98 of the First Amended Counterclaim are denied.

99.     Paragraph 99 of the First Amended Counterclaim does not appear to be directed toward Plaintiff and therefore no response is required. Further, Paragraph 99 of the First Amended Counterclaim contains legal statements and conclusions to which no response is required.  To the extent one is, Plaintiff lacks sufficient information to admit or deny the allegations of Paragraph 99 of the First Amended Counterclaim and thus denies those allegations.

100.    Plaintiff denies the allegations contained in Paragraph 100 of the First Amended Counterclaim.

101.    Paragraph 101 of the First Amended Counterclaim does not appear to be directed toward Plaintiff and therefore no response is required. Further, Paragraph 101 of the First Amended Counterclaim contains legal statements and conclusions to which no response is required.  To the extent one is, Plaintiff lacks sufficient information to admit or deny the allegations of Paragraph 101 of the First Amended Counterclaim and thus denies those allegations.

102.    Paragraph 102 of the First Amended Counterclaim does not appear to be directed toward Plaintiff and therefore no response is required. Further, Paragraph 102 of the First

Amended Counterclaim contains legal statements and conclusions to which no response is required. To the extent one is, except as specifically admitted to herein, the allegations contained in Paragraph 102 of the First Amended Counterclaim are denied.

103.     Plaintiff did not violate any applicable law, statute, or regulation, and the Utility is not entitled to any relief from Plaintiff, including but not limited to the relief requested in Paragraphs 1 through 18 of the Prayer for Relief in the First Amended Counterclaim.

104.     Except as specifically admitted to herein, the allegations contained in the First Amended Counterclaim are denied.

**SECOND DEFENSE**
(Failure to State a Claim)

105.     The First Amended Counterclaim and causes of action contained therein fail to state a claim upon which relief can be granted and are subject to dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Among other reasons, the Utility has indicated it is unwilling to deposit the entire amount disputed between the parties to be interpled under its claims for interpleader.

**THIRD DEFENSE**
(Lack of Jurisdiction)

106.     To the extent the First Amended Counterclaim relies upon 28 U.S.C. § 1335 as a basis for this Court's jurisdiction, no such jurisdiction exists based on the Utility's unwillingness to deposit the entirety of the amount disputed between the parties to be interpled and to post a sufficient bond, pay the value of the "Cryptocurrency Mining Equipment" as a surety, or deposit the actual equipment with the Court.

## FOURTH DEFENSE
### (Failure to Join Necessary Parties)

107.    The Utility failed to join necessary parties, namely, nonparty entities claiming rights to the "Cryptocurrency Mining Equipment," as defendants to its interpleader claims. As such, the Utility's interpleader claims should be dismissed under Rule 12(b)(7) of the Federal Rules of Civil Procedure.

## FIFTH DEFENSE
### (Unclean Hands/In Pari Delicto)

108.    The Utility has sought relief sounding in interpleader, an equitable remedy.

109.    The Utility was well aware of Plaintiff's role and involvement in regard to the Premises and led Plaintiff to believe that the Utility understood Plaintiff to be the relevant customer for utility services provided to the Premises and tenant of the Premises.

110.    Any competing claims to property or funds held by the Utility are the direct result of its unfair, confusing, obstructive, and misleading conduct in communicating and interacting with the relevant parties including Plaintiff, to its prejudice.

111.    Under these circumstances, the Utility has unclean hands and is, thus, barred from receiving equitable relief in the form of interpleader.

## FIFTH DEFENSE
### (Estoppel)

112.    Plaintiff incorporates Paragraphs 108 through 110 of its Fourth Defense above by reference as if stated herein verbatim.

113.    Under these circumstances, the Utility should be estopped from maintaining that Plaintiff was not the customer in fact for utility services provided to the Premises or the tenant in fact for the Premises.

## SIXTH DEFENSE
(Unjust Enrichment)

114.    To the full extent that the Utility has enjoyed the benefits of payments by or on behalf of Plaintiff, the Utility, by now attempting to repudiate its vendor-customer and lessor-leasee relationship with Plaintiff, would be unjustly enriched if allowed to retain any monies paid by Plaintiff without returning property and monies to Plaintiff that are admittedly not the Utility's.

## SEVENTH DEFENSE
(Fraud and Misrepresentation)

115.    By repeatedly and affirmatively accepting funds from Plaintiff in its role as customer and leasee, the Utility represented its understanding that Plaintiff was in fact and under law the relevant customer and leaseefor the Premises. This representation of the Utility's understanding was false as demonstrated by the Utility's claim now that Plaintiff was not its customer nor leasee.

116.    Despite the knowledge of this misrepresentation, the Utility continued to accept payments from and on behalf of Plaintiff, causing Plaintiff to understandably rely on the representation that it was, in fact, the customer and leasee for the Premises, incurring relevant expenses and covering relevant bills and charges.

117.    This fraud and misrepresentation prevent the Utility from asserting its claims to equitable relief and for any set off from the disputed deposit amount.

## EIGHTH DEFENSE
(Reservation of Right to Supplement)

118.    Plaintiff respectfully reserves the right to add or supplement any defense that may be asserted herein by him upon engaging in the discovery process in this action.

Respectfully submitted,

June 12, 2023

FOX ROTHSCHILD LLP

2 W. Washington Street
Suite 1100
Greenville, SC 29601
Tel:   864.751.7600

Greenville, South Carolina

*/s/ R. Taylor Speer*

R. Taylor Speer
Federal ID# 12267
tspeer@foxrothschild.com

William A. Neinast
Federal ID# 13172
wneinast@foxrothschild.com

*Attorneys for Blockquarry Corp. f/k/a ISW Holdings, Inc.*

146446275

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that this Motion was served on Defendant Gaffney Board of Public Works, on June 12, 2023, via the Court's electronic filing system, and on Defendant Litchain Corp via certified U.S. Mail, the same date, at the following addresses:

> Litchain Corp.
> c/o Tony Tate
> 118 ½ Willis Plaza,
> Gaffney, South Carolina 29340
>
> Litchain Corp.
> c/o A. Tate
> 518 N. Park Avenue
> Suite 308
> Apopka, Florida 32795
>
> Litchain Corp.
> c/o Antonia Tate or Office of the Secretary
> 3415 W. Lake Mary Boulevard
> Suite 950702
> Lake Mary, Florida 32795

> */s/ R. Taylor Speer*
> *Attorney for Blockquarry Corp. f/k/a ISW Holdings, Inc.*