# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | |
|---|---|
| Blockquarry Corp. f/k/a ISW Holdings, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Litchain Corp. and Gaffney Board of Public Works, <br><br> Defendants. <br><br> ─────────────────────── <br><br> Gaffney Board of Public Works, <br><br> Counter-/Cross-Claimant, <br><br> v. <br><br> Blockquarry Corp. f/k/a ISW Holdings, Inc., Counterclaim Defendant, and Litchain Corp., Crossclaim Defendant. | C/A No.: 7:23-cv-01427-TMC <br><br><br><br><br> **PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SECTION 15-9-240(C) SERVICE, EXTENSION OF TIME TO SERVE, AND, IN THE ALTERNATIVE, SERVICE BY PUBLICATION** |

Plaintiff Blockquarry Corp. f/k/a ISW Holdings, Inc. ("Plaintiff" or "Blockquarry"), by and through its undersigned counsel, hereby submits this Memorandum of Law in support of its Motion for S.C. Code Ann. § 15-9-240(c) Service, Extension of Time to Serve, and, in the Alternative, Service by Publication. Plaintiff has made reasonable and diligent efforts to serve Defendant Litchain Corp. ("Litchain") with process but has not perfected service due to no fault of Plaintiff's. State law, applicable through Rule 4(e)(1), Fed. R. Civ. P., provides remedies for instances of absentee and/or evasive corporate defendants. Plaintiff requests that its Motion be granted and that Plaintiff be allowed to serve Litchain pursuant to South Carolina's alternative procedure of serving by mail, § 15-9-240(c), or, in the alternative, by publication as allowed by

South Carolina and Florida law. In either instance, Plaintiff requests additional time within which to effect service on Litchain, pursuant to Rule 4(m).

## NATURE OF THE CASE AND FACTUAL BACKGROUND

Plaintiff initiated this action on April 7, 2023 by filing its Complaint. (ECF No. 1.)[1] Since that date, Plaintiff has, despite reasonably diligent efforts, been unable to personally serve a registered agent or otherwise authorized person, or obtain proof of delivery to Litchain or its agents at any of its addresses of record. (*See* ECF No. 27 (detailing Plaintiff's service efforts thus far by verified status report)).

Based on information reported on the South Carolina Secretary of State's website, Litchain is registered to transact business in the state of South Carolina, with its registered agent (who is also its principal), Tony Tate, listed as maintaining an address at 118 1/2 Willis Plaza, Gaffney, South Carolina. (*Id.*) Litchain is incorporated in Florida. (*Id.*) The address of Litchain's principal office as listed on its 2023 annual report, filed with the Florida Secretary of State and attached hereto as Exhibit A, is 3415 W. Lake Mary Boulevard, Suite 950702, Lake Mary, Florida 32795.

As described more fulsomely in its verified status report (ECF No. 27), Plaintiff has used reasonable diligence to repeatedly try to serve Litchain through personal service, pursuant to Fed. R. Civ. P. 4(h)(1)(B), and by certified mail, pursuant to Fed. R. Civ. P. 4(e)(1), (h)(1)(A) and S.C. R. Civ. P. 4(d)(3), (d)(8), but has not been able to conclusively perfect service on Litchain. Additionally, upon information and belief, Defendant Gaffney Board of Public Works (the "Utility") has not perfected service upon Litchain, though the Utility has mailed its pleadings to

---

[1] For a more thorough discussion of the factual background of this suit, Plaintiff refers to its Brief in Support of its Memorandum in Support of Emergency Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 7, Attach. 1, p. 1-7).

Litchain's address of record registered with the South Carolina Secretary of State. (*See* ECF No. 23 at 48; *see also* ECF No. 27 ¶ 1 & n.1.)

Upon information and belief, Litchain is actively attempting to avoid service of process in this action. (*See, e.g.*, ECF No. 27 (noting Litchain's improper attempts to use United States Postal Service offices as its registered office and Litchain's changing of its registered address after Plaintiff attempted service there); ECF No. 24, Attach. 5, p. 1-2 (demonstrating Litchain's evasive behavior in communicating with the Utility's counsel)).

Further, since Plaintiff filed its verified status report, Plaintiff has learned from its server Poseidon Security Group ("Poseidon") (*see* ECF No. 27 ¶¶ 14, 19-20) that Mr. Tate, or another individual controlling the email address "litchaincorp@gmail.com," has responded to Poseidon's request to meet. (*See* Exhibit B, attached hereto). Rather than agreeing to meet expeditiously or in Florida as requested, Mr. Tate has averred, confusingly, both that he will arrange to receive service "on July 5th once [he is] back in Gaffney SC, or Columbia SC" and that he will "advis[e] legal counsel for Litchain Corp to receive service on *or after* July 5th." (*Id.* (emphasis added).). Mr. Tate's response contained no recognition of previous attempts to serve Litchain at its addresses registered with Florida's and South Carolina's respective Secretaries of State. Poseidon, on the undersigned's instructions, has not responded to Mr. Tate's proposition.

