IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Blockquarry Corp. f/k/a ISW Holdings, Inc., ) | Civil Action No. 7:23-cv-01427-TMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **DEFENDANT/ COUNTER-** |
| Litchain Corp. and Gaffney Board of Public ) | **CLAIMANT/ CROSSCLAIMANT** |
| Works, ) | **GAFFNEY BOARD OF PUBLIC** |
| ) | **WORKS' MOTION FOR LEAVE TO** |
| Defendants. ) | **DEPOSIT** |
| ) | |
| Gaffney Board of Public Works, ) | |
| ) | |
| Defendant/Counter and ) | |
| Cross Claimant, ) | |
| v. ) | |
| ) | |
| Blockquarry Corp. f/k/a ISW Holdings, Inc., ) | |
| ) | |
| Counterclaim Defendant, ) | |
| and ) | |
| ) | |
| Litchain Corp., ) | |
| ) | |
| Crossclaim Defendant. ) | |

Comes now Defendant/Counterclaimant/Crossclaimant, Gaffney Board of Public Works, South Carolina ("Gaffney BPW"), and pursuant to Rules 22 and 67 of the Federal Rules of Civil Procedure, Local Rule 67.1 DSC, 28 U.S.C. § 2361, and all supporting case law, asks this Court for leave to deposit $440,178.19, the amount of the utility deposit paid by or on behalf of Defendant/Crossclaim Defendant, Litchain Corp. ("Litchain"), remaining following the deduction of outstanding utility bills and related expenses (the "Deposit Refund") owed by Litchain following its default and the subsequent termination of the associated utility agreement, into the

registry of the Court pending further order and judgment with respect to the subject matter of the present controversy. In the alternative, Gaffney BPW asks to deposit such other sum, representing the utility deposit remaining for return to the appropriate party following the closure of Litchain's utility account with Gaffney BPW, that the Court deems to be sufficient and most appropriate.

Gaffney BPW additionally asks this Court to accept the physical deposit of the equipment and other personal property left at 150 Hyatt Street, Gaffney, South Carolina 29341 (the "Premises") used for the operation of a cryptocurrency mining site ("Cryptocurrency Mining Equipment") into the Court for safekeeping pending its determination as to the proper distribution of the equipment. The Cryptocurrency Mining Equipment includes twenty storage containers that, together, total approximately 10,000 square feet. These storage containers are lined in shelves that house thousands of servers used for the mining of cryptocurrency. These containers and all servers and other equipment stored therein were left on the Premises following the termination of a ground lease between Gaffney BPW and Litchain. In the likely event the physical deposit of the Cryptocurrency Mining Equipment is not possible due to its quantity and size, Gaffney BPW is willing to securely keep the Cryptocurrency Mining Equipment on the Premises, where it has been since the termination of all associated agreements, pending the resolution of the dispute between Plaintiff/Counterclaim Defendant Blockquarry Corp. f/k/a ISW Holdings, Inc. ("Blockquarry") and Litchain. Should this Court order Gaffney BPW to securely house the Cryptocurrency Mining Equipment on the Premises pending the further order and judgment of this Court, Gaffney BPW additionally asks the Court to order Blockquarry and Litchain to adequately insure the property and to indemnify Gaffney BPW from any and all losses, liabilities, expenses, and/or claims for damages of any nature whatsoever relating to the Cryptocurrency Mining Equipment arising out of, relating to, or occurring during the time period that the Cryptocurrency Mining Equipment has

been kept on the Premises, including without limitation during the pendency of this lawsuit. In addition, if the Cryptocurrency Mining Equipment must be stored at a specific temperature in order for it to remain operable once distributed, Gaffney BPW asks this Court for an order requiring Blockquarry and Litchain to pay for the necessary cooling of the Premises pending the final order of this Court as to its proper distribution. In the alternative, Gaffney BPW asks this Court for whatever mechanism of deposit it deems sufficient and most appropriate to protect it from all potential liability associated with the Cryptocurrency Mining Equipment, to which it does not assert any independent claims of ownership or right to use, pending the final conclusion of this litigation.

Pursuant to Rule 22 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2361, Gaffney BPW additionally moves this Court for an order restraining Blockquarry and Litchain from prosecuting claims relating to their entitlement to any portion of the utility deposit and/or the Cryptocurrency Mining Equipment in any other court proceedings.

Finally, upon the issuance of an order granting Gaffney BPW's Motion to Deposit, Gaffney BPW asks this Court for an order dismissing claims relating to the Deposit Refund and Cryptocurrency Mining Equipment against it with prejudice, as the utility does not make an independent claim to the Deposit Refund or to the Cryptocurrency Mining Equipment and is, instead, a mere innocent stakeholder with respect to the dispute between Blockquarry and Litchain that seeks to be relieved from legal liability for deciding the competing claims and storing the Cryptocurrency Mining Equipment during the pendency of this litigation.

WHEREFORE, based on the foregoing, Gaffney BPW moves this Court for an order granting its Motion for Leave to Deposit. In support of this Motion, Gaffney BPW additionally

relies on the contemporaneously filed Memorandum, all supporting law, and any arguments made before the Court.

Respectfully submitted,

POPE FLYNN, LLC

July 10, 2023    By:    /s/ Virginia P. Bozeman
Virginia P. Bozeman (Fed. Bar No. 13476)
Lawrence E. Flynn III (Fed. Bar No. 14000)
1411 Gervais Street, Suite 300
Columbia, SC 29201
Phone: (803) 354-4900
Fax: (803) 354-4899
gbozeman@popeflynn.com
lflynn@popeflynn.com

**ATTORNEYS FOR GAFFNEY BPW**