IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Blockquarry Corp. f/k/a ISW Holdings, Inc., ) | Civil Action No. 7:23-cv-01427-TMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | **MEMORANDUM IN SUPPORT OF** |
| Litchain Corp. and Gaffney Board of Public ) | **DEFENDANT/COUNTERCLAIMANT/** |
| Works, ) | **CROSSCLAIMANT GAFFNEY** |
| ) | **BOARD OF PUBLIC WORKS'** |
| Defendants. ) | **MOTION FOR LEAVE TO DEPOSIT** |
| ) | |
| Gaffney Board of Public Works, ) | |
| ) | |
| Defendant/Counter and ) | |
| Cross Claimant, ) | |
| v. ) | |
| ) | |
| Blockquarry Corp. f/k/a ISW Holdings, Inc., ) | |
| ) | |
| Counterclaim Defendant, ) | |
| and ) | |
| ) | |
| Litchain Corp., ) | |
| ) | |
| Crossclaim Defendant. ) | |

Comes now Defendant/Counterclaimant/Crossclaimant, Gaffney Board of Public Works, South Carolina ("Gaffney BPW"), and pursuant to Rules 22 and 67 of the Federal Rules of Civil Procedure, Local Rule 67.1 DSC, 28 U.S.C. § 2361, and all supporting law, submits this Memorandum in Support of its Motion for Leave to Deposit:

**FACTS AND PROCEDURAL HISTORY**

This lawsuit arises as the result of the operation of a cryptocurrency mining facility on property owned by Gaffney BPW located at 150 Hyatt Street, Gaffney, South Carolina 29341 (the

"Premises") pursuant to a ground lease between Gaffney BPW and Defendant/Crossclaim Defendant, Litchain Corp. ("Litchain"). (D.E. 23). Gaffney BPW additionally provided electrical services to the Premises for the purpose of cryptocurrency mining pursuant to a "Special Agreement for Electric Utility Service to Litchain Corporation between Litchain and Gaffney BPW" (the "Utility Agreement"). *Id*. Gaffney BPW and Litchain were the only parties to the Utility Agreement. *Id*. Plaintiff/Counterclaim Defendant Blockquarry Corp. f/k/a ISW Holdings, Inc. ("Blockquarry") was never a party to the ground lease or Utility Agreement. *Id*.

Per the standard policies of Gaffney BPW, the Utility Agreement required Litchain to pay a deposit to Gaffney BPW equal to the average of the two highest month's electrical utility bills in order to secure complete and timely payment of the associated utility bills. (D.E. 26-1, ¶ 4). The deposit paid by or on behalf of Litchain totaled $1,387,895.20. (D.E. 26-1, ¶ 5). Upon the termination of the Utility Agreement due to nonpayment, the following power bills remained outstanding: January and February bills and fees of $679,097.23; March bill and fees of $77,825.30; and April bill of $73,475.48, for a total of $830,398.01 owed in past due utility bills. (D.E. 26-1, ¶ 13).

Additionally, Gaffney BPW spent substantial sums of money to upfit the Premises for use as a cryptocurrency mining facility. (D.E 26-1, ¶ 16). The term of the Utility Agreement was eight years. (D.E. 23-3). In the event of early termination, Gaffney BPW reserved the right to offset the utility deposit with the expenses it incurred when initiating service, including without limitation the expense of all regulators, conductor, and metering equipment. (D.E. 23-6). The related initial expenses of Gaffney BPW totaled $117,319.00, broken down as follows: $64,296.00 for 400 regulators; $20,638.00 for regulator bypass switches, $6,032.00 for a concrete pad; $22,249.00 for

2

primary meter & .556 wire; and $4,104.00 for site lighting. (D.E. 26-1, ¶ 16). These amounts also remain outstanding. *Id*.

