IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Blockquarry Corp. f/k/a ISW Holdings, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Litchain Corp. and Gaffney Board of Public Works, <br><br> Defendants. | C/A No.: 7:23-cv-01427-TMC <br><br><br><br><br> **JOINT RULE 26(f) REPORT AND JOINT LOCAL RULE 26.03 (D.S.C.) INTERROGATORY RESPONSES** |
| Gaffney Board of Public Works, <br><br> Counter-/Cross-Claimant, <br><br> v. <br><br> Blockquarry Corp. f/k/a ISW Holdings, Inc., Counterclaim Defendant, and Litchain Corp., Crossclaim Defendant. | |

**TO:    THE UNITED STATES DISTRICT COURT:**

Plaintiff Blockquarry Corp. f/k/a ISW Holdings, Inc. ("Plaintiff") and Defendant, Counterclaimant, Crossclaimant Gaffney Board of Public Works ("Gaffney BPW") have conferred and jointly submit the following Rule 26(f) Discovery Plan pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Civ. Rule 26.03 (D.S.C.).

**RULE 26(f) DISCOVERY PLAN**

(A)    What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.

**RESPONSE:** **The parties have consented to waive the initial disclosures required under Rule 26(a)(1) subject to any instruction from the Court to the contrary.**

(B)     The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.

**RESPONSE:** **Discovery may be needed on the facts and circumstances surrounding the underlying incidents giving rise to the allegations of Plaintiffs' Complaint and Gaffney BPW's Amended Counterclaim and Amended Crossclaim, as well as damages. Discovery should be completed by the date noted in the Court's previously entered scheduling order.**

(C)     Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.

**RESPONSE:** **The parties do not anticipate issues regarding discovery of electronically stored information at this time.**

(D) Any issues about claims of privilege or of protection as trial-preparation materials, including, if the parties agree on a procedure to assert these claims after production, whether to ask the court to include their agreement in an order.

**RESPONSE:** **No issues regarding claims of privilege or protection as to trial preparation materials have yet arisen in the case. The parties will advise the court in writing if any such issues arise.**

(E) What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.

**RESPONSE: The parties are not aware of any changes that should be made in the limitations on discovery at this time.**

(F) Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

**RESPONSE:** None at this time.

## II. LOCAL CIVIL RULE 26.03 INTERROGATORY RESPONSES

(1) A short statement of the facts of the case.

**RESPONSE: This case arises out of disputes pertaining to the leasing of real estate and provision of utilities for a cryptocurrency mining site. Plaintiff has pleaded causes of action for declaratory judgment, injunctive relief, wrongful eviction, and abuse of process. GBW has generally denied the allegations of Plaintiff's Complaint and has raised cross- and counterclaims for interpleader, declaratory judgment, and breach of contract.**

(2)     The names of the fact witnesses likely to be called by the party and a brief summary of their expected testimony.

**RESPONSE:**

a. **Corporate representative(s) of Plaintiff Blockquarry Corp. f/k/a ISW Holdings, Inc. are expected to testify to the facts and circumstances surrounding the incidents described in Plaintiff's Complaint and Gaffney BPW's Amended Counterclaim and Amended Crossclaim, including their dealings with and representations made by Defendant Litchain Corp. pertaining to the lease and other agreements regarding the subject premises.**

b. **Alonzo Pierce. Mr. Pierce is expected to testify in his capacity as an officer of Plaintiff Blockquarry regarding the facts and circumstances surrounding the incidents described in Plaintiff's Complaint and Gaffney BPW's Amended Counterclaim and Amended Crossclaim, including his dealings with and**

3

representations made by Defendant Litchain Corp. pertaining to the lease and other agreements regarding the subject premises.

c. **Corporate representative(s) of Defendant Gaffney BPW** are expected to testify to the facts and circumstances surrounding the incidents described in Plaintiff's Complaint and Gaffney BPW's Amended Counterclaim and Amended Crossclaim, including without limitation their dealings with and representations made by Defendant Litchain Corp. pertaining to the lease and other agreements regarding the subject premises.

