IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Blockquarry Corp. f/k/a ISW Holdings, Inc., | ) | Civil Action No. 7:23-cv-01427-TMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **DEFENDANT/COUNTERCLAIMANT/** |
| Litchain Corp. and Gaffney Board of Public Works, | ) | **CROSSCLAIMANT GAFFNEY BOARD OF PUBLIC WORKS'** |
| | ) | **STATUS REPORT AND MOTION** |
| Defendants. | ) | **FOR SERVICE BY PUBLICATION** |
| | ) | **AND EXTENSION OF TIME TO** |
| | ) | **SERVE AMENDED CROSSCLAIM** |
| Gaffney Board of Public Works, | ) | |
| | ) | |
| Defendant/Counter and Crossclaimant, | ) | |
| v. | ) | |
| | ) | |
| Blockquarry Corp. f/k/a ISW Holdings, Inc., | ) | |
| | ) | |
| Counterclaim Defendant, | ) | |
| and | ) | |
| | ) | |
| Litchain Corp., | ) | |
| | ) | |
| Crossclaim Defendant. | ) | |

Comes now Defendant/Counterclaimant/Crossclaimant, Gaffney Board of Public Works, South Carolina ("Gaffney BPW"), and pursuant to Rules 4 and 5 of the Federal Rules of Civil Procedure, Rule 13(g) of the Federal Rules of Civil Procedure, S.C. Code Ann. § 15-9-240, Fla. Stat. §§ 49.011, 49.021, and Local Civ. Rule 4.01 (D.S.C.) submits this Status Report and Motion for Service by Publication and Extension of Time to Serve Amended Crossclaim.

In support of this Motion, Gaffney BPW relies on the verified status report filed by Plaintiff/Counterclaim Defendant Blockquarry Corp. f/k/a ISW Holdings, Inc. ("Blockquarry") on

May 31, 2023 (ECF No. 27); Plaintiff's Motion for Section 15-9-240(c) Service, Extension of Time to Serve, and, in the Alternative, Service by Publication and supporting documents filed on June 19, 2023 (ECF No. 36); the text order of this Court granting Blockquarry's request to serve Defendant/Crossclaim Defendant Litchain Corp. ("Litchain") by publication and extending the time period for service to allow said publication entered on June 22, 2023 (ECF No. 37); and the Notice of Action filed on July 7, 2023 (ECF No. 41), all of which are incorporated by reference as if restated herein verbatim.

In addition, Gaffney BPW states as follows:

1.      On April 7, 2023, Blockquarry filed its Complaint against Gaffney BPW and Litchain, alleging, in part, that it is entitled to the return of a utility deposit paid on behalf of Litchain to Gaffney BPW for the provision of electrical, water, and sewer services to property located at 150 Hyatt Place, Gaffney, South Carolina (the "Premises"), owned by Gaffney BPW and leased to Litchain, for the operation of a cryptocurrency mining site and to the return of cryptocurrency mining equipment and other personal property left on the Premises after Gaffney BPW terminated the lease and utility services due to the breach of several material contract provisions, including nonpayment of the monthly rent and utility bills. (ECF No. 1).

2.      On April 10, 2023, this Court issued summonses to Gaffney BPW and Litchain. (ECF No. 5).

3.      Litchain was to be personally served at: Litchain Corp., c/o Tony Tate, 118 ½ Willis Plaza, Gaffney South Carolina 29340, the registered agent and address on file with the South Carolina Secretary of State at the time. (ECF No. 27). This continues to be the registered agent and address for Litchain on file with the South Carolina Secretary of State per its website. *See*

https://businessfilings.sc.gov/BusinessFiling/Entity/Profile/9b7723ce-84a1-4aed-b416-635be8d6462c.

4.  Gaffney BPW filed its Answer to Plaintiff's Complaint and Counterclaim and Crossclaim for Interpleader, Declaratory Judgment, and Breach of Contract on May 1, 2023, in which it asserted counter and crossclaims for interpleader of the utility deposit, "in the nature of interpleader" with respect to the utility deposit, interpleader of the cryptocurrency mining equipment and other personal property left on the premises, and related declaratory judgments. (ECF No. 15). It additionally asserted crossclaims against Litchain for breach of contract (lease agreement), breach of contract (utility agreement), and a declaratory judgment finding that a nondisclosure and non-circumvention agreement between Litchain and Gaffney BPW relating to the use of Gaffney BPW's property for cryptocurrency mining purposes is ultra vires, invalid, void, and/or unenforceable. *Id*.

