IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Blockquarry Corp. f/k/a ISW Holdings, Inc., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Litchain Corp. and Gaffney Board of Public )<br>Works, )<br>)<br>Defendants. )<br>_____)<br>)<br>Gaffney Board of Public Works, )<br>)<br>Defendant/Counter and )<br>Crossclaimant, )<br>v. )<br>)<br>Blockquarry Corp. f/k/a ISW Holdings, Inc., )<br>)<br>Counterclaim Defendant, )<br>and )<br>)<br>Litchain Corp., )<br>)<br>Crossclaim Defendant. )<br>_____) | Civil Action No. 7:23-cv-01427-TMC<br><br>**CROSSCLAIMANT, GAFFNEY BOARD OF PUBLIC WORKS', REQUEST FOR ENTRY OF DEFAULT AS TO CROSSCLAIM DEFENDANT, LITCHAIN CORP.** |

Crossclaimant, Gaffney Board of Public Works ("Gaffney BPW"), hereby requests entry of default as to Crossclaim Defendant, Litchain Corp. ("Litchain"), pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. In support of this request, Litchain states as follows:

1.  On April 7, 2023, Blockquarry filed its Complaint against Gaffney BPW and Litchain, alleging, in part, that it is entitled to the return of a utility deposit paid on behalf of Litchain to Gaffney BPW for the provision of electrical, water, and sewer services to property located at 150 Hyatt Place, Gaffney, South Carolina (the "Premises"), owned by Gaffney BPW

and leased to Litchain, for the operation of a cryptocurrency mining site and to the return of cryptocurrency mining equipment and other personal property left on the Premises after Gaffney BPW terminated the lease and utility services due to the breach of several material contract provisions, including nonpayment of the monthly rent and utility bills. (ECF No. 1).

2. Gaffney BPW filed its Answer to Plaintiff's Complaint and Counterclaim and Crossclaim for Interpleader, Declaratory Judgment, and Breach of Contract on May 1, 2023, in which it asserted counter and crossclaims for interpleader of the utility deposit, "in the nature of interpleader" with respect to the utility deposit, interpleader of the cryptocurrency mining equipment and other personal property left on the premises, and related declaratory judgments. (ECF No. 15). It additionally asserted crossclaims against Litchain for breach of contract (lease agreement), breach of contract (utility agreement), and a declaratory judgment finding that a nondisclosure and non-circumvention agreement between Litchain and Gaffney BPW relating to the use of Gaffney BPW's property for cryptocurrency mining purposes is ultra vires, invalid, void, and/or unenforceable. *Id*.

3. On May 22, 2023, within twenty-one days of filing its first answer, Gaffney BPW filed its Amended Answer to Plaintiff's Complaint and Amended Counterclaim and Amended Crossclaim for Interpleader, Declaratory Judgment, and Breach of Contract (as pertinent here, "Amended Crossclaim"). (ECF No. 23).

4. After being unable to secure personal service of its Summons and Complaint on Litchain, Blockquarry moved this Court for an order allowing service against Litchain by publication, pursuant to Rule 4(e)(1), S.C. Code Ann. § 15-9-710, and Fla. Stat. Ann. §§ 49.011, 49.021, in the South Carolina-based *The Gaffney Ledger* and the Florida-based *Sanford Hearld*. (ECF No. 36). The Court granted this motion on June 22, 2023. (ECF No. 37).

5. Blockquarry subsequently filed a verified status report and the associated affidavits of publication of *The Gaffney Ledger* and *Sanford Herald*, documenting its perfection of service on Litchain in accordance with the terms of this Court's order allowing such service and the applicable South Carolina and Florida statutes. (ECF Nos. 52, 53, 54).

6. Once Litchain failed to file a responsive pleading by the applicable South Carolina and Florida deadlines, Blockquarry asked the clerk to enter default against Litchain (ECF No. 58), and that request was granted. (ECF No. 59).

7. For the same reasons Blockquarry moved this Court for permission to serve Litchain with its Complaint via publication, pursuant to Rule 4(e)(1), S.C. Code Ann. § 15-9-710, and Fla. Stat. Ann. §§ 49.011, 49.021, Gaffney BPW also moved this Court for permission to serve Litchain with its Amended Crossclaim via publication in the South Carolina-based *The Gaffney Ledger* and the Florida-based *Sanford Hearld*. (ECF No. 51).

