IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Blockquarry Corp. f/k/a ISW Holdings, Inc., <br><br>    Plaintiff, <br><br>v. <br><br>Litchain Corp. and Gaffney Board of Public Works, <br><br>    Defendants. <br><br>——————————————— <br><br>Gaffney Board of Public Works, <br><br>    Counter-/Crossclaimant, <br><br>v. <br><br>Blockquarry Corp. f/k/a ISW Holdings, Inc., Counterclaim Defendant, and Litchain Corp., Crossclaim Defendant. | C/A No.: 7:23-cv-01427-TMC <br><br><br><br><br><br>**CROSSCLAIMANT, GAFFNEY BOARD OF PUBLIC WORKS', RULE 55(B)(2) MOTION FOR PARTIAL DEFAULT JUDGMENT AGAINST CROSSCLAIM DEFENDANT, LITCHAIN CORP.** |

COMES NOW Crossclaimant, Gaffney Board of Public Works ("Gaffney BPW"), by and through undersigned counsel of record, and pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, hereby moves the Court for the entry of a partial default declaratory judgment against Crossclaim Defendant, Litchain Corp. ("Litchain") as to Count III[1] and Count IV of its Amended

---

[1] The counter and crossclaim filed by Gaffney BPW contains a typographical error identifying two claims as Count III. (ECF No. 23, p. 34-38, ¶¶ 45-67). The first, "Count III Interpleader of the Cryptocurrency Mining Equipment," is addressed in footnote two herein and will be dismissed by Gaffney BPW at a later date. (*See* ECF No. 23, p. 34-38, ¶¶ 45-64). The second, "Count III Declaratory Judgment Relating to Return of Deposit Refund and Cryptocurrency Mining Equipment," is the Count III on which Gaffney BPW currently seeks a partial default judgment. (*See* ECF No. 23, p. 38, ¶¶ 65-67).

Answer to Plaintiff's Complaint and Amended Counterclaim and Amended Crossclaim for Interpleader, Declaratory Judgment, and Breach of Contract (as pertinent here, "Amended Crossclaim"). (ECF No. 23, p. 38-43, ¶¶ 65-95).[2] In support of this motion, Gaffney BPW relies on the record before the Court and the law and argument set forth below. Because this motion contains a full explanation of the relief sought and the grounds for that relief, a separate memorandum has not been filed, as it would not serve a useful purpose. *See* Local Civ. Rules 7.04 and 7.05 (D.S.C.).

## PROCEDURAL & FACTUAL BACKGROUND

1. On April 7, 2023, Plaintiff, Blockquarry Corp. f/k/a ISW Holdings, Inc. ("Blockquarry"), filed its Complaint against Gaffney BPW and Litchain, alleging, in part, that it is entitled to the return of a utility deposit paid on behalf of Litchain to Gaffney BPW for the provision of electrical, water, and sewer services to property located at 150 Hyatt Place, Gaffney, South Carolina (the "Premises"), owned by Gaffney BPW and leased to Litchain, for the operation of a cryptocurrency mining site and to the return of cryptocurrency mining equipment and other personal property left on the Premises after Gaffney BPW terminated the lease and utility services due to the breach of several material contract provisions, including nonpayment of the monthly rent and utility bills. (ECF No. 1).

2. Gaffney BPW filed its Answer to Plaintiff's Complaint and Counterclaim and Crossclaim for Interpleader, Declaratory Judgment, and Breach of Contract on May 1, 2023, in which it asserted counter and crossclaims for interpleader of the utility deposit, "in the nature of

---

[2] Pursuant to Local Civ. Rule 7.02 (D.S.C.), counsel for Gaffney BPW attempted to consult with counsel for Blockquarry via email on December 20, 21, and 22, 2023, and via telephone on December 22, 2023, without response.

interpleader" with respect to the utility deposit, interpleader of the cryptocurrency mining equipment and other personal property left on the premises, and related declaratory judgments. (ECF No. 15). It additionally asserted crossclaims against Litchain for breach of contract (lease agreement), breach of contract (utility agreement), and a declaratory judgment finding that a nondisclosure and non-circumvention agreement between Litchain and Gaffney BPW relating to the use of Gaffney BPW's property for cryptocurrency mining purposes is ultra vires, invalid, void, and/or unenforceable. *Id*.

