IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Blockquarry Corp. f/k/a ISW Holdings, Inc., <br><br>    Plaintiff, <br><br> v. <br><br> Litchain Corp. and Gaffney Board of Public Works, <br><br>    Defendants. <br><hr> Gaffney Board of Public Works, <br><br>    Counter-/Cross-Claimant, <br><br> v. <br><br> Blockquarry Corp. f/k/a ISW Holdings, Inc., Counterclaim Defendant, and Litchain Corp., Crossclaim Defendant. | C/A No.: 7:23-cv-01427-TMC <br><br><br><br><br><br><br><br><br> **ORDER** |

    This matter comes before the Court on the motion of Crossclaimant, Gaffney Board of Public Works ("Gaffney BPW"), for partial default judgment against Crossclaim Defendant, Litchain Corp. ("Litchain"), filed pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. (ECF No. 84). Whereas, the Motion is well-founded and supported by the record, the Court GRANTS the Motion. Further, the Court finds and orders the following:

    1.    On April 7, 2023, Plaintiff, Blockquarry Corp. f/k/a ISW Holdings, Inc. ("Blockquarry"), filed its Complaint against Gaffney BPW and Litchain, alleging, in part, that it is entitled to the return of a utility deposit paid on behalf of Litchain to Gaffney BPW for the provision of electrical, water, and sewer services to property located at 150 Hyatt Place, Gaffney,

South Carolina (the "Premises"), owned by Gaffney BPW and leased to Litchain, for the operation of a cryptocurrency mining site and to the return of cryptocurrency mining equipment and other personal property left on the Premises after Gaffney BPW terminated the lease and utility services due to the breach of several material contract provisions, including nonpayment of the monthly rent and utility bills. (ECF No. 1).

2.     Gaffney BPW filed its Answer to Plaintiff's Complaint and Counterclaim and Crossclaim for Interpleader, Declaratory Judgment, and Breach of Contract on May 1, 2023, in which it asserted counter and crossclaims for interpleader of the utility deposit, "in the nature of interpleader" with respect to the utility deposit, interpleader of the cryptocurrency mining equipment and other personal property left on the premises, and related declaratory judgments. (ECF No. 15). It additionally asserted crossclaims against Litchain for breach of contract (lease agreement), breach of contract (utility agreement), and a declaratory judgment finding that a nondisclosure and non-circumvention agreement between Litchain and Gaffney BPW relating to the use of Gaffney BPW's property for cryptocurrency mining purposes is ultra vires, invalid, void, and/or unenforceable. *Id*.

3.     On May 22, 2023, within twenty-one days of filing its first answer, Gaffney BPW filed its Amended Answer to Plaintiff's Complaint and Amended Counterclaim and Amended Crossclaim for Interpleader, Declaratory Judgment, and Breach of Contract (as pertinent here, "Amended Crossclaim"), in which it reasserted its claims and counterclaims against Blockquarry and Litchain but pled additional facts relating to third-party claims to the cryptocurrency mining equipment and clarified its requests to interplead. (ECF No. 23).

4.     Despite proper service via publication in South Carolina and Florida, Litchain never responded to or otherwise defended Gaffney BPW's Amended Crossclaim against it, so at the

request of Gaffney BPW, on November 13, 2023, the clerk marked Litchain in default. (ECF No. 76).

5. Pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure, Gaffney BPW subsequently requested that the clerk enter a partial default judgment against Litchain in a sum certain of $12,718.64 on Count V of its Amended Crossclaim, asserting breach of contract as to the ground lease. (ECF No.83).

6. Following the entrance of a partial default judgment in a sum certain of $12,718.64, the following crossclaims remain: interpleader of utility deposit (Amended Crossclaim, Count I); in the nature of interpleader as to the deposit refund (Amended Crossclaim, Count II); interpleader of cryptocurrency mining equipment (Amended Crossclaim, Count III); request for declaratory judgment relating to the return of the deposit refund and cryptocurrency mining equipment (Amended Crossclaim, Count III);[1] and request for declaratory judgment affirming the Nondisclosure and Non-Circumvention Agreement to be ultra vires, invalid, and/or unenforceable (Amended Crossclaim, Count IV). (ECF No. 23).

7. The current Motion before this Court seeks a default judgment as to Gaffney BPW's crossclaims for declaratory judgments relating to the return of the deposit refund and cryptocurrency mining equipment and affirming the Nondisclosure and Non-Circumvention Agreement to be ultra vires, invalid, and/or unenforceable. (ECF No.84). Gaffney BPW has indicated that following the entry of the requested default judgment on these crossclaims, it will voluntarily dismiss all its remaining crossclaims against Litchain.

---

[1] The counter and crossclaim filed by Gaffney BPW contains a typographical error identifying two claims as Count III. (ECF No. 23, p. 34-38, ¶¶ 45-67). The second, "Count III Declaratory Judgment Relating to Return of Deposit Refund and Cryptocurrency Mining Equipment," is the Count III on which Gaffney BPW sought a partial default judgment. (*See* ECF No. 23, p. 38, ¶¶ 65-67).

8. Litchain, by its default (*see supra* ¶¶ 5-6), admitted Gaffney BPW's well-pleaded allegations of fact. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

9. Gaffney BPW demonstrated that the well-pleaded allegations of fact in its Amended Crossclaim and the record before the Court support the relief sought in the Motion.

10. There is no just reason for delay of entry of partial default judgment against Litchain. *See* Fed. R. Civ. P. 54(b).

NOW, THEREFORE, IT IS ORDERED that there being no just reason for delay, Judgment is hereby immediately entered against Crossclaim Defendant Litchain Corp. and in favor of Crossclaimant Gaffney Board of Public Works as follows:

1. The Court DECLARES Crossclaim Defendant Litchain Corp. is not the rightful recipient of the deposit refund of $440,178.19, the amount of the original utility deposit paid to Crossclaimant Gaffney Board of Public Works that remains after the deduction of the outstanding utility payments and property upfitting expenses owed by Crossclaim Defendant Litchain Corp. to Crossclaimant Gaffney Board of Public Works;

2. The Court DECLARES Crossclaim Defendant Litchain Corp. is not the rightful recipient of the cryptocurrency mining equipment and other personal property left at 150 Hyatt Street, Gaffney, South Carolina, including the Bitcoin mining pods, the distribution transformers, data servers identified in Exhibit 3 of the Affidavit of Donnie L. Hardin (ECF Nos. 26-1 and 83-1), and other personal property not affixed to that property; and

3. The Court DECLARES that the Non-disclosure Confidentiality and Non-Circumvention Agreement entered into between Crossclaimant Gaffney Board of Public Works and Crossclaim Defendant Litchain Corp. is ultra vires, invalid, void, and unenforceable.

SO ORDERED, this the _____ day of _____, 2023.

_____
The Honorable Timothy M. Cain
U.S. District Court Judge