IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Blockquarry Corp. f/k/a ISW Holdings, Inc., | C/A No.: 7:23-cv-01427-TMC |
| Plaintiff, | |
| v. | |
| Litchain Corp. and Gaffney Board of Public Works, | |
| Defendants. | **REPLY OF CROSSCLAIMANT, GAFFNEY BOARD OF PUBLIC WORKS, TO BLOCKQUARRY'S RESPONSE TO MOTION FOR PARTIAL DEFAULT JUDGMENT AGAINST CROSSCLAIM DEFENDANT, LITCHAIN CORP.** |
| Gaffney Board of Public Works, | |
| Counter-/Crossclaimant, | |
| v. | |
| Blockquarry Corp. f/k/a ISW Holdings, Inc., Counterclaim Defendant, and Litchain Corp., Crossclaim Defendant. | |

COMES NOW Crossclaimant, Gaffney Board of Public Works ("Gaffney BPW"), by and through undersigned counsel of record, and for its reply to Blockquarry's Response to Motion for Partial Default Judgment Filed by Gaffney Board of Public Works ("Blockquarry's Response") (ECF No. 88), states as follows:

Crossclaimant, Gaffney Board of Public Works', Rule 55(b)(2) Motion for Partial Default Judgment Against Crossclaim Defendant, Litchain Corp. (the "Motion") is currently pending before this Court and is unopposed. (ECF No. 84). When responding to the Motion, Plaintiff, Blockquarry Corp. f/k/a ISW Holdings, Inc. ("Blockquarry"), indicated that it "supports and does not oppose the Court granting the Utility's Motion," with the caveat that based on recently learned

facts indicating the inventories are incorrect, it objects to the references in the Motion and proposed order to the Affidavit of Donnie L. Hardin ("Hardin Affidavit"), including references to the inventories attached to the affidavit. (ECF No. 88, pp. 2, 4). Blockquarry and Gaffney BPW have since agreed to the below proposed default declaration against Litchain Corp. ("Litchain") relating to Count III[1] of the Amended Counterclaim and Amended Crossclaim for Interpleader, Declaratory Judgment, and Breach of Contract (the "Amended Counterclaim"):

> The Court DECLARES that Crossclaim Defendant, Litchain Corp., is not the rightful owner or recipient of the cryptocurrency mining equipment and other personal property remaining at 150 Hyatt Street, Gaffney, South Carolina, when Gaffney Board of Public Works terminated the lease identified in Paragraph 12 of the Amended Counter- and Cross-complaint filed by Gaffney Board of Public Works (ECF No. 23), including all distribution transformers, mining pods, and Bitcoin mining servers.

Blockquarry and Gaffney BPW are in the process of drafting a joint order granting the relief sought in the present Motion and in Plaintiff's Motion for Partial Default Judgment Against Defendant Litchain Corp. (D.E. 63) that includes the above-stated amended declaration. Once the parties have finalized their proposed language, their consent order will be submitted to the Court for consideration.

While grateful the parties have reached a resolution as to the relief sought in the Motion, due to the insinuations of wrongdoing by Gaffney BPW included in Blockquarry's Response and the Declarations of Lawrence Davis, Beau Bartch, and Shawn Vaught (ECF Nos. 88-1, 88-2, and 88-3), Gaffney BPW additionally voices its vehement disagreement with the manner in which Blockquarry presented its objections to the Hardin Affidavit and the attached inventories to the

---

[1] Gaffney BPW's Amended Counterclaim contains a typographical error in that two separate claims for relief are identified as "Count III." The Count III at issue in the Motion is included on page 38 of the Amended Counterclaim and seeks a declarations relating to the return of the deposit refund and cryptocurrency mining equipment at issue in the Complaint.

Court. The perceived inaccuracies are not relevant to the relief sought by Gaffney BPW in its Motion, and as evidenced by the consent declaration articulated above, the parties could have resolved their differences without unnecessary finger-pointing by Blockquarry.

