

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Blockquarry Corp. f/k/a ISW Holdings, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Litchain Corp. and Gaffney Board of Public Works, <br><br> Defendants. | Civil Action No. 7:23-cv-01427-TMC |
| Gaffney Board of Public Works, <br><br> Defendant/Counter and Cross-Claimant, <br><br> v. <br><br> Blockquarry Corp. f/k/a ISW Holdings, Inc., <br><br> Counterclaim Defendant, <br><br> and <br><br> Litchain Corp., and Crypto Infiniti LLC, <br><br> Crossclaim Defendants. | **ANSWER OF CROSSCLAIM DEFENDANT CRYPTO INFINITI LLC** |

The Crossclaim Defendant, Crypto Infiniti LLC, ("CI"), hereby respectfully submits its Answer to the Amended Counterclaim and Amended Crossclaim of Defendant/Counter and Cross-Claimant Gaffney Board of Public Works ("Gaffney") and reserves the right to assert other affirmative and additional defenses and to otherwise supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

## **FOR A FIRST DEFENSE**

1. Each and every allegation contained in Gaffney's Amended Counterclaim and Amended Crossclaim not hereinafter admitted, qualified, or explained, is hereby denied and strict proof demanded thereof.

2. Paragraph 1 alleges an ownership dispute exists over certain monies held by Gaffney and CI admits that the dispute exists; CI lacks sufficient information to admit all parties that may claim an interest in the monies and therefore denies the remaining allegations.

3. Paragraph 2 alleges an ownership dispute exists over the Cryptocurrency Mining Equipment and CI admits that allegation; CI lacks sufficient information to admit all parties that may claim an interest in the Cryptocurrency Mining Equipment and therefore denies the remaining allegations.

4. Paragraph 3 alleges a controversy related to the Nondisclosure and Non-Circumvention Agreement and CI lacks sufficient information to admit or deny the allegation and therefore denies the same.

5. Paragraph 4 alleges the existence of a claim between Gaffney and Litchain; CI lacks sufficient information to admit or deny the allegation and therefore denies the same.

6. Paragraph 5 is admitted.

7. Paragraph 6 is, upon information and belief, admitted.

8. Paragraph 7 is, upon information and belief, admitted.

9. Paragraph 8 is admitted.

10. Paragraph 9 is admitted.

11. Paragrpah 10 is denied because CI lacks sufficient information to admit or deny the allegations.

12.     Paragraph 11 is denied because CI lacks sufficient information to admit or deny the allegations.

13.     Paragraph 12 is denied because CI lacks sufficient information to admit or deny the allegations.

14.     Paragraph 13 is denied because CI lacks sufficient information to admit or deny the allegations.

15.     Paragraph 14 is denied because CI lacks sufficient information to admit or deny the allegations.

16.     Paragraph 15 is denied because CI lacks sufficient information to admit or deny the allegations.

17.     Paragraph 16 is, upon information and belief, admitted in part regarding the payment by Bit5ive because CI paid Bit5ive monies. CI denies the remaining allegations of Paragraph 16 because it lacks sufficient information to admit or deny the allegations.

18.     Paragraph 17 is, upon information and belief, admitted in part regarding the payment by Bit5ive because CI paid Bit5ive monies. CI denies the remaining allegations of Paragraph 16 because it lacks sufficient information to admit or deny the allegations.

19.     Paragraph 18 is denied because CI lacks sufficient information to admit or deny the allegations.

20.     Paragraph 19 is, upon information and belief, admitted as to the suspension of the electric account at Gaffney because CI's bitcoin miners in Gaffney went offline in and around the time identified in Paragraph 19.  CI denies the remaining allegations of Paragraph 19 because it lacks sufficient information to admit or deny the allegations.

21. Paragraph 20 is denied because CI lacks sufficient information to admit or deny the allegations.

22. Paragraph 21 is denied because CI lacks sufficient information to admit or deny the allegations.

23. Paragraph 22 is denied because CI lacks sufficient information to admit or deny the allegations.

24. Paragraph 23 is denied because CI lacks sufficient information to admit or deny the allegations.

25. Paragraph 24 is denied because CI lacks sufficient information to admit or deny the allegations.

26. Paragraph 25 is denied because CI lacks sufficient information to admit or deny the allegations.

27. Paragraph 26 is denied because CI lacks sufficient information to admit or deny the allegations.

28. Paragraph 27 is denied because CI lacks sufficient information to admit or deny the allegations.

29. Paragraph 28 is denied because CI lacks sufficient information to admit or deny the allegations.

30. Paragraph 29 is denied because CI lacks sufficient information to admit or deny the allegations.

31. Paragraph 30 is denied as to the amount of monies because CI lacks sufficient information to admit or deny the allegations.

