IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Blockquarry Corp. f/k/a ISW Holdings, Inc.,<br><br>    Plaintiff,<br><br>v.<br><br>Litchain Corp. and Gaffney Board of Public Works,<br><br>    Defendants.<br>―――――――――――――――――――――<br>Gaffney Board of Public Works,<br><br>    Counter-/Crossclaimant,<br><br>v.<br><br>Blockquarry Corp. f/k/a ISW Holdings, Inc., Counterclaim Defendant, and Litchain Corp., Crossclaim Defendant. | C/A No.: 7:23-cv-01427-TMC<br><br><br><br><br><br>**DEFENDANT AND COUNTER/ CROSSCLAIMANT, GAFFNEY BOARD OF PUBLIC WORKS', MOTION TO STRIKE THE DECLARATIONS OF LAWRENCE DAVIS, BEAU BARTCH, AND SHAWN VAUGHT FROM THE PUBLIC CASE RECORD** |

    COMES NOW Defendant, Counterclaimant, and Crossclaimant Gaffney Board of Public Works ("Gaffney BPW"), by and through undersigned counsel of record, and pursuant to Rules 401, 402 and 403 of the Federal Rules of Evidence, moves this Court for an order striking the Declaration of Lawrence Davis (ECF No. 88-1), Declaration of Beau Bartch (ECF No. 88-2), and Declaration of Shawn Vaught (ECF No. 88-3) from the public case record. In support of this motion, Gaffney BPW relies on the record before the Court and the law and argument set forth

herein.[1] Prior to filing this motion, counsel for Gaffney BPW unsuccessfully consulted with counsel for Blockquarry on January 26, 2024 and March 11, 2024. Local Civ. Rule 7.01 (D.S.C.).

Gaffney BPW has additionally filed the Declaration of H. Bradford Wright, in which the statements of Davis, Bartch, and Vaught are addressed, so that the public narrative initiated by Blockquarry when filing these irrelevant statements is complete. (*See* Declaration of H. Bradford Wright, Exhibit 1).

## PROCEDURAL & FACTUAL BACKGROUND

### Claims Asserted by Blockquarry and Gaffney BPW

Plaintiff, Blockquarry Corp. f/k/a ISW Holdings, Inc. ("Blockquarry"), initiated this lawsuit by filing a complaint against Gaffney BPW and Litchain Corp. ("Litchain"), alleging, in part, that it is entitled to the return of a utility deposit paid on behalf of Litchain to Gaffney BPW for the provision of electrical, water, and sewer services to property located at 150 Hyatt Place, Gaffney, South Carolina (the "Premises"), owned by Gaffney BPW and leased to Litchain, for the operation of a cryptocurrency mining site and to the return of cryptocurrency mining equipment and other personal property left on the Premises after Gaffney BPW terminated the lease and utility services due to the breach of several material contract provisions, including nonpayment of the monthly rent and utility bills. (ECF No. 1).

In response, Gaffney BPW filed an answer and counter and crossclaims asserting claims for interpleader of the utility deposit, "in the nature of interpleader" with respect to the utility deposit, interpleader of the cryptocurrency mining equipment and other personal property left on the premises, and related declaratory judgments. (ECF No. 15). It additionally asserted crossclaims

---

[1] Because this motion contains a full explanation of the relief sought and the grounds for that relief, a separate memorandum has not been filed. *See* Local Civ. Rules 7.04 and 7.05 (D.S.C.).

against Litchain for breach of contract (lease agreement), breach of contract (utility agreement), and a declaratory judgment finding that a nondisclosure and non-circumvention agreement between Litchain and Gaffney BPW relating to the use of Gaffney BPW's property for cryptocurrency mining purposes is ultra vires, invalid, void, and/or unenforceable. *Id*. Gaffney BPW subsequently amended its answer, crossclaims, and counterclaims ("Amended Answer and Counter-/Crossclaim"), to reassert its claims and counterclaims against Blockquarry and Litchain, plead additional facts relating to third-party claims to the cryptocurrency mining equipment, and clarify its requests to interplead. (ECF No. 23).

### **Blockquarry's Request for Injunctive Relief**

Shortly after filing its complaint, Blockquarry filed Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction seeking the immediate release of the utility deposit, cryptocurrency mining equipment, and other personal property referenced in its Complaint to it; an order enjoining Gaffney BPW from returning the requested utility deposit, cryptocurrency mining equipment, and other personal property to Litchain; and an expedited hearing on the motion. (ECF No. 7). The Court partially denied the motion, finding Blockquarry failed to make the requisite showing of immediate and irreparable harm necessary to obtain an *ex parte* temporary restraining order. (ECF No. 9). The Court then admonished the parties from engaging in spoliation of evidence or waste of the personal property sought to be released by Blockquarry pending the Court's ruling on the outstanding motion for preliminary injunction. *Id*.

