IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Blockquarry Corp. f/k/a ISW Holdings, Inc., <br><br>  Plaintiff, <br><br> v. <br><br> Litchain Corp. and Gaffney Board of Public Works, <br><br>  Defendants. <br><br> ──────────────────────── <br><br> Gaffney Board of Public Works, <br><br>  Counter-/Cross-Claimant, <br><br> v. <br><br> Blockquarry Corp. f/k/a ISW Holdings, Inc., Counterclaim Defendant, and Litchain Corp., Crossclaim Defendant. | C/A No.: 7:23-cv-01427-TMC <br><br><br><br><br><br><br><br><br><br> **ORDER** |

This matter comes before the Court on the motions for partial default judgment against Defendant Litchain Corp. filed by Blockquarry Corp. f/k/a ISW Holdings, Inc. and Gaffney Board of Public Works (collectively, "Movants"). (ECF No. 63 and 84, collectively, "Motions".) Whereas the Motions are well founded and supported by the record, the Court GRANTS the Motions. Further, the Court finds and orders the following.

BACKGROUND

1. On April 7, 2023, Blockquarry Corp. f/k/a ISW Holdings, Inc. ("Blockquarry") filed this action seeking declaratory and injunctive relief against Defendant Gaffney Board of Public Works (the "Gaffney BPW") and Defendant Litchain Corp. ("Litchain") in addition to

damages claims against Litchain, arising from Blockquarry's cryptocurrency mining operation conducted at 150 Hyatt Street, Gaffney, South Carolina ("Premises").  In sum, Blockquarry alleged: 1) it was the rightful owner of certain personal property on the Premises, 2) it was entitled to the return of a deposit paid to Gaffney BPW for electric service to the Premises ("Deposit"), and 3) that its purported agreements with Litchain were unlawful and null and void.

2. On May 1, 2023, Gaffney BPW filed its answer and counterclaim and crossclaim for interpleader, declaratory judgment, and breach of contract, in which it asserted counter and crossclaims for interpleader of the Deposit, "in the nature of interpleader" with respect to the Deposit, interpleader of the cryptocurrency mining equipment and other personal property remaining on the Premises, and related declaratory judgments. (ECF No. 15.)  Gaffney BPW additionally asserted crossclaims against Litchain for breach of contract (lease agreement), breach of contract (utility agreement), and a declaratory judgment finding that a nondisclosure and non-circumvention agreement between Litchain and Gaffney BPW relating to the use of Gaffney BPW's property for cryptocurrency mining purposes is ultra vires, invalid, void, and/or unenforceable.

3. On May 22, 2023, within twenty-one days of filing its first answer, Gaffney BPW filed its amended answer to Blockquarry's complaint and amended counterclaim and amended crossclaim for interpleader, declaratory judgment, and breach of contract, in which Gaffney BPW reasserted its claims and counterclaims against Blockquarry and Litchain but pled additional facts relating to third-party claims to the cryptocurrency mining equipment and clarified its requests to interplead. (ECF No. 23.)

4.  On August 11, 2023, Plaintiff, consistent with the Court's June 22, 2023 order (ECF No. 37), caused service upon Litchain through publication in South Carolina and Florida, pursuant to Rule 4(e)(1), S.C. Code Ann. § 15-9-710, and Fla. Stat. §§ 49.011, 49.021.

5.  Gaffney BPW similarly caused service upon Litchain effective September 25, 2023.

6.  Litchain has not responded to the pleadings filed by Blockquarry or Gaffney BPW, entered an appearance, or otherwise made any filings in the action.

7.  On September 6, 2023, the Clerk entered default as to Litchain (ECF No. 59) following a request for the same from Blockquarry (ECF No. 58).

8.  On November 2, 2023, Movants stipulated to the dismissal with prejudice of Movants' respective claims against each other. (ECF No. 73.)

9.  On November 13, 2023, the Clerk entered default as to Litchain (ECF No. 76) following a request for the same from Gaffney BPW (ECF No. 75).

10. On November 16, 2023, Blockquarry and Gaffney BPW filed a joint notice of withdrawing motions (ECF No. 77), withdrawing: Blockquarry's emergency motion for temporary restraining order and preliminary injunction (ECF No. 7) and Gaffney BPW's motion for leave to deposit (ECF No. 42). The Motions are the only motions pending before the Court.

11. On December 28, 2023, the Clerk entered partial judgment as to Litchain in favor of Gaffney BPW in the amount of $12,718.64. (ECF No. 85.) The partial judgment followed a request from Gaffney BPW for the same relative to Gaffney BPW's Count V, asserting breach of contract. (ECF No. 83.)

12. The Motions before the Court seek declarations relative to 1) the cryptocurrency mining equipment and other personal property on the Premises, 2) the Deposit, 3) and the

agreements, alleged or otherwise, between Movants and Litchain's related to the use of and electric service to the Premises.

### FINDINGS

13. Litchain, by its default (*see supra* ¶¶ 5-6), admitted Movants' well-pleaded allegations of fact. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

14. Movants demonstrated that the well-pleaded allegations of fact in their pleadings and the record before the Court support the relief sought in the Motion.

15. As the Motions are hereby resolved in favor of Blockquarry and Gaffney BPW, entry of the partial default judgment against Litchain does not risk inconsistent rulings. *See Frow v. De La Vega*, 82 U.S. 552, 554 (1872).

16. There is no just reason for delay of entry of partial default judgment against Litchain. *See* Fed. R. Civ. P. 54(b).

### JUDGMENT AND DECLARATIONS

NOW, THEREFORE, IT IS HEREBY ORDERED that Judgment is hereby entered against Litchain and in favor of Movants as follows:

A. The Court DECLARES Litchain is not the rightful recipient of the deposit refund of $440,178.19, the amount of the original utility deposit paid to Gaffney BPW that remains after the deduction of the outstanding utility payments and property upfitting expenses owed by Litchain.

B. The Court DECLARES Litchain is not the rightful owner or recipient of the cryptocurrency mining equipment and other personal property remaining on the Premises when Gaffney BPW terminated the lease identified in Paragraph 12 of the Amended Counter- and Cross-

complaint filed by Gaffney Board of Public Works (ECF No. 23), including all distribution transformers, mining pods, and Bitcoin mining servers.

C. The Court DECLARES Blockquarry is not indebted to Litchain for any amount of money or other obligation; the purported sublease between Blockquarry and Litchain is void, voidable, and further unenforceable; and the purported license agreement between Blockquarry and Litchain is void, voidable, and further unenforceable.

D. The Court DECLARES that the non-disclosure confidentiality and non-circumvention agreement entered between Gaffney BPW and Litchain is ultra vires, invalid, void, and unenforceable.

SO ORDERED, this the _____ day of _____, 2024

                                                          _____
                                                          The Honorable Timothy M. Cain
                                                          U.S. District Court Judge