IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Blockquarry Corp. f/k/a ISW Holdings, Inc.,<br><br>    Plaintiff,<br><br>v.<br><br>Litchain Corp. and Gaffney Board of Public Works,<br><br>    Defendants.<br><br>Gaffney Board of Public Works,<br><br>    Defendant/Counter- and Cross-Claimant,<br><br>v.<br><br>Blockquarry Corp. f/k/a ISW Holdings, Inc.,<br><br>    Counterclaim Defendant,<br><br>and<br><br>Litchain Corp.,<br><br>    Defendant/Crossclaim-Defendant. | C/A No.: 7:23-cv-01427-TMC<br><br><br><br><br><br><br><br><br><br>**BLOCKQUARRY'S RESPONSE IN OPPOSITION TO THE MOTION TO STRIKE BY GAFFNEY BOARD OF PUBLIC WORKS** |

Plaintiff/Crossclaim-Defendant Blockquarry Corp. f/k/a ISW Holdings, Inc. ("Blockquarry") opposes the motion to strike filed by Defendant/Counter- and Cross-Claimant Gaffney Board of Public Works ("Gaffney BPW") as follows. (ECF No. 94, "Motion to Strike".)

## INTRODUCTION

On January 12, 2024, Blockquarry filed its opposition to a partial motion for default judgment filed by Gaffney BPW. (ECF No. 88, "Response" to ECF No. 84, "Motion for Default

Judgment".) There was and continues to be a risk that, if the Court grants the Motion for Default Judgment, it may judicially endorse certain facts that Blockquarry learned were untrue—relative to the ownership and condition of assets involved in the case. Thus, Blockquarry believed it was just and proper to attempt to correct the record at the first opportunity to prevent issuance of such an order—*i.e.*, by way of Blockquarry's Response. And these facts learned by Blockquarry were not conjecture; they were supported by filed declarations of personnel with firsthand knowledge of their veracity. (ECF Nos. 88-1, 88-2, 88-3, collectively, "Declarations".)

In the instant Motion to Strike, Gaffney BPW attempts to wash these Declarations from the record because they are prejudicial to Gaffney BPW. Indeed, the Declarations do not favor Gaffney BPW, as they dispute the utility's continued attempt to paint itself as a "mere innocent stakeholder" in this case. (*See, e.g.,* ECF No. 42 p. 3 and Motion to Strike 12.) However, this is not grounds to eliminate an otherwise appropriate and relevant filing. These Declarations were critical to establish facts showing inaccuracies in the record—that are present in an affidavit that was filed by Gaffney BPW very early in the case when the facts were continuing to develop. (ECF No. 24-1 (filed on May 23, 2023).)

Additionally, Gaffney BPW conceded relevance of the Declarations by agreeing *to amend the relief sought in the Motion for Default Judgment*. (*See* ECF No. 91 [Gaffney BPW's reply to the Motion to Strike].) Blockquarry's objection to the Motion for Default Judgment was based on the Declarations, and the Declaration's content was apparently relevant enough to Gaffney BPW that the utility voluntarily agreed to alter the relief sought in its Motion for Default Judgment. And the consent amendment was intended to cure the very problem in the record that Blockquarry was attempting to prevent by way of its opposition in the Response. Inexplicably, Gaffney BPW is

2

now complaining about the Declarations, and it has filed its own declaration, attempting to refute Blockquarry's Declaration.

For these and other reasons discussed below, the Court should deny the Motion to Strike.

## BACKGROUND

### A.   Blockquarry's Pleading and Motion for Partial Default Judgment Against Litchain.

Blockquarry is a publicly traded Bitcoin mining developer. It is undisputed that the company occupied and maintained a Bitcoin mining operation on real property owned by Gaffney BPW, located in Gaffney, South Carolina at address 150 Hyatt Street ("Premises"), and that Gaffney BPW is a municipal electric utility that served the Premises.

Blockquarry's occupation of the Premises was pursuant to a purported sublease made by Blockquarry and Defendant/Crossclaim-Defendant Litchain Corp. ("Litchain"). Blockquarry filed this action seeking a declaration that: 1) the purported sublease of the Premises was unlawful and unenforceable, 2) Blockquarry is entitled to return of the deposit it paid to Gaffney BPW for electric service on the Premises ("Deposit"), 3) Blockquarry was entitled to return of personal property maintained on the Premises for Bitcoin mining, and 4) Litchain's purported claims to the contrary were untruthful and unlawful. (*See, generally*, ECF No. 1.)

