IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Blockquarry Corp. f/k/a ISW Holdings, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Litchain Corp. and Gaffney Board of Public Works, <br><br> Defendants. <br> ─────────────────────── <br> Gaffney Board of Public Works, <br><br> Counter-/Crossclaimant, <br><br> v. <br><br> Blockquarry Corp. f/k/a ISW Holdings, Inc., Counterclaim Defendant, and Litchain Corp., Crossclaim Defendant. | C/A No.: 7:23-cv-01427-TMC <br><br><br><br><br><br><br><br> **GAFFNEY BOARD OF PUBLIC WORKS' RESPONSE IN OPPOSITION TO CRYPTO INFINITI, LLC'S MOTION TO INTERVENE** |

COMES NOW Gaffney Board of Public Works ("Gaffney BPW"), by and through undersigned counsel of record, and submits this response in opposition to Proposed Crossclaim Defendant Crypto Infiniti, LLC's Rule 24 (a)(2) Motion to Intervene (ECF No. 94). In support of this response, Gaffney Board of Public Works states as follows:

**INTRODUCTION**

Proposed Crossclaimant Crypto Infiniti, LLC ("Crypto Infiniti") seeks intervention of right pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure, which requires the Court to permit anyone who, on timely motion, claims an interest in the property or transaction that is the subject of the action, and situated such that the dismissal of the action may impair the movant's

interests, to intervene unless an existing party adequately represents the proposed intervenor's interests. Fed. R. Civ. P. 24(a)(2). The remaining claim to which Crypto Infiniti seeks intervention – a request for declaratory judgment as to the manner in which Gaffney BPW should distribute cryptocurrency mining equipment previously locked on its property – is moot. This equipment has been released to Blockquarry for distribution, where appropriate, to the third parties generally referenced in its Complaint as owning the equipment. Crypto Infiniti's motion to intervene must, therefore, be denied.

Moreover, Crypto Infiniti's motion is untimely. All pending claims have been resolved, and all deadlines in the Court's scheduling order have expired. The Court's entry of a consent order submitted by Blockquarry Corp. f/k/a ISW Holdings, Inc. ("Blockquarry") and Gaffney BPW on February 1, 2024, granting a default judgment against defendant and cross-claimant Litchain Corp. ("Litchain") declaring that it is not the rightful recipient of the outstanding utility deposit and cryptocurrency mining equipment left on property, which due to the default of Litchain and withdrawal of the now-moot motion for preliminary and permanent injunction preventing the release of that equipment to Litchain, will finally dispose of all claims brought by the parties. For this reason, the Court must also deny Crypto Infiniti's motion to intervene as of right.

Finally, for the reasons stated herein, Crypto Infiniti has not proven the elements required for this Court to allow intervention under Fed. R. Civ. P. 24(a)(2. Accordingly, this Court must deny Crypto Infiniti's motion to intervene as of right.

### FACTS AND PROCEDURAL BACKGROUND

#### Claims Originally Asserted by Blockquarry and Gaffney BPW

Blockquarry initiated this lawsuit by filing a complaint against Gaffney BPW and Litchain alleging, in part, that it is entitled to the return of a utility deposit paid on behalf of Litchain to Gaffney BPW for the provision of electrical, water, and sewer services to property located at 150

Hyatt Place, Gaffney, South Carolina (the "Premises"), owned by Gaffney BPW and leased to Litchain, for the operation of a cryptocurrency mining site and to the return of cryptocurrency mining equipment and other personal property left on the Premises after Gaffney BPW terminated the lease and utility services due to the breach of several material contract provisions, including nonpayment of the monthly rent and utility bills. (ECF No. 1).

In response, Gaffney BPW filed an answer and counter and crossclaims asserting claims for interpleader of the utility deposit, "in the nature of interpleader" with respect to the utility deposit, interpleader of the cryptocurrency mining equipment and other personal property left on the premises, and related declaratory judgments. (ECF No. 15). It additionally asserted crossclaims against Litchain for breach of contract (lease agreement), breach of contract (utility agreement), and a declaratory judgment finding that a nondisclosure and non-circumvention agreement between Litchain and Gaffney BPW relating to the use of Gaffney BPW's property for cryptocurrency mining purposes is ultra vires, invalid, void, and/or unenforceable. *Id*. Gaffney BPW subsequently amended its answer, crossclaims, and counterclaims ("Amended Answer and Counter-/Crossclaim"), to reassert its claims and counterclaims against Blockquarry and Litchain, plead additional facts relating to third-party claims to the cryptocurrency mining equipment, and clarify its requests to interplead. (ECF No. 23).

