## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE DISTRICT OF SOUTH CAROLINA
## SPARTANBURG DIVISION

| | |
|---|---|
| Blockquarry Corp. f/k/a ISW Holdings, Inc., | C/A No.: 7:23-cv-01427-TMC |
|     Plaintiff, | |
| v. | |
| Litchain Corp. and Gaffney Board of Public Works, | |
|     Defendants. | **GAFFNEY BOARD OF PUBLIC WORKS' REPLY TO BLOCKQUARRY'S RESPONSE IN OPPOSITION TO ITS MOTION TO STRIKE** |
| Gaffney Board of Public Works, | |
|     Counter-/Crossclaimant, | |
| v. | |
| Blockquarry Corp. f/k/a ISW Holdings, Inc., Counterclaim Defendant, and Litchain Corp., Crossclaim Defendant. | |

COMES NOW Gaffney Board of Public Works ("Gaffney BPW"), by and through undersigned counsel of record, and submits this Reply to Blockquarry's Response in Opposition to its Motion to Strike, stating as follows:

**I.    G̲A̲F̲F̲N̲E̲Y̲ ̲B̲P̲W̲ ̲C̲I̲T̲E̲S̲ ̲A̲ ̲V̲A̲L̲I̲D̲ ̲B̲A̲S̲I̲S̲ ̲F̲O̲R̲ ̲R̲E̲L̲I̲E̲F̲.̲**

In its response in opposition to Gaffney BPW's pending Motion to Strike the Declarations of Lawrence Davis, Beau Bartch, and Shawn Vaught from the Public Case Record (ECF No. 96), Blockquarry Corp. f/k/a ISW Holdings, Inc. ("Blockquarry") first asserts this Court must deny Gaffney BPW's motion because it has not cited a Federal Rule of Civil Procedure that supports the relief sought. (ECF No. 104, p. 7). This argument is without merit. Not only is Gaffney BPW's

motion supported by the Federal Rules of Evidence cited therein, but in compliance with Federal Rule of Civil Procedure 7(b), the motion is in writing, states legal grounds for seeking an order striking the declarations with particularity, and plainly states the relief sought. *See* Fed. R. Civ. P. 7(b)(1) (stating, "A request for a court order must be made by motion. The motion must: (A) be in writing unless made during a hearing or trial; (B) state with particularity the grounds for seeking the order; and (C) state the relief sought.). There is no requirement that Gaffney BPW, as the moving party, additionally point to a procedural mechanism in the Federal Rules of Civil Procedure specific to the act of striking an affidavit. It is sufficient that, as here, the relief sought and the legal basis for that relief are stated in writing in a manner that is not conclusory.

This said, Federal Rule of Civil Procedure 6(c)(2) addresses the timing of filing affidavits in support of or in opposition to a motion. Implicit to this rule is that the affidavit supports the relief sought or opposed through relevant statements that are based on personal knowledge and would be admissible into evidence, regardless of the type of motion. For this reason, it is well-established that "[g]enerally, an affidavit filed in opposition to a motion for summary judgment must present evidence in substantially the same form as if the affiant were testifying in court." *Evans v. Techs. Apps*, 80 F.3d 954, 962 (4th Cir. 1996). Evidence presented in court must be relevant pursuant to Federal Rule of Evidence 401 and otherwise not inadmissible. *Id*. These basic evidentiary tenants apply to all affidavits and should prevent frivolous affidavits like those of Lawrence Davis, Beau Bartch, and Shawn Vaught from being filed for the improper purpose of clouding the issues before the Court.

The motion to strike filed by Gaffney BPW is properly before this Court, and for the reasons set forth therein, the Declarations of Lawrence Davis, Beau Bartch, and Shawn Vaught are

irrelevant, were not properly filed with the Court, and should be removed from the record so that further confusion of the issues pending before this Court is avoided.

## II.   GAFFNEY BPW DID NOT CONSENT TO THE RELEVANCY OF THE DECLARATIONS OF LAWRENCE DAVIS, BEAU BARTCH, AND SHAWN VAUGHT BY REACHING AN AGREEMENT WITH BLOCKQUARRY.

Blockquarry additionally attempts to justify its attempt to muddy the issues before this Court by inserting irrelevant and misleading factual allegations into the record by stating Gaffney BPW conceded the relevancy of the factual assertions made in the declarations by working with opposing counsel on mutually agreeable declaration language. Statements made in motions are not binding on the parties. *See Gregory v. Metro. Life Ins. Co.*, 648 F. Supp. 2d 591, 605 (D. Vt. 2009). Moreover, the local rules require opposing parties to attempt to resolve their differences without the need for court intervention. By working with counsel on mutually agreeable default declaratory judgment language in support of a joint order granting the separate motions for default judgment against Litchain filed by both parties, Gaffney BPW in no way consented to the relevancy of the Declarations of Lawrence Davis, Beau Bartch, and Shawn Vaught. To find otherwise would be akin to allowing settlement negotiations to be used as substantive evidence of guilt in contravention of the Federal Rules of Civil Procedure.

## III.   GAFFNEY BPW HAS VOLUNTARILY DISMISSED ITS CROSSCLAIM FOR A DECLARATORY JUDGMENT RELATING TO THE DISTRIBUTION OF THE CRYPTOCURRENCY MINING EQUIPMENT.

Finally, Blockquarry claims the Declarations of Lawrence Davis, Beau Bartch, and Shawn Vaught are necessary to prevent the judicial endorsement of untrue facts that may occur if this Court grants Gaffney BPW's motion for partial default declaratory judgment against Litchain relating to the return of the cryptocurrency mining equipment. This equipment was released to Blockquarry per the terms of a confidential settlement agreement following Litchain's default, so

3

this relief has become moot. For this reason, Gaffney BPW has voluntarily dismissed the claim, it is no longer the subject of its pending motion for partial default judgment, and there is no danger that the relief sought by Gaffney BPW in its motion for partial default judgment will result in the inadvertent judicial endorsement feared by Blockquarry. (ECF No. 121). Again, the assertions set forth in the Declarations of Lawrence Davis, Beau Bartch, and Shawn Vaught are irrelevant, inadmissible, and must be stricken from the record.

<u>**CONCLUSION**</u>

In light of the foregoing, the law and argument set forth in Gaffney BPW's motion to strike, and the entire record herein, Gaffney BPW moves this Court for an order granting its Motion to Strike the Declarations of Lawrence Davis, Beau Bartch, and Shawn Vaught from the Public Case Record and directing the court clerk to promptly remove those affidavits from PACER and any additional public case indexes.

Respectfully submitted,

POPE FLYNN, LLC

April 9, 2024                    By:     */s/ Virginia P. Bozeman*
                                          Virginia P. Bozeman (Fed. Bar No. 13476)
                                          Lawrence E. Flynn III (Fed. Bar No. 14000)
                                          1411 Gervais Street, Suite 300
                                          Columbia, SC 29201
                                          Phone: (803) 354-4900
                                          Fax: (803) 354-4899
                                          gbozeman@popeflynn.com
                                          lflynn@popeflynn.com

                                          **ATTORNEYS FOR GAFFNEY BPW**

4