## ARGUMENT

**I.     Plaintiff has made diligent efforts to serve Litchain, and should therefore be allowed to serve Litchain pursuant to S.C. Code Ann. § 15-9-240(c)(1).**

Rule 4(h)(1)(A) of the Federal Rules of Civil Procedure allows service upon a corporation by "the manner prescribed by Rule 4(e)(1) for serving an individual." Rule 4(e)(1) provides for service following "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." South Carolina

3

law allows for an alternative form of service other than that normally required for a foreign corporation when "its registered agent cannot be served with reasonable diligence." S.C. Code Ann. § 15-9-240(c)(1) (explaining that a movant need not attempt service by publication before seeking relief under § 15-9-240(c)); *see also id.* § -210(c) (allowing the same for domestic corporations).

In such instances, South Carolina law allows for a movant to request "an order that the corporation may be served by registered or certified mail, return receipt requested, addressed to the office of the secretary of the corporation at its principal office." *Id.* § 15-9-240(c)(3). The summons served in this manner must "state the date it was mailed under this subsection and that service is perfected five days after its deposit in the United States mail." *Id.* As indicated on the § 15-9-240(c) summons, South Carolina law deems "[s]ervice perfected under [this method] five days after [the summons and complaint's] deposit in the United States mail, as evidenced by the postmark[] or other evidence . . . if mailed postpaid and correctly addressed to the address of the company's principal office which is listed on the filed annual report of a business corporation[.]" *Id.* § 15-9-240(d).

As supported by its verified status report (ECF No. 27), Plaintiff requests the Court allow Litchain to be served process pursuant to S.C. Code Ann. § 15-9-240 because Plaintiff has used reasonable diligence to repeatedly try to serve Litchain through personal service, pursuant to Fed. R. Civ. P. 4(h)(1)(B), and by certified mail, pursuant to Fed. R. Civ. P. 4(e)(1), (h)(1)(A) and S.C. R. Civ. P. 4(d)(3), (d)(8). These reasonably diligent efforts despite Litchain's eff warrant allowing Plaintiff to serve process on Litchain by registered mail addressed to the office of the secretary of Litchain at 3415 W. Lake Mary Boulevard, Suite 950702, Lake Mary, Florida 32795—its principal office listed on its 2023 annual report. (Ex. A.)  Pursuant to statute, such service would be

4

perfected five days after said mailing, evidence of which would be submitted to the Court as soon as possible. Accordingly, Plaintiff requests entry of an Order allowing service of Litchain pursuant to S.C. Code Ann. § 15-9-240(c) and execution of the proposed summons, attached as <u>Exhibit A</u> to Plaintiff's Motion.

**II.    In the alternative, Plaintiff's diligent efforts to serve Litchain despite Litchain's evasiveness warrant allowing Litchain to be served by publication.**

If the Court deems service by § 15-9-240(c) inappropriate, Plaintiff requests, in the alternative, that it be allowed to serve Litchain by publication, pursuant to S.C. Code Ann. § 15-9-710 and Fla. Stat. §§ 49.011, 49.021. Again, Rule 4(e)(1) allows service by following "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located <u>or</u> where service is made." Both South Carolina (the forum state) and Florida (the potential state where service could be made) allow service by publication. Plaintiff alternatively requests to be allowed to serve Litchain by publication in each state.

   **A.    *Service by Publication in South Carolina***

South Carolina law requires that, akin to § 15-9-240(c), a party use "due diligence" to attempt to serve a party prior to serving by publication. S.C. Code. Ann. § 15-9-710.  However, when 1) "the person on whom the service of the summons is to be made cannot, after due diligence, be found within the State," 2) this is evidenced by affidavit, and 3) "it appears that a cause of action exists against the defendant in respect to whom the service is to be made," the court may allow service to be made by publication of the summons if, inter alia, "the defendant is a foreign corporation and has property within the State or the cause of action arose therein." *Id.* § 15-9-710(1).

Here, as discussed above in reference to § 15-9-240(c)'s reasonable diligence standard, Plaintiff has diligently sought to effect service upon Litchain's in-state registered agent at his

5

address registered with the South Carolina Secretary of State. This is evidenced before the Court upon Plaintiff's verified status report. (ECF No. 27.) As described in Plaintiff's Complaint (ECF No. 1) and Emergency Motion for Temporary Restraining Order and Preliminary Injunction (ECF Nos. 7 & 8), Plaintiff has several causes of action against Litchain. Finally, Litchain is a foreign corporation, and Plaintiff's cause of actions against it arose in South Carolina,[2] meaning service may be made by publication in South Carolina pursuant to § 15-9-710(1).

Plaintiff proposes *The Gaffney Ledger* as the publication "most likely to give notice to the person to be served" and contends that the statutorily described "once a week for three weeks" should be deemed sufficient time of publication. *See* S.C. Code Ann. § 15-9-740. If said alternative relief is granted, Plaintiff will send by U.S. Mail a copy of the published summons directed to Litchain's principal office at 3415 W. Lake Mary Boulevard, Suite 950702, Lake Mary, Florida 32795, pursuant to § 15-9-740.