After offsetting the total utility deposit of $1,387,895.20 with the outstanding utility bills and amount spent by Gaffney BPW to prepare the site to receive the electricity necessary to operate a cryptocurrency mining site, a balance of $440,178.19 remains (the "Deposit Refund"). Gaffney BPW is ready and willing to return this Deposit Refund to Litchain, the party with whom Gaffney BPW contracted and on whose behalf the deposit was paid. (D.E. 26-1, ¶ 18). However, due to the competing claims of entitlement to this Deposit Refund by Blockquarry and Litchain,[1] Gaffney BPW seeks to avoid liability for deciding the claims itself and instead wishes to interplead the Deposit Refund into the registry of the Court pending final order and judgment as to its proper distribution.

Litchain is also in breach of its ground lease with Gaffney BPW for the use of the Premises as a cryptocurrency mining facility and owes Gaffney BPW outstanding lease payments of $12,718.64. (D.E. 26-1, ¶ 18). Gaffney BPW seeks to recover these outstanding amounts through the breach of contract claim asserted against Litchain in its Amended Answer to Plaintiff's Complaint and Amended Counterclaim and Amended Crossclaim for Interpleader, Declaratory Judgment, and Breach of Contract. (D.E. 23). The outstanding $12,718.64 owed to Gaffney BPW has not been deducted from the Deposit Refund the utility seeks to deposit.

The Cryptocurrency Mining Equipment includes twenty storage containers located on the Premises that together total approximately 10,000 square feet. (D.E. 23-3; 26-1, ¶ 29). Those

---

[1] Gaffney BPW referenced claims made by Bitmain and BEEQB, LLC in its Response to Plaintiff's Motion for Preliminary Injunction (D.E. 26) and Affidavit of Donnie L. Hardin (D.E. 26-1). Upon information and belief, the servers to which Bitmain and BEEQB, LLC assert entitlement to are included with the 5,000 Bitcoin mining servers owned by Blockquarry's clients over which Blockquarry claims to be a bailee. (D.E. 1, ¶ 30).

containers are lined with shelves that house thousands of servers used for mining cryptocurrency. *Id*. Following the termination of the ground lease, Gaffney BPW padlocked the Premises to keep it secure. (D.E. 23; D.E. 26-1, ¶ 21). Gaffney BPW has since received competing demands for the return of the Cryptocurrency Mining Equipment from parties Litchain and Blockquarry. (D.E. 23; D.E. 26-1, ¶ 22). Third parties Bitmain and BEEQB LLC have additionally contacted counsel for Gaffney BPW regarding their ownership of servers left on the premises. *Id*. Bitmain and BEEQB LLC are presumably the clients of Blockquarry, or clients of Blockquarry's clients, for whom Blockquarry alleges it acts as bailee and to whom it will return the requested servers once the Premises becomes accessible or when ordered to do so by the Court. (D.E. 1, ¶ 30).

To the extent possible, Gaffney BPW additionally asks this Court to accept the physical deposit of the Cryptocurrency Mining Equipment into the Court for safekeeping pending its determination as to the proper distribution of the equipment. In the likely event the physical deposit of the Cryptocurrency Mining Equipment is not possible due to its quantity and size, Gaffney BPW is willing to securely keep the Cryptocurrency Mining Equipment on the Premises, where it has been since the termination of all associated agreements, pending the final order and judgment of this Court as to its proper distribution. Should this Court order Gaffney BPW to securely house the Cryptocurrency Mining Equipment, Gaffney BPW additionally asks the Court to order Blockquarry and Litchain to adequately insure the Cryptocurrency Mining Equipment during the pendency of this lawsuit and to indemnify Gaffney BPW from any and all losses, liabilities, expenses, and/or claims for damages of any nature whatsoever relating to the Cryptocurrency Mining Equipment arising out of, relating to, or occurring during the time period that the Cryptocurrency Mining Equipment has been kept on the Premises, including, without limitation, during the pendency of this lawsuit. In addition, if the equipment must be stored at a specific

temperature in order for it to remain operable once distributed, Gaffney BPW asks this Court for an order requiring Blockquarry and Litchain to pay for the necessary cooling of the Premises pending the final order of this Court as to its proper distribution. In the alternative, Gaffney BPW asks this Court for whatever mechanism of deposit it deems sufficient and most appropriate to protect it from all potential liability associated with the Cryptocurrency Mining Equipment, to which it does not assert any independent claims of ownership or right to use, pending the final conclusion of this litigation.