d. **Donnie Hardin, General Manager of Gaffney Board of Public Works.** Mr. Hardin is expected to testify to the facts and circumstances surrounding the incidents described in Plaintiff's Complaint and Gaffney BPW's Amended Counterclaim and Amended Crossclaim, including without limitation his dealings with and representations made by Defendant Litchain Corp. pertaining to the lease and other agreements regarding the subject premises.

e. **Cory Cox, Operations Engineer of Gaffney Board of Public Works.** Mr. Cox is expected to testify to the facts and circumstances surrounding the incidents described in Plaintiff's Complaint and Gaffney BPW's Amended Counterclaim and Amended Crossclaim, including without limitation his dealings with and representations made by Defendant Litchain Corp. pertaining to the lease and other agreements regarding the subject premises.

f. **Corporate representative(s) of Defendant Litchain Corp.** are expected to testify to the facts and circumstances surrounding the incidents described in Plaintiff's Complaint and Gaffney BPW's Amended Counterclaim and Amended

      **Crossclaim, including their dealings with and representations made by the other parties pertaining to the lease and other agreements regarding the subject premises.**

    **g. Antonia Tate. Mr. Tate is expected to testify both individually and in his capacity as an officer of Defendant Litchain Corp. regarding the facts and circumstances surrounding the incidents described in Plaintiff's Complaint and Gaffney BPW's Amended Counterclaim and Amended Crossclaim, including his dealings with and representations made to the other parties pertaining to the lease and other agreements regarding the subject premises.**

    **h. Any other witnesses of which the parties may become aware throughout the course of discovery.**

(3)    The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).

    **RESPONSE:** **No expert witnesses have been identified at this time.**

(4)    A summary of the claims or defenses with statutory and/or case citations supporting same.

    **RESPONSE:** **Plaintiff has pleaded causes of action for declaratory judgment under 28 U.S.C.A. §§ 2201 and 2202, injunctive relief (*see* Rule 65, FED. R. CIV. P.), wrongful eviction (*see, e.g., Thomas v. Hancock,* 271 S.C. 273, 246 S.E.2d 604 (1978)), and abuse of process (*see, e.g., Pallares v. Seinar,* 407 S.C. 359, 756 S.E.2d 128 (2014)). Defendant Gaffney BPW has generally denied the allegations of Plaintiff's Complaint and has raised cross- and counterclaims for interpleader (*see* Rule 22, FED. R. CIV. P.), declaratory judgment under 28**

5

**U.S.C.A. §§ 2201 and 2202, and breach of contract (***see, e.g., Floyd v. Country Squire Mobile Homes, Inc.,* **287 S.C. 51, 336 S.E.2d 502 (Ct. App. 1985)).**

(5)     Absent special instructions from the assigned Judge, the parties shall propose dates for the following deadlines listed in local Civil Rule 16.02.

**RESPONSE:**

a. **Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures: the parties propose that the existing dates in the Court's previously entered scheduling order should stand.**

b. **Completion of Discovery: the parties propose that the existing date in the Court's previously entered scheduling order should stand.**

(6)     Any special circumstances that would affect the time frames applied in preparing the scheduling order:

**RESPONSE: None.**

(7)     Any additional information requested in the Pre-Scheduling Order or otherwise requested by the assigned judge.

**RESPONSE: None at this time.**

*~ Signature Page to Follow ~*

6

|  |  |
|---|---|
|  | Respectfully submitted, |
| June 30, 2023 | FOX ROTHSCHILD LLP |
|  | 2 W. Washington Street<br>Suite 1100<br>Greenville, SC 29601<br>Tel:   864.751.7600 |
| Greenville, South Carolina | */s/William A. Neinast*<br>R. Taylor Speer<br>Federal ID# 12267<br>tspeer@foxrothschild.com |
|  | William A. Neinast<br>Federal ID# 13172<br>wneinast@foxrothschild.com |
|  | ***Attorneys for Plaintiff Blockquarry Corp. f/k/a ISW Holdings, Inc.*** |

POPE FLYNN, LLC

By: */s/ Virginia P. Bozeman*
Virginia P. Bozeman (Fed. Bar No. 13476)
1411 Gervais Street
Suite 300
Columbia, SC 29201
Phone: (803) 354-4947
Fax: (803) 354-4899
gbozeman@popeflynn.com

***Attorneys for Gaffney Board of Public Works***