5.  On May 22, 2023, within twenty-one days of filing its first answer, Gaffney BPW filed its Amended Answer to Plaintiff's Complaint and Amended Counterclaim and Amended Crossclaim for Interpleader, Declaratory Judgment, and Breach of Contract ("Amended Answer, Amended Counterclaim, and Amended Crossclaim"). (ECF No. 23).

6.  Each time Gaffney BPW has filed a pleading or other document in this matter, it has provided a copy to Litchain by sending it U.S. Mail, postage prepaid, to Tony Tate at 118 ½ Willis Plaza, Gaffney South Carolina 29340 and by emailing Mr. Tate at litchaincorp@gmail.com and tony@saltbloq.com. All correspondence mailed to 118 ½ Willis Plaza, Gaffney South Carolina 29340 has been returned as undeliverable. The email addresses appear to be valid, as the emails do not bounce back as undeliverable and, on occasion, Mr. Tate responds.

7. On May 31, 2023, Blockquarry filed a verified status report documenting its extensive efforts to serve Litchain, which included attempts to personally serve Litchain at four different addresses – the South Carolina address on file with the South Carolina Secretary of State, the primary corporate address on file with the Florida Secretary of State, and two additional Florida addresses. (ECF No. 27). None of these addresses proved to be good addresses for Tony Tate or Litchain, making it appear that Mr. Tate has provided bad addresses to the South Carolina Secretary of State and Florida Secretary of State in an effort to evade service. *Id*.

8. Based on Blockquarry's inability to achieve personal service on Litchain despite its due diligence, on Jine 19, 2023, Blockquarry filed a Motion for Section 19-9-240(c) Service, Extension of Time to Serve, and, in the Alternative, Service by Publication. (ECF No. 36). Blockquarry relied on its verified status report in support of this motion, which described all attempts to serve Litchain and explained why service could not be perfected. *Id*. Blockquarry requested service via publication pursuant to South Carolina Code Annotated Section 15-9-710(1), proposed *The Gaffney Ledger* as the publication "most likely to give notice to the person to be served," and contended the statutorily described publication time of "once week for three weeks" would be sufficient to put Litchain on notice of the lawsuit. *See* S.C. Code Ann. § 15-9-740. Blockquarry additionally requested service by publication in Florida and proposed the *Sanford Herald* as the newspaper of publication because it is published in Seminole County, Florida, the county in which the court would sit if Litchain were sued in the county of its principal office. *See* Fla. Stat. § 49.10(1)(a). Pursuant to Florida law, Blockquarry indicated this notice would be published once a week for four consecutive weeks. *Id*. Copies of the notices published in South Carolina and Florida would also be sent to Litchain's principal office at 3414 W. Lake Mary

4

Boulevard, Suite 950702, Lake Mary, Florida 32795 via U.S. Mail, postage prepaid. *See* S.C. Code Ann. § 15-9-740; Fla. Stat. § 49.12.

9.  On June 22, 2023, this Court partially granted Blockquarry's motion, stating:

> The court hereby <u>GRANTS in part and DENIES in part</u> Plaintiff's motion (ECF No. 36). According to Plaintiff's verified status report, Plaintiff attempted to have Litchain personally served at its principal office, 3415 West Lake Mary Blvd., Suite 950702, Lake Mary, Florida 32795, on April 15, 2023, at which point it was discovered that the address is in fact a United States Postal Service ("USPS") office. (ECF Nos. 27 at 4; 27-3 at 1). Based on this information, the court finds it likely would be futile to attempt service by certified mail to this address, as permitted by S.C. Code Ann. § 15-9-240(c) and, therefore, <u>DENIES</u> Plaintiff's motion to the extent it seeks to serve Litchain solely pursuant to § 15-9-240(c). Instead, the court <u>GRANTS</u> Plaintiff's alternative request for service by publication and <u>DIRECTS</u> Plaintiff to serve Litchain pursuant to Rule 4(e)(1), S.C. Code Ann. § 15-9-10, and Fla. Stat. Ann. §§ 49.011, 49.021, 49.10, and to mail a copy of the summons and Complaint by regular mail to Litchain's principal office, as set forth in the motion (ECF No. 36-1 at 6, 7). Additionally, in order to give Plaintiff sufficient time in which to perfect service on Litchain as directed above, the court also <u>GRANTS</u> Plaintiff's request for an extension of time in which to serve Litchain. Plaintiff's deadline to serve Litchain was set to expire on July 6, 2023, see (ECF No. 1); Fed. R. Civ. P. 4(m), and the court grants Plaintiff an additional forty-seven (47) days, making the new deadline <u>Tuesday, August 22, 2023</u>. IT IS SO ORDERED.