8. The Court granted Gaffney BPW's motion for service by publication on June 22, 2023, and ordered Gaffney BPW to serve Litchain with its summons and Amended Crossclaim via publication in *The Gaffney Ledger* and *Sanford Hearld* by October 6, 2023. (ECF No. 56).

9. On October 6, 2023, Gaffney BPW filed a verified status report and the associated affidavits of publication confirming service of its Summons and Amended Crossclaim on Litchain via publication in *The Gaffney Ledger* on September 11, 18, and 25, 2023, and in the *Sanford Herald* on September 13, 20, 27, and October 4, 2023, in compliance with the terms of this Court's order allowing such service and the applicable South Carolina and Florida statutes. (ECF No. 65).

10. Based on the final date of publication in *The Gaffney Ledger* of September 25, 2023, Litchain's response to Gaffney BPW's Summons and Amended Crossclaim served in

South Carolina was due October 16, 2023. (ECF No. 65). To date, Litchain has failed to file an answer or otherwise respond, so it is in default. *See, e.g.*, *Nationstar Mortg. LLC v. Gore*, No. 4:19-CV-00230-SAL, 2020 WL 18147036, at *1 (D.S.C. Apr. 8, 2020) ("Because Ms. Gore failed to serve any response to the complaint upon counsel for Nationstar within 21 days after the last publication of the summons and complaint in the *Sun News*, Ms. Gore defaulted.").

11. Based on the final date of publication in the *Sanford Herald* of October 4, 2023, Litchain's responsive pleading to the Florida Notice of Action was due November 1, 2023.[1] *See* Fla. Stat. § 49.09 (requiring "defendant to file written defenses with the clerk of court and to serve a copy not later than the date fixed in said notice, which date shall be not less than 28 . . . days after the first publication of the notice[,] on plaintiff or his or her attorney."). Again, this deadline passed without the filing of an answer or other responsive pleading by Litchain, so it is in default. *Id*.

12. When a party against whom affirmative relief is sought fails to plead or otherwise defend, Rule 55(a) of the Federal Rules of Civil Procedure requires the clerk to mark that party in default. Fed. R. Civ. P. 55(a). Here, Litchain has failed to answer or otherwise defend the Amended Crossclaim filed against him, and the time for doing so has passed. Accordingly, it is

---

[1] On October 17, 2023, Blockquarry and Litchain filed a Joint Motion to Stay Proceedings Pending Settlement Discussions, in which they moved this Court for a thirty day stay of 1) consideration of a) Blockquarry's motion for injunctive relief (ECF No. 7); b) Gaffney BPW's motion to deposit (ECF No. 42); Blockquarry's motion for partial default judgment against Litchain (ECF No. 63), and 2) the time within which Blockquarry must file its reply in support of its motion for partial default judgment so that the two parties can effectuate settlement discussions. (ECF No. 69). The Court granted this request on October 19, 2023. (ECF No. 71). Blockquarry and Gaffney BPW then entered a stipulation of dismissal as to their claims against one another on November 2, 2023. (ECF No. 73). The requested stay of motion rulings, the order granting the stay of motion rulings, and the subsequent stipulation of dismissal as to the claims between Blockquarry and Gaffney BPW only did not affect the pending claims and crossclaims against Litchain. Those claims and crossclaims have not been stayed or dismissed and are actively pending before this Court.

proper for the clerk to mark Litchain in default of Gaffney BPW's Amended Crossclaim against it.

13. In light of the foregoing, Gaffney BPW respectfully requests entry of default against Crossclaim Defendant Litchain Corp. as to the Amended Crossclaim brought against it.

Respectfully submitted,

POPE FLYNN, LLC

By:

*/s/ Virginia P. Bozeman*
Virginia P. Bozeman (Fed. Bar No. 13476)
Lawrence E. Flynn III (Fed. Bar No. 14000)
1411 Gervais Street
Suite 300
Columbia, SC 29201
Tel. 803.354.4900
gbozeman@popeflynn.com
lflynn@popeflynn.com

*Attorneys for Gaffney Board of Public Works*