3.      On May 22, 2023, within twenty-one days of filing its first answer, Gaffney BPW filed its Amended Answer to Plaintiff's Complaint and Amended Counterclaim and Amended Crossclaim for Interpleader, Declaratory Judgment, and Breach of Contract (as pertinent here, "Amended Crossclaim"), in which it reasserted its claims and counterclaims against Blockquarry and Litchain but pled additional facts relating to third-party claims to the cryptocurrency mining equipment and clarified its requests to interplead. (ECF No. 23).

4.      Despite proper service via publication in South Carolina and Florida, Litchain never responded to or otherwise defended Gaffney BPW's Amended Crossclaim against it, so at the request of Gaffney BPW, on November 13, 2023, the clerk marked Litchain in default. (ECF No. 76).

5.      Litchain is, likewise, in default of Blockquarry's claims against it. (ECF No. 59). The clerk entered default against Litchain as to Blockquarry's claims on September 6, 2023. (ECF No. 59).

6.      On September 29, 2023, Blockquarry filed a motion for partial default judgment against Litchain. (ECF No. 63). Gaffney BPW disagrees with some of the relief sought in this motion, so on October 11, 2023, it filed a response in partial opposition to it. (ECF No. 68).

7. Shortly thereafter, Blockquarry and Gaffney BPW filed a joint motion for a thirty-day stay of the Court's consideration of several motions, including Blockquarry's motion for partial default judgment against Litchain, and Blockquarry's time for filing a reply brief in further support of its motion for partial default judgment so that the parties could engage in settlement negotiations. (ECF No. 69).

8. The Court granted the joint motion and ordered Blockquarry and Gaffney BPW to submit a status report no later than November 17, 2023, updating it as to the outcome of the settlement negotiations. (ECF No. 71).

9. In compliance with this order, on November 17, 2023, Blockquarry and Gaffney BPW filed a Joint Status Report in which they advised the Court that they have resolved their respective claims against each other, and the only claims remaining before the Court are those asserted by Blockquarry and Gaffney BPW against Litchain, to which Litchain is uniformly in default. (ECF No. 82).

10. Blockquarry and Gaffney BPW additionally resolved their differences regarding the relief sought in Blockquarry's Motion for Partial Default Judgment Against Defendant Litchain Corp. Therefore, upon information and belief, Blockquarry has submitted, or in the near future will submit, a consent order to the Court granting this motion. To date, this order has not been entered by the Court.

11. The only motions that remain pending before this Court are Blockquarry's Motion for Partial Default Judgment Against Defendant Litchain Corp. (ECF No. 63) and this motion for partial default judgment.

## REQUESTS FOR RELIEF

12. Now that the clerk has entered default against Litchain as to Gaffney BPW's Amended Crossclaim, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Gaffney BPW applies to this Court for a partial default judgment against Litchain as to Count III (declaratory judgment relating to the return of the deposit refund and cryptocurrency mining equipment) and Count IV (declaratory judgment affirming the Nondisclosure and Non-Circumvention Agreement to be ultra vires, invalid, and/or unenforceable) of that Amended Crossclaim. (ECF No. 23, p. 38-41, ¶¶ 65-85).[3] For the reasons set forth herein, the well-pled claims asserted by Gaffney BPW in its Amended Crossclaim entitle it the entry of the requested partial default judgment on these counts.

## STANDARD OF REVIEW

13. Rule 55(b)(2) of the Federal Rules of Civil Procedure requires plaintiffs with claims that have been marked in default that are not for a sum certain or for a sum that can be easily ascertained, like a request for declaratory judgment, apply to the Court for the entry of a default judgment via motion. Fed. R. Civ. P. 55(b)(2).

14. When considering a motion for default judgment, the Court accepts well-pled and uncontested facts as true and determines whether they entitle the plaintiff to the relief sought. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (citation omitted); *see also*

---

[3] Gaffney BPW has separately requested that the clerk enter a partial default judgment in a sum certain of $12,718.64 against Litchain on Count V, breach of contract (ground lease), of the Amended Crossclaim. (ECF No. 83). This request is still pending before the Court. Once all partial default judgments requested by Gaffney BPW have been entered, it will voluntarily dismiss Count I (interpleader of utility deposit), Count II (in the nature of interpleader – deposit refund), Count III (interpleader of the cryptocurrency mining equipment), and Count VI (breach of contract – utility agreement), as these claims are now moot. Any outstanding requests for fees and costs will, likewise, be dismissed.

*Broxton v. Blue Ridge in Fields*, 2019 WL 3315245, at *2 (D.S.C. July 24, 2019) (citing *DIRECTV, Inc. v. Rawlings*, 253 F3d 778, 780 (4th Cir. 2001)).