In its Response, Blockquarry misconstrues the information contained in the Hardin Affidavit and attached inventories. Blockquarry approved the Hardin Affidavit prior to filing and has always known the inventory submitted by Bitmain to Gaffney BPW was potentially incomplete and inaccurate. (*See*, *e.g.*, EC F No. 83-1, Hardin Affidavit, ¶¶ 24-25). The parties have always used those inventories as their best guess as to the machines locked onsite at Gaffney BPW, with knowledge that Blockquarry was the last party with access to the equipment and that Gaffney BPW has never had firsthand knowledge of the details of the cryptocurrency mining equipment kept onsite. All references to the Hardin Affidavit and attached inventories by Gaffney BPW were an attempt to be thorough, not an attempt to mislead the Court or confuse the issues. Blockquarry's mischaracterization of the Hardin Affidavit and attached inventories only confuse the issues before the Court and inaccurately make Gaffney BPW look like it has engaged in foul play and must be disregarded.

Likewise, the Declarations of Lawrence Davis, Beau Bartch, and Shawn Vaught (ECF Nos. 88-1, 88-2, and 88-3) also confuse the issues before the Court and self-servingly paint Gaffney BPW in a negative light. Blockquarry and Gaffney BPW filed a joint stipulation of dismissal with prejudice as to all claims and counterclaims against one another on November 2, 2023. (ECF No. 73). The only pending claims before this Court are against Litchain. Blockquarry's claims of wrongdoing against Gaffney BPW, raised for the first time in a response to an unrelated motion, are wholly irrelevant, frivolous, and will be further addressed in a motion to strike to be filed by Gaffney BPW.

Finally, the information contained in the Declarations of Lawrence Davis, Beau Bartch, and Shawn Vaught misconstrue the series of events surrounding the release of the cryptocurrency mining equipment at issue in the Complaint to Blockquarry, an act that is again irrelevant to the relief sought by Gaffney BPW in its motion for default against Litchain. So that the record before this Court is complete, with its motion to strike, Gaffney BPW will file the Declaration of H. Bradford Wright to clarify the misstatements contained in the declarations filed by Blockquarry and accurately apprise the Court of the actions taken by Gaffney BPW to secure the Premises, comply with the dictates of this Court, and work with Blockquarry following the entry of default against Litchain to promptly release the cryptocurrency mining equipment in a secure manner.

Because the actions taken by Gaffney BPW with respect to maintaining the security of the Premises and releasing the cryptocurrency mining equipment to Blockquarry are irrelevant to the default declaratory judgments against Litchain sought by Gaffney BPW and consented to by Blockquarry, the aforementioned motion to strike and Declaration of H. Bradford Wright will be filed separate from this Reply.

## **CONCLUSION**

In light of the foregoing, including the consent of Blockquarry, Gaffney BPW respectfully requests that the Court grant its Motion for Partial Default Judgment Against Crossclaim Defendant, Litchain Corp. and enter default declaratory judgments as to Counts III and IV of its Amended Crossclaim that state:

> The Court DECLARES Crossclaim Defendant Litchain Corp. is not the rightful recipient of the deposit refund of $440,178.19, the amount of the original utility deposit paid to Crossclaimant Gaffney Board of Public Works that remains after the deduction of the outstanding utility payments and property upfitting expenses owed by Crossclaim Defendant Litchain Corp. to Crossclaimant Gaffney Board of Public Works; and

      The Court DECLARES that Crossclaim Defendant, Litchain Corp., is not the rightful owner or recipient of the cryptocurrency mining equipment and other personal property remaining at 150 Hyatt Street, Gaffney, South Carolina, when Gaffney Board of Public Works terminated the lease identified in Paragraph 12 of the Amended Counter- and Cross-complaint filed by Gaffney Board of Public Works (ECF No. 23), including all distribution transformers, mining pods, and Bitcoin mining servers.

      The Court DECLARES that the Non-disclosure Confidentiality and Non-Circumvention Agreement entered into between Crossclaimant Gaffney Board of Public Works and Crossclaim Defendant Litchain Corp. is ultra vires, invalid, void, and unenforceable.

      A consent order restating these proposed declarations will be submitted to the Court via e-mail, with opposing counsel copied.

Respectfully submitted,

POPE FLYNN, LLC

January 26, 2024      By:   /s/ Virginia P. Bozeman
      Virginia P. Bozeman (Fed. Bar No. 13476)
      Lawrence E. Flynn III (Fed. Bar No. 14000)
      1411 Gervais Street, Suite 300
      Columbia, SC 29201
      Phone: (803) 354-4900
      Fax: (803) 354-4899
      gbozeman@popeflynn.com
      lflynn@popeflynn.com

**ATTORNEYS FOR GAFFNEY BPW**