32. Paragraph 31 is denied because CI lacks sufficient information to admit or deny the allegations.

33. Paragraph 32 is denied because CI lacks sufficient information to admit or deny the allegations.

34. Paragraph 33 is, upon information and belief, admitted in that CI has physically confirmed that the Gaffney location was padlocked, and upon information and belief, that Blockquarry has demanded the Cryptocurrency Mining Equipment. CI lacks sufficient information to admit or deny the allegations regarding Litchain and therefore denies the same.

35. Paragraph 34 is, upon information and belief, admitted because CI believes that Bit5ive made inquiries regarding the Cryptocurrency Mining Equipment.

36. Paragraph 35 is, upon information and belief, admitted.

## COUNT III
### INTERPLEADER OF THE CRYPTOCURRENCY MINING EQUIPMENT

45. Each and every allegation contained in Gaffney's Amended Counterclaim and Amended Crossclaim addressed above that is not hereinafter admitted, qualified, or explained, is hereby denied and strict proof demanded thereof.

46. Paragraph 45 is a restatement allegation and CI restates the above responses to the allegations identified above here verbatim.

47. Paragraph 46 is a general allegation of law that CI cannot admit or deny and therefore denies. CI does admit that an interpleader claim has been made regarding the Cryptocurrency Mining Equipment.

48. Paragraph 47 is, upon information and belief, admitted.

49. Paragraph 48 is, upon information and belief, admitted.

50. Paragraph 49 is a statement of preference by Gaffney and CI does not view it as an allegation to which a response is required; CI agrees that Gaffney seeks to have the Cryptocurrency Mining Equipment returned to its rightful owner.

51. Paragraph 50 is, upon information and belief, denied.

52. Paragraph 51 is, upon information and belief, admitted.

53. Paragraph 52 is admitted.

54. Paragraph 53 is admitted.

55. Paragraph 54 is admitted in so far as Gaffney has made a claim for interpleader; all remaining allegations are denied.

56. Paragraph 55 is a statement of preference by Gaffney and CI does not view it as an allegation to which a response is required; CI lacks sufficient information and belief to admit or deny the allegation and if an allegation is required it denies the same.

57. Paragraph 56 is, upon information and belief, admitted.

58. Paragraph 57 is, upon information and belief, admitted.

59. Paragraph 58 is, upon information and belief, denied.

60. Paragraph 59 is, upon information and belief, admitted.

61. Paragraph 60 is, upon information and belief, denied.

62. Paragraph 61 is, upon information and belief, denied.

63. Paragraph 62 is, upon information and belief, denied.

64. Paragraph 63 is, upon information and belief, denied.

65. Paragraph 64 is, upon information and belief, denied.

## COUNT III [IV]
### DECLARATORY JUDGMENT
*(Relating to Return of Deposit Refund and Cryptocurrency Mining Equipment)*

66. Each and every allegation contained in Gaffney's Amended Counterclaim and Amended Crossclaim not hereinafter admitted, qualified, or explained, is hereby denied and strict proof demanded thereof.

67. Paragraph 65 is a restatement allegation and CI restates the above responses to the allegations identified above here verbatim.

68. Paragraph 66 is admitted.

69. Paragraph 67 is admitted.

### AFFIRMATIVE DEFENSES/RESPONSE TO INTERPLEADER AND DECLARATORY JUDGMENT

70. CI is the owner, or beneficial owner, of two mining pods that are or were located at 150 Hyatt Street, Gaffney, South Carolina.

71. CI is the owner, or beneficial owner, of between 560-577 bitcoin miners that are or were located at 150 Hyatt Street, Gaffney, South Carolina.

72. CI's ownership of the two mining pods and the 560-577 bitcoin miners is set forth in the Declaration of Jinewi Zhang, including the exhibits to the same, which is incorporated and attached to CI's motion to intervene.

73. CI requests that the Court conduct an evidentiary hearing regarding the ownership of these items and thereafter issue an order finding that CI is the lawful owner, or beneficial owner, of the items and that said items shall be returned to CI immediately.

*[SIGNATURE PAGE FOLLOWS]*

        Respectfully Submitted,

        **BURL F. WILLIAMS, P.A.**

        _____
        Burl F. Williams (D.S.C. Bar No. 10556)
        201 Riverplace, Suite 501
        Greenville, South Carolina 29601
        (864) 546-5035
        burl@burlfwilliams.com

        *Counsel for Crossclaim Defendant Crypto Infiniti, LLC*

March 6, 2024
Greenville, South Carolina