In its Response to Plaintiff's Motion for Preliminary Injunction, Gaffney BPW consented to an order partially granting the request for preliminary injunction allowing the release of the equipment in a manner consistent with the inventories attached to the Affidavit of Donnie L. Hardin to the extent the claims did not conflict. (ECF No. 26). Blockquarry consented to this relief.

(ECF No. 28, p. 9). Based on the allegations in the Complaint, it was understood that the machines over which Blockquarry sought a declaration as to "ownership" for the purpose of securing release and identified on Blockquarry's inventory as being "owned" by it were, at least in part, the property of Blockquarry's clients. (*See, e.g.*, ECF No. 1, including ¶¶ 14-15, ¶¶ 30-31; *see also* ECF 26-1).

Blockquarry and Gaffney BPW later dismissed their claims against one another with prejudice. This made Blockquarry's outstanding motion for preliminary injunction moot, so it was withdrawn by Blockquarry with the consent of Gaffney BPW. (ECF No. 77).

### **Default by Litchain**

After eventual service by publication, Litchain failed to appear, answer, or otherwise defend the claims brought against it, so at the request of the parties, the clerk has entered default against Litchain on all claims and crossclaims brought by Gaffney BPW and Blockquarry. (ECF Nos. 59, 76). Due to the entry of default against it, Litchain has lost standing before the Court, the right to receive notice of the proceedings, and the right to present evidence at trial. *See Muhler Co., Inc. v. Window World of N. Charleston LLC*, No. 2:11-CV-00851-DCN, 2017 WL 952308, at *3 (D.S.C. Mar. 10, 2017).

### **Dismissal of Claims Between Blockquarry and Gaffney BPW**

Following default by Litchain, the only active parties were Blockquarry and Gaffney BPW, allowing them to engage in meaningful and confidential settlement negotiations. Blockquarry and Gaffney BPW subsequently notified the Court in a joint status report that they had resolved their differences and filed a joint stipulation of dismissal with prejudice as to all claims and counterclaims asserted between them. (ECF No. 73, 82). Blockquarry's motion for preliminary injunction became moot and was withdrawn. (ECF No. 77). As hinted at in the Davis, Bartch, and Vaught declarations that Gaffney BPW currently seeks to strike from the Court's record,

4

arrangements were made for the secure release of the equipment to Blockquarry, which occurred in November 2023. (ECF No. 88-1, 88-2, and 88-3).

### Entry of Partial Default Judgment Against Litchain

At the request of Gaffney BPW, the clerk later entered a partial default judgment against Litchain in favor of Gaffney BPW on Count V, Breach of Contract (Ground Lease), of its Amended Answer and Counter-/Crossclaim in the amount of $12,718.64. (D.E. 85).

### Pending Uncontested Rule 55(b)(2) Motions for Default

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Blockquarry and Litchain additionally filed motions for partial default judgment against Litchain as to their non-monetary requests for declaratory judgments relating to the rightful recipient of the outstanding utility deposit, the rightful recipient of the cryptocurrency mining equipment, the party that caused and paid for real improvements to the cryptocurrency mining site prior to its operation, the lack of debt owned by Blockquarry to Litchain, the invalidity of the sublease between Blockquarry and Litchain, the invalidity of a license agreement between Blockquarry and Litchain, and the invalidity of a nondisclosure and non-circumvention agreement between Gaffney BPW and Litchain. (ECF Nos. 63, 84).

While Blockquarry and Gaffney BPW initially disagreed as to the language of the declarations sought in their respective Rule 55(b)(2) motions for default, they have since worked out mutually agreeable language. Their proposed consent order submitted to the Court on February 1, 2024, and again on March 6, 2024, sets forth these consent declarations:

- A. The Court DECLARES Litchain is not the rightful recipient of the deposit refund of $440,178.19, the amount of the original utility deposit paid to Gaffney BPW that remains after the deduction of the outstanding utility payments and property upfitting expenses owed by Litchain.

    B.  The Court DECLARES Litchain is not the rightful owner or recipient of the cryptocurrency mining equipment and other personal property remaining on the Premises when Gaffney BPW terminated the lease identified in Paragraph 12 of the Amended Counter- and Cross-complaint filed by Gaffney Board of Public Works (ECF No. 23), including all distribution transformers, mining pods, and Bitcoin mining servers.