Litchain defaulted on these claims (ECF No. 59), and Blockquarry filed a motion for partial default judgment (ECF No. 63).

### B.   Gaffney BPW's Pleading and Motion for Partial Default Judgment Against Litchain.

Gaffney BPW countersued Blockquarry and crossclaimed against Litchain, seeking a declaratory judgment that 1) Litchain is not the rightful recipient of the Deposit, 2) Litchain is not the rightful recipient of the cryptocurrency mining equipment and other personal property on the

3

Premises, and 3) an agreement between Litchain and Gaffney BPW is void and unenforceable. (ECF 23.)

Litchain defaulted on these claims (ECF No. 76), and Gaffney BPW filed its Motion for Partial Default Judgment (ECF No. 84).

### C. Blockquarry's Response to the Motion for Default Judgment and the Supporting Declarations

Blockquarry's Response to the Motion for Default Judgment stated:

> New information came to light that changes the facts upon which the parties operated under and, thus, demands an objection to certain language contained in the Motion (and the attached proposed order). Specifically, Blockquarry recently learned that exhibits attached to the Utility's affidavit in this case, which is referenced and relied upon in the Utility's Motion and proposed order, contains critical inaccuracies that require clarification.

(Resp. 2.) On this ground, Blockquarry opposed the Court's issuance of the following declaration that Gaffney BPW sought in the Motion for Default Judgment:

> The Court DECLARES Crossclaim Defendant Litchain Corp. is not the rightful recipient of the cryptocurrency mining equipment and other personal property left at 150 Hyatt Street, Gaffney, South Carolina, **including the Bitcoin mining pods, the distribution transformers, data servers identified in Exhibit 3 of the Affidavit of Donnie L. Hardin (ECF Nos. 26-1 and 83-1)**, and other personal property not affixed to that property.

(Resp. 4.) (citing Motion for Default Judgment 13) (emphasis added).

Blockquarry opposed (and continues to oppose) this language. As stated in the Response, the bolded language "references an affidavit filed by the Utility that attaches exhibits with incorrect information." (*Id.*) "The incorrect information was provided to the Utility by third parties, and Blockquarry recently learned of its inaccuracy. **Critically, by inference, this Court's declaration on this score could be deemed to wrongly identify personal property on the Premises and its owner(s).**" (*Id.* 4-5.) The affidavit referenced is hereinafter, the "Hardin Affidavit."

4

As stated in the Response, the Declarations go directly to this point—*i.e.*, whether the Court's order on the Motion for Default Judgment could wrongfully identify personal property on the Premises. The Declarations achieve this end by showing: "1) conditions on the Premises were unsecure, and the Bitcoin mining equipment was accessed and tampered with and 2) the Inventory provided by Bitmain to the Utility is incorrect." (Resp. 6.)

Specifically, the declaration of Beau Bartch states, "[The] facts show someone was present on the Premises and inside containers numbered 2, 5, 6, and 10 without authorization, and strongly suggest someone was inside containers numbered 8, 12, and 17 without authorization." (Resp. 7) (citing the Bartch Declaration 10).[1] The declaration of Shawn Vaught states that the result of an audit of the property at issue "reveal anomalies, including that the inventory attached to Hardin Affidavit as Exhibit l (purportedly Bitmain's miners[)] . . . is incorrect." (Resp. 8) (citing Vaught Declaration 7).[2] Specifically, the audit showed (310) miners identified as belonging to Bitmain were not present after the property was relocated from the Premises. (Resp. 8) (citing Vaught Declaration 5-7.) The declaration of Lawrence Davis states that personnel from Gaffney BPW told him that people were permitted to remove property from the Premises. (Resp. 7) (citing Davis Declaration 6).[3]

Finally, as discussed above, Blockquarry's Response was the first and most obvious opportunity raise these newly discovered issues. Mr. Vaught's audit occurred within days of Blockquarry's Response. (*Compare* Blockquarry's Response [filed on January 12, 2024] *with* the Vaught Declaration ¶ 6 [stating the audit was performed in January 2024].) And Gaffney BPW

---

[1] The Bartch Declaration is in the record as ECF No. 88-2.
[2] The Vaught Declaration is in the record as ECF No. 88-3.
[3] The Davis Declaration is in the record as ECF No. 88-1.

had, theretofore, restricted Blockquarry's access to the Premises to examine the personal property. (Compl. ¶ 57, stating, "Sometime after February 16, 2023, the Utility padlocked the Premises, blocking any physical access to the Premises for Blockquarry (and, presumably, any other third party).").