### Blockquarry's Request for Injunctive Relief

Shortly after filing its complaint, Blockquarry filed Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction seeking the immediate release of the utility deposit, cryptocurrency mining equipment, and other personal property referenced in its Complaint to it; an order enjoining Gaffney BPW from returning the requested utility deposit, cryptocurrency mining equipment, and other personal property to Litchain; and an expedited

hearing on the motion. (ECF No. 7). The Court partially denied the motion, finding Blockquarry failed to make the requisite showing of immediate and irreparable harm necessary to obtain an *ex parte* temporary restraining order. (ECF No. 9). The Court then admonished the parties from engaging in spoliation of evidence or waste of the personal property sought to be released by Blockquarry **pending the Court's ruling on the outstanding motion for preliminary injunction**. *Id*.

In its Response to Plaintiff's Motion for Preliminary Injunction, Gaffney BPW consented to an order partially granting the request for preliminary injunction allowing the release of the equipment in a manner consistent with the inventories attached to the Affidavit of Donnie L. Hardin to the extent the claims did not conflict. (ECF No. 26). Blockquarry consented to this relief. (ECF No. 28, p. 9). Based on the allegations in the Complaint, it was understood that the machines over which Blockquarry sought a declaration as to "ownership" for the purpose of securing release and identified on Blockquarry's inventory as being "owned" by it were, at least in part, the property of Blockquarry's clients, and based on Blockquarry's business relationship with those third parties, it had a possessory interest in the equipment sought. (*See, e.g.*, ECF No. 1, including ¶¶ 14-15, ¶¶ 30-31; *see also* ECF 26-1).

Blockquarry and Gaffney BPW later dismissed their claims against one another with prejudice. This made Blockquarry's outstanding motion for preliminary injunction moot, so it was withdrawn by Blockquarry with the consent of Gaffney BPW. (ECF No. 77).

### Default by Litchain

After eventual service by publication, Litchain failed to appear, answer, or otherwise defend the claims brought against it, so at the request of the parties, the clerk has entered default against Litchain on all claims and crossclaims brought by Gaffney BPW and Blockquarry. (ECF

Nos. 59, 76). Due to the entry of default against it, Litchain has lost standing before the Court, the right to receive notice of the proceedings, and the right to present evidence at trial. *See Muhler Co., Inc. v. Window World of N. Charleston LLC*, No. 2:11-CV-00851-DCN, 2017 WL 952308, at *3 (D.S.C. Mar. 10, 2017).

### Dismissal of Claims Between Blockquarry and Gaffney BPW

Following default by Litchain, the only active parties were Blockquarry and Gaffney BPW, allowing them to engage in meaningful and confidential settlement negotiations. Blockquarry and Gaffney BPW subsequently notified the Court in a joint status report that they had resolved their differences and filed a joint stipulation of dismissal with prejudice as to all claims and counterclaims asserted between them. (ECF No. 73, 82). Blockquarry's motion for preliminary injunction became moot and was withdrawn. (ECF No. 77). As hinted at in the Davis, Bartch, and Vaught declarations that Gaffney BPW currently seeks to strike from the Court's record, arrangements were made for the secure release of the equipment to Blockquarry, which occurred in November 2023. (ECF No. 88-1, 88-2, and 88-3).

### Entry of Partial Default Judgment Against Litchain

At the request of Gaffney BPW, the clerk later entered a partial default judgment against Litchain in favor of Gaffney BPW on Count V, Breach of Contract (Ground Lease), of its Amended Answer and Counter-/Crossclaim in the amount of $12,718.64. (D.E. 85).