B.    Service by Publication in Florida

Similarly, Florida allows "service of process by publication" upon "any corporation . . . whether its domicile be foreign[ or] domestic" where service of process "cannot be had" on that party," Fla. Stat. § 49.021(2), if, *inter alia*, the action is one "[f]or the construction of any . . . contract . . . and for a judicial declaration or enforcement of any legal . . . right . . . or interest thereunder." *Id.* § 49.011(5).

Here, service by normal methods cannot be had on Litchain, and Plaintiff seeks, among other things, construction of several alleged contracts between it and Litchain and for judicial declarations and enforcement of Plaintiff's legal rights and interests thereunder. (*See, e.g.*, ECF No. 1 ¶¶ 107-18). Plaintiff's verified status report meets the requirements of the sworn statement

---

[2] Moreover, on information and belief, Litchain owns real property in South Carolina.

described by Fla. Stat. § 49.051. *Compare, e.g.*, Fla. Stat. § 49.051 (requiring demonstration of a diligent search for the defendant's name, domicile, principal place of business, and upon whom service may be made and a description of why corporate officials have not been able to be served), *with* (ECF No. 27 (describing known details about Litchain, the attempts to effect service on Litchain and its principal, and the difficulties accomplishing such)); *see also* Fla. Stat. § 49.031 ("Statement may be contained in a verified pleading, or in an affidavit or other sworn statement."). Thus, the statutory prerequisites for service upon Litchain by publication have been met, and Plaintiff requests that "notice of action" be issued. *See* Fla. Stat. § 49.08 (explaining that "[o]n filing the sworn statement, and otherwise complying with the foregoing requirements, the plaintiff is entitled to have issued . . . a notice of action" and detailing the form of said notice); *see also* § 49.09 (detailing the day by which said notice shall require defendant to respond).

Plaintiff proposes the *Sanford Herald* as the newspaper in which the requisite "notice of action" should be published, as it is published in Seminole County, the county in which the court would sit if Litchain were sued in the county of its principal office. *See* Fla. Stat. § 49.10(1)(a). If this request is granted, pursuant to § 49.10, said notice would need to be published once during each week for four consecutive weeks. *Id.* If said alternative relief is granted, Plaintiff contends that the "copy of notice" to be sent "by United States Mail, with postage prepaid," should be directed to Litchain's principal office at 3415 W. Lake Mary Boulevard, Suite 950702, Lake Mary, Florida 32795. *See id.* § 49.12.

**III.     In addition and in supplement to either form of requested relief, an extension of time within which to perfect service on Litchain is warranted.**

Given that Plaintiff's Complaint was filed April 7, 2023, the time within which to perfect service on Litchain presumptively expires on July 6, 2023.[3] *See* Fed. R. Civ. P. 4(m). To effectuate any grant of the relief requested above (and even absent the grant of such relief), Plaintiff requests that time period be extended 45 days. There is "good cause" for any issues with Plaintiff's efforts to perfect service thus far and to grant said request, *see* Fed. R. Civ. P. 4(m); 6(b)(1)(A), given Plaintiff's multiple and varied attempts to serve Litchain at the addresses it has listed its availability at with the relevant government entities. *See* Fed. R. Civ. P. 4(m) advisory committee's note to 2015 amendment (explaining that "[s]hortening the presumptive time for service" from 120 days to 90 days "will increase the frequency of occasions to extend the time" and that "[m]ore time may be needed, for example, when . . . a defendant is difficult to serve"). This additional time will ensure Plaintiff is enable to perfect service on Litchain as justice requires.

## **CONCLUSION**

Plaintiff has diligently attempted to perfect service on Litchain. State law provides remedies when defendants like Litchain are difficult to serve, and Plaintiff has demonstrated its right to relief under those remedies. Plaintiff therefore respectfully requests as follows:

A. That Plaintiff be allowed to serve Litchain pursuant to S.C. Code Ann. § 15-9-240;

B. In the alternative, that Plaintiff be allowed to serve Litchain by publication pursuant to S.C. Code Ann. § 15-9-710 and Fla. Stat. §§ 49.011, 49.021;

---

[3] Said deadline deprives Mr. Tate's unsubstantiated proposition (*see* Ex. B) of any possible meaningful relief, given his historic avoidance of service, the offer to potentially meet after the service deadline, and the vague (and seemingly self-contradicting) details of the offer. Plaintiff, through its undersigned counsel, will continue to endeavor to resolve issues of service by cooperation with Litchain, but the relief requested herein is necessary to ensure that service is perfected on Litchain in a timely manner.

C. That the time within which to serve Litchain be extended by 45 days pursuant to Rule 4(m); and

D. That the Court award any other relief it deems appropriate.

Respectfully submitted,

June 19, 2023

FOX ROTHSCHILD LLP

2 W. Washington Street
Suite 1100
Greenville, SC 29601
Tel:   864.751.7600

Greenville, South Carolina

*/s/William A. Neinast*

R. Taylor Speer
Federal ID# 12267
tspeer@foxrothschild.com

William A. Neinast
Federal ID# 13172
wneinast@foxrothschild.com

*Attorneys for Plaintiff Blockquarry Corp. f/k/a ISW Holdings, Inc.*

9