## **LAW AND ARGUMENT**

Federal Rule of Civil Procedure 22 provides that interpleader is appropriate when a plaintiff may be "expose[d] to double or multiple liability." Fed. R. Civ. P. 22(a)(1). It is "a procedural device that allows a disinterested stakeholder to bring a single action joining two or more adverse claimants to a single fund." *Costal Rehab. Serv., P.A. v. Cooper*, 255 F. Supp. 2d 556, 558 (D.S.C. 2003) (internal citations omitted). It is "an equitable remedy designed to protect the stakeholder from multiple, inconsistent judgments and to relieve it of the obligation of determining which claimant is entitled to the fund." *Id*. Rule 22 does not require a deposit in order for the court to assert jurisdiction over an interpleader claim. *See*, *e.g.*, *Wright, Worley, Pope, Ekster & Moss, PLLC v. Smith*, No. 4:21-02222-JD-KDW, 2022 WL 3691511, at *1 n.1 (D.S.C. July 5, 2022); *see also Murphy v. Travelers Ins. Co*., 534 F.2d 1155, 1159 (5th Cir. 1976).

Federal Rule of Civil Procedure 67 provides the procedural mechanism by which funds and other tangible deliverables that are the subject of an interpleader action may be deposited into the court if requested by the plaintiff. Fed. R. Civ. P. 67. It permits a party, on notice to the other parties and with leave of court, to deposit all or part of a sum of money or other deliverable thing with the court, regardless of whether the party claims entitlement to some or all of it. *Id*. Deposit

under Rule 67 is typically applied in matters where the deposited funds or disbursement of other deliverable thing are "in dispute." *BCD, LLC v. BMW Mfg. Co., LLC*, No. 6:05-CV-02152-GRA, 2008 WL 11456137, at *1 (D.S.C. June 5, 2008) (internal citations omitted). The purpose is "to relieve the depositor of responsibility for a fund in dispute, such as an interpleader action." *Id.*, quoting 12 Charles Wright and Arthur Miller, Federal Practice and Procedure ¶ 2991 (1973)). The decision as to whether to grant leave to deposit pursuant to Rule 67 is within the sound discretion of the trial court. *Se. Cinema Ent., Inc. v. P.B. Realty, Inc.*, No. 9:06-CV-02639, 2007 WL 9752858, at * 2 (D.S.C. May 31, 2007).

Gaffney BPW has filed counter and crossclaims for interpleader seeking: 1) an order from this Court as to the proper disbursement of the deposit paid under the Utility Agreement entered into between Litchain and Gaffney BPW following the closure of the associated utility account; and 2) the distribution of the Cryptocurrency Mining Equipment left on the Premises following the termination of the ground lease between Litchain and Gaffney BPW. (D.E. 23). Blockquarry and Litchain have asserted completing claims to both the return of the utility deposit and the Cryptocurrency Mining Equipment. *Id*. Thus, the Deposit Refund and other tangible deliverables that Gaffney BPW seeks to deposit are in dispute, making deposit appropriate. *Id*.

The entire utility deposit paid and referenced in Blockquarry's Complaint totaled $1,387,895.20. (D.E. 1; D.E. 23). However, the deposit left per the Utility Agreement following the offset of the original deposit with the outstanding utility bills and amount spent by Gaffney BPW to prepare the site to receive the electricity necessary to operate a cryptocurrency mining site and referred to herein as the Deposit Refund totals $440,178.19. *Id*. Gaffney BPW currently seeks to deposit the Deposit Refund of $440,178.19, not the original utility deposit in its entirety.

6

The amount Gaffney BPW seeks to deposit is sufficient given the claims asserted by the parties. The utility deposit was paid on behalf of Litchain to Gaffney BPW pursuant to a Utility Agreement between Litchain and Gaffney BPW only. (D.E. 23-3). The current dispute as to the return of the remaining utility deposit stems as the result of interactions between Blockquarry and Litchain to which Gaffney BPW was not a party, payments allegedly made by Blockquarry on behalf of Litchain over which Gaffney BPW had no control, purported demands made by Litchain against Blockquarry over which Gaffney BPW had no control, and actions of Litchain over which Gaffney BPW had no control. (D.E. 1). Gaffney BPW is a mere innocent stakeholder as to the dispute between Blockquarry and Litchain that has resulted in the completing claims to the return of the deposit. Requiring the deposit of more than the Deposit Refund remaining per the terms of the Utility Agreement would have an improper punitive affect on Gaffney BPW when it simply seeks to avoid liability for the return of the Deposit Refund to the wrong claimant and has come to this Court in good faith seeking relief in the form of interpleader.