Text Order dated June 22, 2023 (ECF No. 37).

10.  On July 7, 2023, the Court filed a Notice of Action re [37] Order on Motion for Service by Publication notifying Litchain of the pending action for compensatory, injunctive, and declaratory relief pending against it in the District Court of the United States for the District of South Carolina Spartanburg Division. (ECF No. 41).

11.  Upon information and belief, Blockquarry perfected service of its Summons and Complaint on Blockquarry last week via publication for at least three consecutive weeks in *The Gaffney Ledger* and four consecutive weeks in the *Sanford Herald*, and the time for Litchain to answer has not yet expired, so Litchain is not currently in default.

12. Based on the foregoing, Gaffney BPW asks this Court to allow it to rely on the summons to Litchain previously issued by this Court and the notice of action already published in *The Gaffney Ledger* and *Sanford Herald* and require Litchain to answer the Amended Crossclaim filed by Gaffney BPW on May 22, 2023, within twenty-one days of the above-referenced final date of publication.

13. In the alternative, Gaffney BPW asks this Court to issue summons to Litchain on its behalf and, due to the futility of personal service evidenced by Blockquarry's verified status report (ECF No. 27) and noted in the Court's text order (ECF No. 37), grant it leave to serve the summons and amended crossclaim by publication in *The Gaffney Ledger* and *Sanford Herald* once a week for four consecutive weeks. The summons and proposed publication language have been contemporaneously submitted to this Court as Exhibit 1 and Exhibit 2 respectively.

14. If this Court requires separate service by publication of the amended crossclaim filed by Gaffney BPW against Litchain, Gaffney BPW additionally asks this Court for an extension of the deadline for service. Gaffney BPW filed its amended cross-complaint on May 22, 2023, making the ninety day deadline for service August 21, 2023. Extending the deadline for service by forty-five days would give Gaffney BPW until Friday, September 29, 2023, to perfect service.

15. Pursuant to Local Civ. Rule 7.02 (D.S.C.), undersigned counsel represents that she has conferred with counsel for Blockquarry, who consented to the relief sought.

16. Undersigned counsel further represents that prior to filing this Motion, she attempted to contact Litchain in a good faith effort to resolve all service issues, including the relief sought herein, and has been unable to do so.

17. Pursuant to Local Civ. Rule 7.04 (D.S.C.), a supporting memorandum is not required because a full explanation of the relief sought is set forth above, so a memorandum would not serve a useful purpose.

WHEREFORE, premises considered, Gaffney BPW moves this Court for an order granting its Motion for Service by Publication and, if publication separate from that already perfected by Blockquarry is required, additionally grant its Motion for an Extension of Time to Serve Amended Crossclaim so that separate summons may be issued and the summons and amended crossclaim can be served by publication in the manner prescribed by the laws of South Carolina and Florida.

Respectfully submitted,

POPE FLYNN, LLC

August 21, 2023      By:   /s/ Virginia P. Bozeman
Virginia P. Bozeman (Fed. Bar No. 13476)
Lawrence E. Flynn III (Fed. Bar No. 14000)
1411 Gervais Street, Suite 300
Columbia, SC 29201
Phone: (803) 354-4900
Fax: (803) 354-4899
gbozeman@popeflynn.com
lflynn@popeflynn.com

**ATTORNEYS FOR GAFFNEY BPW**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies this Memorandum was served on Plaintiff, Blockquarry Corp. f/k/a ISW Holdings, Inc., on August 21, 2023, via the Court's electronic filing system and on Defendant, Litchain Corp., electronically at litchaincorp@gmail.com and via U.S. Mail, postage prepaid, the same date, at the below last known address:

>Litchain Corp.
>Attn: Tony Tate
>118 1/2 Willis Plaza
>Gaffney, SC 29340

/s/ Virginia P. Bozeman