15.     After considering the uncontested facts, the Court enters the requested default judgment if it finds the entry of such to be appropriate given the circumstances of the case. *DIRECTV, Inc. v. Pernites,* 200 Fed. App'x 257, 258 (4th Cir.2006).

## COUNT III
## DECLARATORY JUDGMENT

***(Relating to the Return of the Deposit Refund and Cryptocurrency Mining Equipment)***

16.     In its Amended Crossclaim, Gaffney BPW seeks a declaration as to the manner in which the utility deposit remaining after satisfaction of the outstanding utility-related payments owed by Litchain and the cryptocurrency mining equipment and other personal property left on the Premises following the termination of the lease agreement with Litchain should be distributed. (ECF No. 23, p. 38, ¶ 67).

17.     Gaffney BPW alleges the original utility deposit paid pursuant to its utility agreement with Litchain totaled $1,387,895.20, and a refund of $440,178.19 remains after the deduction of the outstanding utility payments and upfitting expenses owed by Litchain to it. (ECF No. 23, p. 30-32, ¶¶ 16, 27-30).

18.     Gaffney BPW further alleges that it is ready and willing to pay the deposit refund to the rightful recipient once the Court has determined who that rightful recipient is. (ECF No. 23, p. 33, (ECF No. 23, p. 33, ¶ 40).

19.     With respect to the cryptocurrency mining equipment and other personal property left on the Premises following Gaffney BPW's termination of the ground lease with Litchain,

Gaffney BPW does not assert and has never asserted an independent claim of entitlement to this property. (ECF No. 23, p. 35, ¶ 49).

20. Instead, due to the competing claims to the cryptocurrency equipment and other personal property made by Blockquarry and Litchain, Gaffney BPW seeks a declaration from the Court as to the party to whom they should be distributed. (ECF No. 23, p. 38, ¶¶ 65-67).

21. Litchain, by its default, has admitted the well-pled allegations of fact set forth in the Amended Crossclaim, including those referenced above, and lost the ability to defend the claims brought against it. *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

22. Gaffney BPW, therefore, requests the entrance of a default declaratory judgment as to the distribution of the deposit refund of $440,178.19 and the cryptocurrency mining equipment and other personal property left on the Premises that states:

> The Court DECLARES Crossclaim Defendant Litchain Corp. is not the rightful recipient of the deposit refund of $440,178.19, the amount of the original utility deposit paid to Crossclaimant Gaffney Board of Public Works that remains after the deduction of the outstanding utility payments and property upfitting expenses owed by Crossclaim Defendant Litchain Corp. to Crossclaimant Gaffney Board of Public Works; and

> The Court DECLARES Crossclaim Defendant Litchain Corp. is not the rightful recipient of the cryptocurrency mining equipment and other personal property left at 150 Hyatt Street, Gaffney, South Carolina, including the Bitcoin mining pods, the distribution transformers, data servers identified in Exhibit 3 of the Affidavit of Donnie L. Hardin (ECF Nos. 26-1 and 83-1), and other personal property not affixed to that property.

23. These declarations are consistent with the similar declarations sought by Blockquarry and consented to by Gaffney BPW in the proposed order granting Blockquarry's Motion for Partial Default Judgment Against Defendant Litchain Corp. submitted to the Court by Blockquarry or that will be submitted to the Court by Blockquarry at a later date.

<u>**COUNT IV**</u>
<u>**DECLARATORY JUDGMENT**</u>

<u>***(Declaring the Nondisclosure and Non-Circumvention Agreement ultra vires, invalid, void, and/or unenforceable)***</u>

24.     Gaffney BPW additionally seeks a declaratory judgment affirming the Nondisclosure and Non-Circumvention Agreement is ultra vires, invalid, void, and unenforceable. (ECF No. 23, p. 38-41, ¶¶ 68-85).