    C.  The Court DECLARES Blockquarry is not indebted to Litchain for any amount of money or other obligation; the purported sublease between Blockquarry and Litchain is void, voidable, and further unenforceable; and the purported license agreement between Blockquarry and Litchain is void, voidable, and further unenforceable.

    D.  The Court DECLARES that the non-disclosure confidentiality and non-circumvention agreement entered between Gaffney BPW and Litchain is ultra vires, invalid, void, and unenforceable.

(Proposed Order, p. 4-5, resubmitted as Exhibit 2).

At the time consent order was submitted to the Court, the only additional claims asserted by Gaffney BPW against Litchain were for interpleader and "in the nature of interpleader" of the utility deposit, interpleader of the cryptocurrency mining equipment, and breach of contract – utility agreement. Gaffney BPW has since voluntarily dismissed these claims. (ECF No. 95).

Following the Court's entry of the consent order, the only outstanding claims will be Blockquarry's claims for wrongful eviction and abuse of process. Blockquarry has represented to the Court that it intends to dismiss these claims due to the futility of collecting a monetary judgment from Litchain. (ECF No. 63, p. 4 n1).

**<u>Irrelevant and Prejudicial Affidavits</u>**

In response to the motion for partial default judgment filed by Gaffney BPW, Blockquarry consented to the general relief sought but objected to the inclusion of references to the Affidavit of Donnie L. Hardin and the inventories attached thereto in the language of those declarations. (ECF No. 88). Rather than working with opposing counsel on the craftmanship of satisfactory declaratory judgment language, Blockquarry filed the Declaration of Lawrence Davis, Declaration

6

of Beau Bartch, and Declaration of Shawn Vaught (ECF Nos. 88-1, 88-2, and 88-3) in a poorly veiled attempt to insert belated, false, and wholly irrelevant allegations relating to the security of the Premises into the Court's record. The irrelevancy of the statements made in the affidavits is compounded by the fact that Blockquarry and Gaffney BPW later negotiated mutually agreeable language for presentation to the Court as the proposed default declarations to be entered against Litchain. Once the Court has entered the consent order submitted on February 1, 2024, this matter should come to a prompt conclusion.

**Ongoing Harmful and Costly Consequences of Affidavits**

The public availability of the irrelevant declarations of Davis, Bartch, and Vaught has confused the issues before the Court, which at this point have been resolved, and unnecessarily creates a public narrative that is inaccurate and incomplete. The inclusion of this purported "evidence" into the record has already caused a third party monitoring this litigation via Public Access to Court Electronic Records ("PACER") to misconstrue the status of this case, the issues that have been and are currently pending before the Court, and the general authenticity of representations made by Gaffney BPW throughout the course of this litigation. As a result, Gaffney BPW continues to incur legal fees and costs that are paid using public funds to defend irrelevant and baseless accusations that were improperly brought before this Court, do nothing to make an outstanding disputed fact of consequence more or less likely, and have only served to confuse the issues and prolong the final disposition of this matter.

On March 6, 2024, Crypto Infiniti LLC ("Crypto Infiniti") filed a motion to intervene in this lawsuit. (ECF No. 94). This lawsuit has been pending since April 7, 2023, and Crypto Infiniti claims it has monitored this suit from its outset. (ECF No. 94, p. 3). In its untimely motion to intervene, Crypto Infiniti points to the statements made in the Davis, Bartch, and Vaught

7

declarations as its reason for coming forwarding and attempting to insert itself into this litigation despite the fact there is no longer an active claim or controversy. (ECF No. 94, p. 4). The prejudicial impact of this delayed and futile attempt at intervention will be fully briefed in a separate response opposing the untimely motion to intervene, but in short, the irrelevant affidavits filed by Blockquarry and the resulting motion to intervene filed by Crypto Infiniti have forced Gaffney BPW, at the expense of its ratepayers, to unnecessarily use its time and resources on litigation that should no longer be active. Gaffney BPW is not a proper party to disputes between Blockquarry, Crypto Infiniti, and Bit5ive relating to their business relationship and the distribution of the equipment returned to Blockquarry in a manner that is consistent with that relationship. For these reasons, the presence of the irrelevant declarations of Davis, Bartch, and Vaught on the public case index associated with this litigation serves no purpose other than to confuse the issues, delay the final conclusion of this suit, and force Gaffney BPW to incur burdensome and unnecessary legal expenses.