D.     **Events Following Blockquarry's Response**

On January 26, 2024, Gaffney BPW filed its reply to the Motion for Default Judgment. (*See* ECF No. 91 [Gaffney BPW's reply to the Motion for Default Judgment, "Reply"].)  The Reply informs the Court, "Blockquarry and Gaffney BPW have since agreed to the below proposed default declaration against Litchain Corp. . . . "

> The Court DECLARES that Crossclaim Defendant, Litchain Corp., is not the rightful owner or recipient of the cryptocurrency mining equipment and other personal property remaining at 150 Hyatt Street, Gaffney, South Carolina, when Gaffney Board of Public Works terminated the lease identified in Paragraph 12 of the Amended Counter- and Cross-complaint filed by Gaffney Board of Public Works (ECF No. 23), including all distribution transformers, mining pods, and Bitcoin mining servers.

(Reply 2.)

Thus, the proposed declaration now sought by Gaffney BPW *removes the language associated with the Hardin Affidavit*.  This was the very language that Blockquarry's Response objected to, and this is the reason that Blockquarry Response was supported by the Declarations. In other words, Blockquarry's Declarations prevailed in convincing Gaffney BPW that there was a problem with the Motion for Default Judgment.  In fact, on February 1, 2024, Blockquarry and Gaffney BPW submitted a proposed consent order to the Court with this amended declaration.

Now, Gaffney BPW complains of the Declarations that apparently convinced Gaffney BPW, in part, that Blockquarry was correct all along, and that the Court should not enter an order

consistent with the Motion for Default Judgment. And curiously, Gaffney BPW filed its own competing affidavit. (ECF No. 96-1 [the Declaration of Bradford Wright, the "<u>Wright Declaration</u>"]].). To repeat, the posture before the Court is that Gaffney BPW wishes to strike the Declarations while relying, factually, on another affidavit that it claims refutes the Declarations. The Court should not permit this, and it should let both the Declarations and the Wright Declaration remain.

## **ARGUMENT**

Gaffney BPW cites *no* Federal Rule of Civil Procedure in support of its Motion to Strike. The Court may deny the Motion for Default Judgment on that ground alone. The following argument assumes the Court may wish to assess the merits of the Motion to Strike, notwithstanding the dearth of citation.

### A.    Standard

Motions to strike "are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (internal citations omitted) (considering a motion to strike under Rule 12(f), Federal Rules of Civil Procedure). A declaration is not a pleading subject to strike under Rule 12(f). *Gordon v. TBC Retail Grp., Inc.*, No. 2:14-CV-3365-DCN, 2020 WL 1703912, at *3 (D.S.C. Apr. 8, 2020); *Int'l Longshoremen's Ass'n, S.S. Clerks Loc. 1624, AFL-CIO v. Virginia Int'l Terminals*, Inc., 904 F. Supp. 500, 504 (E.D. Va. 1995) (denying the plaintiff's Rule 12(f) motion to strike the defendant's reply brief and accompanying affidavits, filed in support of the defendant's summary judgment motion).

Courts often consider motions to strike declarations in the context of Rule 56 motions for summary judgment. *See, e.g., Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996). In *Evans*, the Fourth Circuit stated, "Federal Rule of Civil Procedure 56(e) specifically requires that affidavits submitted on summary judgment contain admissible evidence and be based on personal knowledge." *Id.; but see DirecTV, Inc. v. Murray,* 307 F. Supp. 2d 764, 773 (D.S.C. 2004) ("This court notes, in caution, that Rule 56(e) does not require an unequivocal ruling that the evidence suggested in [a] particular affidavit would be admissible at the trial as a condition precedent to holding the affidavit raises a genuine issue.") (citing *Corley v. Life & Cas. Ins. Co.*, 296 F.2d 449, 450 (D.C.Cir.1961)).