### Pending Uncontested Rule 55(b)(2) Motions for Default

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Blockquarry and Litchain additionally filed motions for partial default judgment against Litchain as to their non-monetary requests for declaratory judgments relating to the rightful recipient of the outstanding utility deposit, the rightful recipient of the cryptocurrency mining equipment, the party that caused

5

and paid for real improvements to the cryptocurrency mining site prior to its operation, the lack of debt owned by Blockquarry to Litchain, the invalidity of the sublease between Blockquarry and Litchain, the invalidity of a license agreement between Blockquarry and Litchain, and the invalidity of a nondisclosure and non-circumvention agreement between Gaffney BPW and Litchain. (ECF Nos. 63, 84).

While Blockquarry and Gaffney BPW initially disagreed as to the language of the declarations sought in their respective Rule 55(b)(2) motions for default, they have since worked out mutually agreeable language. Their proposed consent order submitted to the Court on February 1, 2024, and again on March 6, 2024, sets forth these consent declarations:

A. The Court DECLARES Litchain is not the rightful recipient of the deposit refund of $440,178.19, the amount of the original utility deposit paid to Gaffney BPW that remains after the deduction of the outstanding utility payments and property upfitting expenses owed by Litchain.

B. The Court DECLARES Litchain is not the rightful owner or recipient of the cryptocurrency mining equipment and other personal property remaining on the Premises when Gaffney BPW terminated the lease identified in Paragraph 12 of the Amended Counter- and Cross-complaint filed by Gaffney Board of Public Works (ECF No. 23), including all distribution transformers, mining pods, and Bitcoin mining servers.

C. The Court DECLARES Blockquarry is not indebted to Litchain for any amount of money or other obligation; the purported sublease between Blockquarry and Litchain is void, voidable, and further unenforceable; and the purported license agreement between Blockquarry and Litchain is void, voidable, and further unenforceable.

D. The Court DECLARES that the non-disclosure confidentiality and non-circumvention agreement entered between Gaffney BPW and Litchain is ultra vires, invalid, void, and unenforceable.

(Proposed Order, p. 4-5, resubmitted as Exhibit 2).

At the time consent order was submitted to the Court, the only additional claims asserted by Gaffney BPW against Litchain were for interpleader and "in the nature of interpleader" of the

utility deposit, interpleader of the cryptocurrency mining equipment, and breach of contract – utility agreement. Gaffney BPW has since voluntarily dismissed these claims, as they are moot, (ECF No. 95). Blockquarry has since dismissed its claims for monetary relief against Litchain, Count IV (wrongful eviction) and County V (abuse of process) of its Complaint. (ECF No. 101). Accordingly, following the Court's entry of the consent order granting default declaratory judgment against Litchain, the only outstanding claims will be Blockquarry's claims for wrongful eviction and abuse of process.

### Motion to Intervene Filed by Crypto Infiniti

On March 6, 2024, Crypto Infiniti filed a motion to intervene in this lawsuit. (ECF No. 94). This lawsuit has been pending since April 7, 2023, and Crypto Infiniti claims it has monitored this suit from its outset. (ECF No. 94, p. 3). In its motion, Crypto Infiniti accuses Blockquarry of wrongfully holding equipment claimed to be owned by it. The claims made by Crypto Infiniti in its motion are, at most, a dispute amongst Blockquarry, Crypto Infiniti, and Bit5ive relating to their business relationships and the return of equipment that is now in the possession of Blockquarry in a manner that is consistent with those relationships. Gaffney BPW is not a proper party to that dispute and should not be forced continue to litigate a matter, at the expense of its ratepayers, that should no longer be active because its own claims have been made moot by the default of Litchain, dismissal of Blockquarry and Gaffney BPW's claims against one another, and Gaffney BPW's release of the utility deposit and cryptocurrency mining equipment to Blockquarry.

For the reasons set forth herein, Gaffney BPW respectfully asks this Court to deny the untimely motion to intervene filed by Crypto Infiniti.