Competing claims to the utility deposit and Cryptocurrency Mining Equipment have likewise been asserted by parties Blockquarry and Litchain. (D.E. 23). In addition, third parties Bitmain and BEEQB LLC, purported owners of servers currently locked on the Premises for whom Blockquarry allegedly acts as bailee and to whom Blockquarry will allegedly return the servers upon the order of this Court, continue to inquire as to the status of this litigation and the date their servers will be returned. (D.E. 23; *see also* D.E. 1, ¶30). So that it may be absolved from liability associated with its continued housing of the Cryptocurrency Mining Equipment pending the resolution of the claims currently before the Court, Gaffney BPW additionally seeks physical deposit of the equipment into the Court. In the event physical deposit is not possible and the Court requires Gaffney BPW to continue to securely house the Cryptocurrency Mining Equipment,

Gaffney BPW seeks an order requiring Blockquarry and Litchain to obtain and pay for general liability insurance in an amount equal to or in excess of the value of the Cryptocurrency Mining Equipment that names Gaffney BPW, its officers, employees, and agents as additional insureds for the duration of this litigation; for an order requiring Blockquarry and Litchain to indemnify Gaffney BPW from all losses, liabilities, expenses, and/or claims for damages of any nature whatsoever relating to the Cryptocurrency Mining Equipment arising out of, relating to, or occurring during the time period that the Cryptocurrency Mining Equipment has been kept on the Premises, including, without limitation, during the pendency of this lawsuit; and to the extent the Cryptocurrency Mining Equipment must be stored at a specific temperature in order for it to remain operable upon distribution per the final resolution of this matter, an order requiring Blockquarry and Litchain to pay for the necessary cooling of the Premises. In the alternative, Gaffney BPW asks this Court for such other mechanism of deposit that it deems sufficient and most appropriate.

Pursuant to Rule 22 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2361, Gaffney BPW additionally moves this Court for an order restraining Blockquarry and Litchain from prosecuting claims relating to their entitlement to any portion of the utility deposit and/or the Cryptocurrency Mining Equipment in any other court proceedings.

Finally, pursuant to Rule 22 of the Federal Rules of Civil Procedure and related law, upon the issuance of an order granting Gaffney BPW's Motion to Deposit, Gaffney BPW asks this Court for an order dismissing all claims relating to the Deposit Refund and Cryptocurrency Mining Equipment against it with prejudice, as the utility does not make an independent claim to the Deposit Refund or to the Cryptocurrency Mining Equipment and is, instead, a mere innocent stakeholder with respect to the dispute between Blockquarry and Litchain that seeks to be relieved

from legal liability for deciding the competing claims and storing the Cryptocurrency Mining Equipment during the pendency of this litigation.

## CONCLUSION

In light of the foregoing, Gaffney BPW asks this Court for an order granting its Motion for Leave to Deposit. Upon the compliance of Gaffney BPW with the instructions of this Court as to the proper deposit of the remaining utility deposit and Cryptocurrency Mining Equipment, Gaffney BPW additionally asks this Court for an order dismissing all claims asserted against it relating to the deposit and Cryptocurrency Mining Equipment with prejudice.

Respectfully submitted,

POPE FLYNN, LLC

July 10, 2023    By:   /s/ Virginia P. Bozeman
Virginia P. Bozeman (Fed. Bar No. 13476)
Lawrence E. Flynn III (Fed. Bar No. 14000)
1411 Gervais Street, Suite 300
Columbia, SC 29201
Phone: (803) 354-4900
Fax: (803) 354-4899
gbozeman@popeflynn.com
lflynn@popeflynn.com

**ATTORNEYS FOR GAFFNEY BPW**