25.     It is well established that:

    a.     A governmental entity cannot be bound by a contract that exceeds the scope of its powers or that has been entered into by one without the authority to bind the entity, as it is ultra vires. *City of North Charleston v. North Charleston Dist.*, 289 S.C. 438, 442, 346 S.E.2d 712, 714 (1996).

    b.     Contracts involving the legislative functions or governmental powers of a municipal corporation that bind successor boards or councils are invalid. *Piedmont Public Service Dist. v. Cowart*, 319 S.C. 124, 132, 459 S.E.2d 876, 880 (Ct. App. 1995) (*Cowart I*), *aff'd*, 324 S.C. 239, 478 S.E. 2d 836.

    c.     A contract involves legislative functions or governmental powers if "the contract itself deprives a governing body, or its successor, of a discretion which public policy demands should be left unimpaired." *Id.* at 133, 459 S.E.2d at 881 (internal citations omitted).

    d.     When applying the *Cowart I* test, South Carolina courts have found that contracts relating to the provision of utilities are contracts involving

8

governmental powers. *See City of Beaufort v. Beaufort-Jasper Cnty. Water & Sewer Auth.*, 325 S.C. 174, 179, 480 S.E.2d 728, 731 (1997).

e. Governmental contracts that are business or proprietary in nature, as opposed to legislative or governmental, that bind successor boards or councils are valid, but only if the agreement was fair and reasonable and necessary or advantageous to the governmental entity at the time the parties entered into it. *Cowart I*, 319 S.C. at 132, 459 S.E.2d at 880-81.

f. Municipal contracts that are not fair and reasonable in duration are invalid. *Id*. at 135, 459 S.E.2d at 882-83.

g. Likewise, noncompete agreements that are not reasonably limited with respect to time and place are invalid. *Rental Unif. Serv. of Florence, Inc. v. Dudley*, 278 S.C. 674, 675-76, 301 S.E.2d 142, 143 (1983).

26. In support of its claim that the Nondisclosure and Non-Circumvention Agreement is ultra vires, invalid, void, and unenforceable, Gaffney BPW pled these uncontested facts in its Amended Crossclaim:

a. On or about August 25, 2021, employees of Gaffney BPW signed the Nondisclosure and Non-Circumvention Agreement. Litchain has since threatened to enforce this agreement despite Gaffney BPW's assertion that it is ultra vires, invalid, void, and unenforceable.

b. This Nondisclosure and Non-Circumvention Agreement contained choice of law and venue provisions that are invalid and unenforceable. As a public works commission and agent of a municipality and political subdivision of the State of South Carolina, Gaffney BPW can only agree to be bound by

9

        the laws of the State of South Carolina and to be subject to suit in courts that are located in this State. As such, the agreement is subject to interpretation under South Carolina law, and this Court has the authority to interpret it and resolve disputes arising under it.

c.    The employees that executed the Nondisclosure and Non-Circumvention Agreement did not have the approval of the Gaffney BPW Board of Directors or City Council. Because these employees lacked the authority and capacity to contractually bind the utility, the Nondisclosure and Non-Circumvention Agreement is ultra vires, invalid, void, and wholly unenforceable.

d.    The terms of the Nondisclosure and Non-Circumvention Agreement signed by these employees violate public policy and the laws of the State of South Carolina.

e.    Public bodies, like Gaffney BPW, cannot be bound by the terms of a nondisclosure agreement. Instead, public bodies must conduct official business in public and make independent decisions about the withholding of public information in a manner that complies with the South Carolina Freedom of Information Act ("FOIA"), codified by Sections 30-4-10, *et seq*. of the South Carolina Code of Laws 1976, as amended. For this reason, the Nondisclosure and Non-circumvention Agreement is ultra vires, invalid, void, and unenforceable.

f.    In addition, public bodies must be free to discharge their governmental duties in the manner they deem to be the most appropriate and beneficial to

        the public they serve. Therefore, public bodies cannot enter into contracts involving governmental functions, legislative functions, or matters of discretion that bind successor boards or councils.

g.    The terms of the Nondisclosure and Non-Circumvention Agreement interfere with the ability of future boards of Gaffney BPW to make independent decisions regarding the disclosure of public information within the confines of FOIA, so it is ultra vires, invalid, void, and unenforceable.

h.    The terms of the Nondisclosure and Non-Circumvention Agreement additionally interfere with the ability of future boards to make decisions that directly impact the provision of electric utility services to future customers and the best manner in which to utilize and grow public funds, so it is ultra vires, invalid, void, and unenforceable.

i.    Business decisions made by public bodies should be fair, reasonable, necessary, and advantageous to it. Therefore, bad decisions made by the governing board of a public body cannot bind future boards. The allowance of this would violate public policy and the law of this State.

j.    To the extent the employees that signed the Nondisclosure and Non-Circumvention Agreement had the authority to bind Gaffney BPW, which Gaffney BPW disputes, their decision to restrict the disclosure of public information in a manner that conflicts with FOIA and to indefinitely prohibit the utility from providing utility services to and entering into other contractual relationships with Litchain's affiliates and other similar companies indefinitely was not fair, reasonable, necessary, or advantageous

      to Gaffney BPW. As such, the contract is ultra vires, invalid, void, and wholly unenforceable.