**Relief Sought Gaffney BPW**

For the reasons set forth herein, Gaffney BPW seeks the removal of the Declaration of Lawrence Davis, Declaration of Beau Bartch, and Declaration of Shawn Vaught from the record. (ECF Nos. 88-1, 88-2, and 88-3). Additionally, Gaffney BPW has contemporaneously filed the Declaration of H. Bradford Wright, which explains the measures taken the keep the Premises secure, fills in the factual gaps created by the declarations Gaffney BPW seeks to strike, and addresses the erroneous insinuations of wrongdoing by Gaffney BPW created by the declarations. The Wright declaration completes the narrative initiated by Blockquarry when filing the affidavits of Davis, Bartch, and Vaught and hopefully lessens the prejudicial impact of those affidavits and the references to them contained in various court filings on Gaffney BPW.

**LAW AND ARGUMENT**

Based on Rules 401, 402, and 403 of the Federal Rules of Evidence, Gaffney BPW moves this Court for an order striking the Declaration of Lawrence Davis, Declaration of Beau Bartch, and Declaration of Shawn Vaught from the Court's records. (ECF Nos. 88-1, 88-2, and 88-3). Relevancy is the baseline for the admission of all evidence and requires the proffered evidence to have a tendency to make a fact of consequence in determining the action more or less probable than it would be without the evidence. Fed. R. Civ. P. 401, 402. Even if the proffered evidence meets the minimum relevancy requirements, it will not be admitted if its probative value is substantially outweighed by a danger unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed R. Evid. 403.

Here, there are no facts of consequence left to prove. Blockquarry and Gaffney BPW have dismissed their claims against one another with prejudice. (ECF No. 73). Once Litchain defaulted, it admitted all well-pleaded allegations of fact against it and lost the ability to make an appearance in this case and present evidence on its behalf. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). Since Litchain's default, Gaffney BPW has secured a partial default judgment against Litchain on its crossclaim for breach of the ground lease in the amount of $12,718.64. (D.E. 85). Gaffney BPW has also voluntarily dismissed its crossclaims against Litchain for interpleader and "in the nature of interpleader" of the utility deposit, interpleader of the cryptocurrency mining equipment, and breach of contract – utility agreement, as they have become moot. (ECF No. 95).

9

At this point, Gaffney BPW's only pending claims against Litchain are for a declaratory judgment relating to the distribution of the utility deposit and cryptocurrency mining equipment and a declaratory judgment confirming the invalidity of a nondisclosure and non-circumvention agreement between Gaffney BPW and Litchain. (ECF No. 84, p. 38-41). Based on Litchain's admission of the well-pleaded factual allegations in Gaffney BPW's counterclaim, addressed further in Gaffney BPW's pending motion for partial default judgment relating to these declarations (ECF No. 84), there are not any facts of consequence left to prove in support of these counterclaims. Instead, the uncontested facts support the entry of the requested declaratory judgments by default. Based on these uncontested facts, Blockquarry and Gaffney BPW have consented to the language of these declarations to be made by default judgment and presented them to the Court for consideration. (ECF Nos. 84, 91; Proposed Order, Exhibit 2).

Likewise, there are not any facts of consequence left to prove in support of Blockquarry's pending claims against Litchain. (ECF No. 1). Blockquarry continues to seek a declaratory judgment against Litchain asserting Blockquarry is the rightful owner of the utility deposit and cryptocurrency mining equipment, caused and paid for certain real improvements to the Premises, and is not indebted to Litchain for any amount of money or other obligation. (ECF No. 1, p. 15). Blockquarry additionally seeks a declaratory judgment against Litchain stating the sublease between Blockquarry and Litchain was invalid, as was the license agreement between Blockquarry and Litchain. (ECF No. 1, p. 17-18). Blockquarry has filed a motion for partial default judgment against Litchain granting these non-monetary requests for relief, and, at the same time Blockquarry and Gaffney BPW reached a compromise as to the language of declarations sought by Gaffney BPW, the parties compromised as to the language of the declarations sought by Blockquarry. (ECF No. 63; Proposed Order, Exhibit 2). Following the Court's entry of the consent order granting the

partial default judgments separately sought by Gaffney BPW and Blockquarry, the only outstanding claims will be Blockquarry's claims for wrongful eviction and abuse of process against Litchain, and Blockquarry has represented to the Court that it intends to dismiss these claims due to the futility of collecting a monetary judgment from Litchain. (ECF No. 63, p. 4 n1).