The standard for striking a declaration in the context of a Rule 56 motion for summary judgment is equally a strict as in the context of a Rule 12(f) motion. *See, e.g., Doan v. QualxServ, LLC*, No. C.A. 2071572PMDGCK, 2008 WL 3834078, at *6 (D.S.C. Aug. 17, 2008). In *Doan*, the District Court for South Carolina held, "Because the striking of Plaintiff's affidavit is a dramatic measure that would have no effect on the ultimate outcome of the present litigation, the court declines to grant Defendant's Motion to Strike the pertinent parts of Plaintiff's affidavit." *Id*.

Should the Court wish to follow the Rule 56 standard on a motion to strike, here, Blockquarry argues the standard favors denial of the Motion to Strike. Consistent with the opinion in *Evans* but contrary to Gaffney BPW's argument otherwise, the Declarations contain admissible evidence and are based on personal knowledge.

**B.    Admissibility**

The Declarations are admissible, as relevant under Rule 402, Federal Rules of Evidence. The Declarations are probative of 1) the veracity of the Hardin Affidavit and the information upon

which it is based, 2) whether the conditions on the Premises were secure, 3) whether the Bitcoin mining equipment on the Premises was accessed and tampered with, and 4) whether Gaffney BPW complied with the Court's text order entered on April 12, 2023 (ECF No. 9.). And these conclusions are consequential in the action because they implicate the facts upon which the Court may resolve the case, as demonstrated by Gaffney BPW's (former) reliance upon the Hardin Affidavit in its Motion for Default Judgment. *See* FED. R. EVID. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."). As stated above, there was and continues to be a risk that, if granted, the Motion for Default Judgment may judicially endorse certain facts that Blockquarry learned were untrue—relative to the ownership and condition of assets involved in the case.

Gaffney BPW's Wright Declaration opposes these issues, factually, and Blockquarry does not oppose Gaffney BPW's ability to do so (by way of the Wright Declaration or otherwise). However, the Court may resolve this case to conclusion with both the Declarations and the Wright Declaration in the record. This is because, despite Gaffney BPW's instant protest, Gaffney BPW agreed to change the relief sought in its Motion for Default Judgment, based, in part, on the Declarations. *See infra*.

Finally, nothing stated herein is inconsistent with Blockquarry's position that there is no active case for Crypto Infiniti, LLC ("Crypto Infiniti") to intervene in. (ECF No. 102 p. 12.) Blockquarry's Response and the Declarations attempted to correct the facts upon which the Motion for Default Judgment was predicated upon. It still stands that there is no action for Crypto Infiniti to intervene in after the Court enters the (now amended) proposed consent order on the Motion for

9

Default Judgment. Moreover, there is no interpleader action to intervene in at all. It was dismissed by Gaffney BPW. (ECF No. 95.)

### C. Personal Knowledge

The Declarations are based upon personal knowledge. Messrs. Davis and Bartch were both present on the Premises on or about the time the property at issue was removed from the Premises. (Davis Declaration ¶ 4; Bartch Declaration ¶¶ 4,6,8.) Moreover, Mr. Vaught personally directed the audit that led Blockquarry to the conclusion that the information provided to Gaffney BPW by third parties and incorporated into the Hardin Affidavit was incorrect (Vaught Declaration ¶ 6.). To repeat, the facts were developing when Gaffney BPW filed the Hardin Affidavit, and they continue to develop as to ownership of the property in the case. (*See* ECF No. 102 fn. 1, 3, 5.)

### D. Unfair Prejudice

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "[U]nfair prejudice speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *United States v. Bajoghli*, 785 F.3d 957, 966 (4th Cir. 2015) (internal quotations omitted).

Here, the Declarations are *not* prejudicial, and Gaffney BPW fails to point to a single *fact* that suggests this Court is or has been lured one way or another. The Court should consider this dispositive of the issue.

In sum, the content of the Declaration is admissible because it is relevant and not unduly prejudicial, and the Court should permit the Declarations to remain in the record—just as the Wright Declaration is currently in the record.

10

## **CONCLUSION**

This Court should deny the Motion to Strike consistent with this response.

Respectfully submitted,

| | |
|---|---|
| March 26, 2024 | FOX ROTHSCHILD LLP |
| | 2 W. Washington Street<br>Suite 1100<br>Greenville, SC 29601<br>Tel:   864.751.7600 |
| Greenville, South Carolina | */s/R. Taylor Speer*<br>R. Taylor Speer<br>Federal ID# 12267<br>tspeer@foxrothschild.com |
| 156753166 | *Attorneys for Plaintiff Blockquarry Corp. f/k/a ISW Holdings, Inc.* |

11