## LAW AND ARGUMENT

I. **CRYPTO INFINITI IMPROPERLY ATTEMPTS TO INTERVENE IN DISMISSED, INACTIVE, AND MOOT CLAIMS.**

Crypto Infiniti futilely attempts to intervene in Counts III and IV[1] of Gaffney BPW's Amended Counterclaim against Blockquarry and Amended Crossclaim against Litchain (ECF No. 34) for interpleader of the cryptocurrency mining equipment and a declaratory judgment regarding the distribution of the cryptocurrency mining equipment previously locked on its Premises. (ECF No. 101). Gaffney BPW has dismissed all claims against Blockquarry with prejudice, including the two in which Crypto Infiniti seeks to intervene. (ECF No. 73). Gaffney BPW has also dismissed Count III, interpleader of the cryptocurrency mining equipment, against Litchain, because given the posture of this case, it is moot. (ECF No. 95). Moreover, the default of Litchain, dismissal of all claims between Blockquarry and Gaffney BPW, and pending consent order granting a default declaratory judgment against Litchain finding that by virtue of its default and resulting inability to defend the claims brought against it, Litchain is not the rightful recipient of the cryptocurrency mining equipment previously locked onsite, make this claim inactive and intervention improper.

In addition, Gaffney BPW's inactive but pending crossclaim against Litchain for interpleader of the cryptocurrency mining equipment is not judiciable against Crypto Infiniti, as it has become moot. Litchain left this cryptocurrency mining equipment on the Premises following Gaffney BPW's termination of its ground lease with Litchain due to nonpayment. Both Litchain and Blockquarry demanded the return of this equipment, so Blockquarry filed the present suit alleging it funded the ground lease, funded the associated utility contract, and was the owner and bailee of the cryptocurrency mining equipment left on the Premises following the termination of

---

[1] This count is misnumbered as a second "Count III" in the Amended Counterclaim against Blockquarry and Amended Crossclaim against Litchain.

the lease. (ECF No. 1). As pertinent here, Blockquarry requested the return of the cryptocurrency mining equipment and an injunction stopping Gaffney BPW from returning the equipment to its tenant, Litchain. (ECF No. 1). For the reasons set forth above, Gaffney BPW is no longer in possession of the cryptocurrency mining equipment that is the subject of the claim. Allowing Crypto Infiniti to intervene as a crossclaim defendant now would result in nothing more than an advisory opinion, making intervention futile.

The Uniform Declaratory Judgment Act states that "[c]ourts of record within their respective jurisdictions shall have power to declare rights, status and other legal relations whether or not further relief is or could be claimed." S.C. Code § 15-53-20. However, there are limits to the Court's power to issue a declaratory judgment. *Sunset Cay, LLC v. City of Folly Beach*, 357 S.C. 414, 423, 593 S.E. 2d 462, 466 (2004). "An adjudication that would not settle the legal rights of the parties would only be advisory in nature and, therefore, would be beyond the intended purpose and scope of the Uniform Declaratory Judgments Act." *Id*. (citations omitted). "A declaratory judgment should not address moot or abstract matters." *Id*. (citing *Waller v. Waller*, 220 S.C. 212, 223, 66 S.E. 2d 876, 882 (1951)).

Crypto Infiniti seeks to intervene as a crossclaim defendant to claims that Gaffney BPW no longer has standing to bring against it, as they have become moot. The relief sought by Crypto Infiniti is futile. Accordingly, this Court must deny its motion to intervene.

II.     **CRYPTO INFINITI'S MOTION TO INTERVENE IS UNTIMELY.**

Individuals or organizations may seek intervention under Rule 24 in two ways: by right or with the court's permission. Fed. R. Civ. P. 24(a)(2), (b)(1). Regardless of the type of intervention sought, a movant must initially show the application was filed in a timely manner. *Alt v. U.S. E.P.A.*, 758 F.3d 588, 591 (4th Cir. 2014); *see N.C. State Conference of NAACP v. Berger*, No.

19-2273 970 F.3d 489, 502, n.6 (4th Cir. Aug. 14, 2020). Courts examine three factors to discern the timeliness of an application: "[1] how far the underlying suit has progressed; [2] the prejudice any resulting delay might cause the other parties; and [3] why the movant was tardy in filing its motion." *Alt*, 758 F.3d at 591.