   k. It is well-established that noncompete agreements must contain reasonable durational and geographic limits.

   l. The Nondisclosure and Non-Circumvention Agreement provides an indefinite and overly broad prohibition on Gaffney BPW's statutory duty to provide service to entities within its service territory and enter into other business relationships with them, so it is ultra vires, invalid, void, and unenforceable.

   m. Because it was not within the power of Gaffney BPW or the employees that signed the agreement to enter into the Nondisclosure and Non-Circumvention Agreement under any circumstances or for any purpose, it is ultra vires, invalid, void, and wholly unenforceable.

(ECF No. 23, p. 38-41, ¶¶ 70-82).

  27. Litchain, by its default, has admitted these well-pled allegations of fact. *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

  28. Based on the law set forth in Paragraph 25 above, these admitted and undisputed facts entitle Gaffney BPW to the declaratory judgment sought in its Amended Crossclaim affirming the invalidity of the Nondisclosure and Non-Circumvention Agreement.

  29. As such, with respect to the legality and enforceability of the Nondisclosure and Non-Circumvention Agreement, Gaffney BPW seeks a default declaratory judgment stating:

> The Court DECLARES that the Non-disclosure Confidentiality and Non-Circumvention Agreement entered into between Crossclaimant Gaffney Board of

Public Works and Crossclaim Defendant Litchain Corp. is ultra vires, invalid, void, and unenforceable.

## CONCLUSION

1. In light of the foregoing, Gaffney BPW respectfully requests that the Court grant its Motion for Partial Default Judgment Against Crossclaim Defendant, Litchain Corp. and enter a default declaratory judgment as to Counts III and IV of its Amended Crossclaim that states:

> The Court DECLARES Crossclaim Defendant Litchain Corp. is not the rightful recipient of the deposit refund of $440,178.19, the amount of the original utility deposit paid to Crossclaimant Gaffney Board of Public Works that remains after the deduction of the outstanding utility payments and property upfitting expenses owed by Crossclaim Defendant Litchain Corp. to Crossclaimant Gaffney Board of Public Works; and

> The Court DECLARES Crossclaim Defendant Litchain Corp. is not the rightful recipient of the cryptocurrency mining equipment and other personal property left at 150 Hyatt Street, Gaffney, South Carolina, including the Bitcoin mining pods, the distribution transformers, data servers identified in Exhibit 3 of the Affidavit of Donnie L. Hardin (ECF Nos. 26-1 and 83-1), and other personal property not affixed to that property.

> The Court DECLARES that the Non-disclosure Confidentiality and Non-Circumvention Agreement entered into between Crossclaimant Gaffney Board of Public Works and Crossclaim Defendant Litchain Corp. is ultra vires, invalid, void, and unenforceable.

2. There is no just reason to delay the entry of this partial default judgment. *See* Fed. R. Civ. P. 54(b). Blockquarry and Gaffney BPW have already dismissed their claims against one another with prejudice. (ECF No. 73). Blockquarry has a pending motion for partial default judgment against Litchain, and a consent order granting this motion has been submitted to the Court by Blockquarry or will be submitted at a later date. (ECF No. 63). Blockquarry has indicated that once the order granting its motion for partial default judgment has been entered, it will dismiss its remaining claims against Litchain. *Id*. Further, contemporaneous with this request, Gaffney BPW has filed a request for the entry of a partial default judgment for a sum certain on the breach

13

of contract claim relating to its lease agreement Litchain. (ECF No. 83). Once the clerk has entered the requested default judgment as to Count V and this Court has entered the requested default judgment as to the declaratory relief sought in Counts III and IV of the Amended Crossclaim, Gaffney BPW will likewise dismiss all outstanding claims against Litchain, thereby ending this case.

Respectfully submitted,

POPE FLYNN, LLC

December 22, 2023          By:     /s/ Virginia P. Bozeman
                                    Virginia P. Bozeman (Fed. Bar No. 13476)
                                    Lawrence E. Flynn III (Fed. Bar No. 14000)
                                    1411 Gervais Street, Suite 300
                                    Columbia, SC 29201
                                    Phone: (803) 354-4900
                                    Fax: (803) 354-4899
                                    gbozeman@popeflynn.com
                                    lflynn@popeflynn.com

                                    **ATTORNEYS FOR GAFFNEY BPW**