Through the declarations of Davis, Bartch, and Vaught, Blockquarry raises concerns about the security of the Premises, contends the inventories submitted by Blockquarry and others that are attached to the Affidavit of Donnie L. Hardin are inaccurate, and makes unfounded insinuations that cryptocurrency mining servers were taken from the Premises sometime between October 19 and November 7. (ECF No. 88-1, 88-2, and 88-3). These affidavits were filed by Blockquarry in response to Gaffney BPW's motion for partial default, a motion to which it consented. Not only are the affidavits wholly irrelevant to the relief sought in that motion, but they are wholly irrelevant to any of the outstanding claims in this matter. Simply put, for the reasons stated above, they fail to make any fact that is of consequence in this litigation more probable than not. As such, they should be stricken from the record.

Even if the affidavits of Davis, Bartch, and Vaught are relevant to the claims asserted in this case, they should be stricken from the record because their probative value is substantially outweighed by the danger unfair prejudice, confusion of the issues before the Court, and undue delay in bringing these security concerns to the attention of Gaffney BPW so they could be timely addressed. From the outset of this litigation, Blockquarry and Gaffney BPW have sought the same thing from the Court with respect to one another – guidance as to the release of the utility deposit and cryptocurrency mining equipment. Once Litchain defaulted, much of the relief sought became moot, and Blockquarry and Gaffney BPW were able to work together in a good faith attempt to resolve this matter. The affidavits muddy the issues before the Court, make it appear as if Gaffney

BPW has been disingenuous in its representations as to the security of the Premises, and assert false accusations of wrongdoing against Gaffney BPW despite the fact Blockquarry does not have any pending claims against it.

The affidavits reference security concerns that were first noticed in October, yet Blockquarry waited until January to bring these concerns to the attention of Gaffney BPW, and even then, only did so through a public court filing. Had there been legitimate concerns the cryptocurrency mining equipment was not properly locked onsite, those concerns should have been brought to the attention of Gaffney BPW when first noticed in October so that corrective measures, if needed, could have been taken.

Moreover, the affidavits of Davis, Bartch, and Vaught discuss the process by which the cryptocurrency mining equipment was released to Blockquarry as a term of a confidential settlement agreement. This is not the appropriate subject matter of public court filing, particularly in the frivolous context in which it was filed.

The recent attempt by Crypto Infiniti to intervene in this lawsuit, a matter that from a practical standpoint has no active claims, is evidence of the manner in which these affidavits have confused the issues before the Court and prejudicially impacted Gaffney BPW. Prior to the recent filing by Crypto Infiniti, once the Court entered the consent order submitted on February 1, 2024, granting the requested declaratory judgments against Litchain in favor of Blockquarry and Gaffney BPW by default, there would have been no further issues before this Court for consideration, and this litigation would have promptly concluded. Instead, Gaffney BPW, an innocent stakeholder that has never asserted an independent claim to the cryptocurrency mining equipment left onsite following its termination of the lease and utility agreements with Litchain and has worked in good faith with the only opposing party to timely appear in this lawsuit to resolve their differences,

continues to incur legal expenses for the unforeseeable future in a matter in which there are no active claims.

One of the basic tenants of our legal system is that there must be finality to litigation, and due to the hard work of Blockquarry and Gaffney BPW, this matter has reached a place where it can be finally concluded. Unfortunately, allowing the declarations Davis, Bartch, and Vaught to remain in the public case record jeopardizes that finality. The untimely motion to intervene filed by Crypto Infiniti is evidence of that. Accordingly, the Federal Rules of Evidence require this Court to strike the Declaration of Lawrence Davis, Declaration of Beau Bartch, and Declaration of Shawn Vaught, located at ECF No. 88-1, 88-2, and 88-3 on the electronic docket, from the public case record.

## CONCLUSION

In light of the foregoing, Gaffney BPW moves this Court for an order granting its Motion to Strike the Declarations of Lawrence Davis, Beau Bartch, and Shawn Vaught from the Public Case Record and directing the court clerk to promptly remove those affidavits from PACER and any additional public case indexes.

Respectfully submitted,

POPE FLYNN, LLC

March 12, 2024     By:     */s/ Virginia P. Bozeman*
Virginia P. Bozeman (Fed. Bar No. 13476)
Lawrence E. Flynn III (Fed. Bar No. 14000)
1411 Gervais Street, Suite 300
Columbia, SC 29201
Phone: (803) 354-4900
Fax: (803) 354-4899
gbozeman@popeflynn.com
lflynn@popeflynn.com

**ATTORNEYS FOR GAFFNEY BPW**

13