The present lawsuit has been pending since April 7, 2023, and in its motion, Crypto Infiniti admits it has monitored this suit from its outset. During that time-period, Gaffney BPW, an innocent third party to the dispute between Litchain and Blockquarry over the release of the cryptocurrency mining equipment at issue, has expended significant time and resources litigating this matter and reaching a resolution with Blockquarry. There are no longer any active claims before this Court. Moreover, the intervention attempt by Crypto Infiniti is futile because the company is not seeking a remedy that will lead to the relief it ultimately desires – the release of the cryptocurrency mining equipment currently in the possession of Blockquarry to it. The delay caused by the intervention of Crypto Infiniti at this late date will only result in the continued unnecessary accumulation of attorney's fees and costs by Gaffney BPW, a publicly funded utility provider. Moreover, Crypto Infiniti has failed explain why intervening sooner was futile or not practical. *See Gould v. Alleco, Inc.*, 883 F.2d 281, 286-87 (4th Cir. 1988). Its only excuse is simply that it didn't realize it needed to intervene. Crypto Infiniti's motion to intervene is grossly untimely and must be denied.

### III. CRYPTO INFINITI HAS FAILED TO MEET ALL THE FACTORS NECESSARY TO INTERVENE AS OF RIGHT.

Even if the request to intervene is timely, the potential intervenor "must show that (1) it has an interest in the subject matter of the action, (2) disposition of the action may practically impair or impede the movant's ability to protect that interest, and (3) that interest is not adequately represented by the existing parties." *N.C. State Conference of NAACP*, 970 F.3d 489, 502, (citing

*Newport News Shipbuilding and Drydock Co. v. Peninsula Shipbuilders' Ass'n*, 646 F.2d 117, 120 (4th Cir. 1981)); Fed. R. Civ. P. 24(a)(2); *see Houston Gen. Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999). Failure to satisfy even one requirement results in the denial of intervention by right. *See NAACP v. New York*, 413 U.S. 345, 369, 93 S. Ct. 2591, 37 L.Ed.2d 648 (1973). The party seeking to intervene "bears the burden of demonstrating . . . a right to intervene." *S.C. Coastal Conservation League v. Pruitt*, No. 18-CV-330-DCN, 2018 WL 2184395, at *3 (D.S.C. May 11, 2018) (citation omitted).

For the reasons set forth in the response brief filed by Blockquarry (ECF No. 102) and above, Crypto Infiniti cannot satisfy any of the above factors. Given the narrow issues initially before the Court and the mootness of the claim to which Crypto Infiniti seeks to make itself a counterclaim defendant, Crypto Infiniti does not have an interest in the action, its ability to protect the ownership rights asserted in its motion will not be impeded by the final disposition of this matter, and its interests need not be protected by another party to the current action. The declaratory judgment action asserted by Gaffney BPW against Litchain asking this Court for a declaration as to the proper distribution of property that is no longer on its premises will not make the company whole. Instead, based on its own allegations, Crypto Infiniti must bring its own claims against Blockquarry and possibly Bit5ive to recover its property and recoup any associated losses. The fact that all the claims in the present suit have been resolved via the default of Litchain and voluntary dismissal of the claims between Blockquarry and Gaffney BPW make it almost impossible for the dismissal of the current lawsuit to impede Crypto Infiniti from recovering its equipment from Blockquarry via a separate lawsuit. Intervening in the current suit and requiring Gaffney BPW to unnecessarily incur attorney's fees will do nothing to protect or promote Crypto

Infiniti's interests and will, instead, only cause Gaffney BPW to unnecessarily incur legal fees and costs at the expense of its rate payers and needlessly prolong the final disposition of this matter.

## CONCLUSION

In light of the foregoing, Gaffney BPW asks this Honorable Court to deny the Fed R. Civ. P. 24(a)(2) Motion to Intervene filed by Crypto Infiniti, LLC.

Respectfully submitted,

POPE FLYNN, LLC

March 27, 2024     By:     */s/ Virginia P. Bozeman*
Virginia P. Bozeman (Fed. Bar No. 13476)
Lawrence E. Flynn III (Fed. Bar No. 14000)
1411 Gervais Street, Suite 300
Columbia, SC 29201
Phone: (803) 354-4900
Fax: (803) 354-4899
gbozeman@popeflynn.com
lflynn@popeflynn.com

**ATTORNEYS FOR GAFFNEY BPW**